Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant Kraig Kast

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG R. KAST<br><br>Defendant. | Case No. 5:13-CV-05472<br><br>**ANSWER TO COMPLAINT DENYING ALLEGATIONS OF 1) DIRECT COPYRIGHT INFRINGEMENT; 2) CONTRIBUTORY AND VICARIOUS INFRINGEMENT** |

COMES NOW the defendant Kraig Kast, by and through his attorney, and submits the following Amended Answer to Plaintiff's Complaint for Copyright Infringement, in accordance with Federal Rule of Civil Procedure 15(a)(2) and the agreement of the parties, as follows:

**NATURE OF THE CASE**

1. Defendant admits that Plaintiff seeks damages and denies the remainder of the allegations in Paragraph 1.

**PROCEDURAL BACKGROUND**

2. Defendant admits that this matter was originally filed on March 7, 2012, in the United States District Court for the Southern District of New York against Kraig Kast and Atherton Trust, and denies the remaining allegations in Paragraph 2.

3. Answering Paragraph 3, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits that Plaintiff moved for default judgment against Defendants Atherton Trust and Only Websites Inc., and denies the remaining allegations in Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant admits the allegations of Paragraph 10.

11. Answering Paragraph 11, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

12. Defendant admits the allegations in Paragraph 12.

13. Plaintiff's complaint does not contain a Paragraph 13.

### PARTIES

14. Answering Paragraph 14, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

15. Answering Paragraph 15, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

16. Answering Paragraph 16, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Answering Paragraph 21, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

22. Defendant admits that Plaintiff brings this action for copyright infringement against Defendant, and denies the remaining allegations in Paragraph 22.

1  23. Answering Paragraph 23, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

### JURISDICTION AND VENUE

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that venue is proper in the Northern District of California and that defendant resides in the district, and denies the remaining allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

### FACTUAL ALLEGATIONS

27. Answering Paragraph 27, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

28. Answering Paragraph 28, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

29. Defendant admits that he owned the website at www.athertontrust.com, but denies that he owned it at the relevant time and denies the remaining allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Answering Paragraph 35, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Answering Paragraph 38, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

39. Answering Paragraph 39, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

1   40.   Answering Paragraph 40, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

3   41.   Answering Paragraph 41, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

5   42.   Defendant denies the allegations in Paragraph 42.

6   43.   Defendant denies the allegations in Paragraph 43.

7   44.   Answering Paragraph 44, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

9   45.   Answering Paragraph 45, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

11  46.   Answering Paragraph 46, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

13  47.   Answering Paragraph 47, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

15  48.   Defendant denies the allegations in Paragraph 48.

16  49.   Defendant denies the allegations in Paragraph 49.

17  50.   Answering Paragraph 50, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

19  51.   Answering Paragraph 51, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

21  52.   Answering Paragraph 52, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

23  53.   Defendant denies the allegations in Paragraph 53.

24  54.   Answering Paragraph 54, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

26  55.   Answering Paragraph 55, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

28

56. Answering Paragraph 56, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
57. Answering Paragraph 57, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
58. Answering Paragraph 58, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
59. Defendant denies the allegations in Paragraph 59.
60. Defendant denies the allegations in Paragraph 60.
61. Defendant denies the allegations in Paragraph 61.
62. Defendant denies the allegations in Paragraph 62.
63. Defendant denies the allegations in Paragraph 63.

## COUNT 1 – COPYRIGHT INFRINGEMENT

64. Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.
65. Answering Paragraph 65, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
66. Answering Paragraph 66, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
67. Defendant denies the allegations of Paragraph 67.
68. Defendant denies the allegations of Paragraph 68.
69. Defendant denies the allegations of Paragraph 69.
70. Defendant denies the allegations of Paragraph 70.
71. Defendant denies the allegations of Paragraph 71.
72. Defendant denies the allegations of Paragraph 72.
73. Defendant denies the allegations of Paragraph 73.
74. Answering Paragraph 74, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

**COUNT 2 – CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**

75. Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.
76. Defendant denies the allegations of Paragraph 76.
77. Defendant denies the allegations of Paragraph 77.
78. Defendant denies the allegations of Paragraph 78.
79. Defendant denies the allegations of Paragraph 79.
80. Defendant denies the allegations of Paragraph 80.
81. Defendant denies the allegations of Paragraph 81.
82. Defendant denies the allegations of Paragraph 82.
83. Defendant denies the allegations of Paragraph 83.
84. Defendant denies the allegations of Paragraph 84.
85. Answering Paragraph 85, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

**Prayer for Relief**

1-5. Defendant denies any and all allegations contained in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any relief stated therein or any relief whatsoever on the claims brought herein.

**Defendant's Affirmative Defenses**

Defendant hereby asserts the following Affirmative Defenses in this case:

Common Allegations in Support of Affirmative Defenses

1. Defendant hereby incorporates by reference all admissions and denials contained in the answer as though fully set forth herein.
2. Defendant Kraig Kast is sued herein as an individual, based on his alleged actions as

1. Managing Trustee of Atherton Trust, a Delaware Statutory Trust.
3. At some point prior to the alleged infringement, Atherton Trust retained Only Websites, Inc. (hereinafter "Only Websites") to create and host the Atherton Trust website.
4. Defendant did not intend the Atherton Trust site to be publicly visible during the development phase.
5. Defendant was informed by Only Websites that the development site would not be publicly visible during the development phase.
6. Only Websites had not completed the Atherton Trust site at the time of the alleged infringement.
7. Only Websites maintained sole control over the development site and the contents thereof during the development phase, and Defendant was unable to directly make changes to the development site.
8. At some point during the development phase, Only Websites asked Atherton Trust to provide examples of websites that had a similar look, feel, layout, and basic structure as the proposed website for Atherton Trust.  In response, Defendant noted and/or hyper-linked to several examples, including the websites for Citibank, Wells Fargo and other wealth management companies.
9. Defendant is informed and believes and thereupon alleges that Only Websites ultimately chose the Wells Fargo site to use as a partial template during the development phase of the Atherton Trust site, and that any use of Plaintiff's images by Only Websites was solely by virtue of their inclusion in the template that Only Websites employed.
10. Defendant specifically instructed Only Websites to procure licensed photos for the Atherton Trust site.  The final Atherton Trust site did, in fact, contain only properly licensed images.

<u>First Affirmative Defense – Fair Use</u>

11. Defendant hereby incorporates by reference all admissions and denials contained in the answer and all allegations in Paragraphs 1- 10, above, as though fully set forth herein.

7

12. Defendant is informed and believes and thereupon alleges that any use of Plaintiff's images by Only Website has had no effect on the market value of Plaintiff's work.

13. Defendant is informed and believes and thereupon alleges that any use of Plaintiff's image by Only Websites was wholly non-commercial and was not intended for public distribution.

<u>Second Affirmative Defense – Setoff and Single Satisfaction Rule</u>

14. Defendant hereby incorporates by reference all admissions and denials contained in the answer and the allegations in Paragraphs 1-13, above, as though fully set forth herein.

15. Plaintiff has filed suit in the Southern District of New York against Atherton Trust and Only Websites, Inc.  The New York suit is based on the same facts and alleged infringements as the instant matter, and originally included Defendant Kast as a co-defendant.

16. Plaintiff has obtained entries of default against Only Websites, Inc., and Atherton Trust in the New York action.

17. Upon information and belief, Plaintiff will likely receive a judgment and/or settlement from at least one of the remaining defendants in the New York action.  In the event that judgment is entered against Defendant herein, that judgment should be reduced by any amounts paid by Only Websites, Inc., and/or Atherton Trust in connection with the New York action and the allegations of infringement therein.

<u>Third Affirmative Defense – Lack of Volitional Act</u>

18.  Defendant hereby incorporates by reference all admissions and denials contained in the answer and the allegations in Paragraphs 1-17, above, as though fully set forth herein.

19. To the extent that any of Plaintiff's copyrights were infringed, such infringement was not the result of any volitional act of the defendant herein.

<u>Fourth Affirmative Defense – Innocent Infringement</u>

20. Defendant hereby incorporates by reference all admissions and denials contained in the answer and the allegations in Paragraphs 1-19, above, as though fully set forth herein.

21. Upon information and belief, the published versions of Plaintiff's works that were allegedly available to Defendant did not bear a copyright notice conforming to the specifications in 17 U.S.C. §401 et. seq.

22. Defendant did not know, and had no reason to believe, that any of his own actions or the actions of Only Websites constituted copyright infringement of Plaintiff's images, if indeed any infringement has occurred.

<u>Fifth Affirmative Defense – Unconstitutionally Excessive Damages</u>

23. Defendant hereby incorporates by reference all admissions and denials contained in the answer and the allegations in Paragraphs 1-22, above, as though fully set forth herein.

24. Plaintiff herein seeks $450,000 in statutory damages for the alleged infringement of three images.

25. Defendant is informed and believes and thereupon alleges that Plaintiff has recently licensed the images at issue herein for $700 per photo.

26. Any award of damages that even approaches Plaintiff's requested sum would violate Defendant's Constitutional Due Process requirements.

**Additional Defenses**

Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based on the course of discovery and proceedings in this action.

**Defendant's Relief Requested**

WHEREFORE, Defendant Prays this Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that Plaintiffs shall take no relief from their complaint herein;
3. For an award of Defendant's costs and attorneys' fees herein incurred; and
4. For such other relief as this Court deems just.

**Demand for a Jury Trial**

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a jury trial on all issues so triable.

DATED: January 14, 2014        Respectfully Submitted,

By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar # 275016)
Attorney for Kraig Kast
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 14th day of January, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/        Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law