1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12   ERICKSON PRODUCTIONS, INC. and
     JIM ERICKSON,

13                    Plaintiffs,

14          v.

15   KRAIG R. KAST,

16                    Defendant.

Case No.  5:13-cv-05472 HRL

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO STRIKE AFFIRMATIVE
DEFENSES**

[Re:   Dkt. No. 23]

17          Plaintiffs Jim Erickson and Erickson Productions, Inc. sue for alleged copyright

18   infringement.  Pending before the court is their motion to strike the affirmative defenses asserted

19   by defendant Kraig R. Kast.  Kast opposes the motion.  Plaintiffs did not file a reply.  Upon

20   consideration of the moving and responding papers, as well as the arguments of counsel, the court

21   grants the motion in part and denies it in part.[1]

22                                    **BACKGROUND**

23          According to the complaint, Jim Erickson is a professional photographer who makes his

24   living by licensing his photographs through his company, Erickson Productions, Inc.  One of his

25   clients is Wells Fargo Bank (Wells Fargo).  Erickson says that Kast copied several of his photos

26   from Wells Fargo's website and used them without permission on the website for Atherton Trust,

27

28   _____
     [1] All parties have expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

United States District Court
Northern District of California

1   a company allegedly owned and operated by Kast.  Plaintiffs assert claims against Kast for

2   copyright infringement, as well as for contributory and vicarious copyright infringement.

3          That Erickson's photos were contained on a version of Atherton Trust's website is not

4   disputed.  However, Kast contends that the Atherton Trust website was designed by a third-party,

5   Only Websites, Inc. (Only Websites), and that he had no knowledge of or control over any alleged

6   infringement.  (Dkt. 22, Affirmative Defenses ¶¶ 3, 7).  According to defendant, during the

7   development phase, Only Websites asked for examples of websites with a "similar look, feel,

8   layout, and basic structure" Kast desired for the Atherton Trust site.  (Id. ¶ 8).  In response, Kast

9   either pointed out or hyperlinked to Wells Fargo's website (among others); and, Only Websites

10  reportedly used the Wells Fargo site as a "partial template" for the Atherton Trust site.  (Id. ¶¶ 8-

11  9).  Kast says that the version of the Atherton Trust website containing plaintiff's photos was

12  incomplete and never meant to be seen by the public.  (Id. ¶¶ 4-6, 9).  Defendant further contends

13  that he told Only Websites to procure licensed photos for Atherton Trust's site and that the final

14  website contained only properly licensed images.  (Id. ¶ 10).

15         Plaintiffs originally sued Kast, Atherton Trust, and Only Websites in the District Court for

16  the Southern District of New York.  Atherton Trust and Only Websites reportedly never appeared

17  or responded to the complaint.  The New York court entered their default and then eventually

18  entered default judgment against them.  Plaintiffs say that after their motion for damages against

19  Atherton Trust and Only Websites was submitted, Atherton Trust appeared through counsel, who

20  filed a motion to set aside the default and to dismiss Atherton Trust for lack of personal

21  jurisdiction.  This court is told that plaintiffs' motion for damages and Atherton Trust's dispositive

22  motion remain pending.

23         Meanwhile, Kast was dismissed from the New York action for lack of personal

24  jurisdiction.  Plaintiffs then sued him in the District Court for the Central District of California for

25  alleged infringement of the copyright in the subject photos.  That lawsuit subsequently was

26  removed here on the parties' stipulation.  Kast, appearing through counsel, answered the complaint

27  and asserted five defenses for (1) "Fair Use"; (2) "Setoff and Single Satisfaction Rule"; (3) "Lack

28  of Volitional Act" (4) "Innocent Infringement"; and (5) "Unconstitutionally Excessive Damages."

United States District Court
Northern District of California

2

1    Plaintiffs now move to strike those defenses.  Although plaintiffs allude to Fed. R. Civ. P.

2  11, the actual basis for their motion is that Kast's defenses are legally insufficient and fail to raise

3  a plausible right to relief.  At the motion hearing, Kast voluntarily withdrew his fifth affirmative

4  defense.  Accordingly, plaintiffs' motion as to that defense is denied as moot.  As for the four

5  remaining defenses, the court grants in part and denies in part plaintiffs' motion to strike.

6                                          **LEGAL STANDARD**

7    On its own, or on motion by a party, "[t]he court may strike from a pleading an insufficient

8  defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

9  The purpose of such a motion "is to avoid the expenditure of time and money that must arise from

10  litigating spurious issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v.

11  Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

12    "A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of

13  the defense," i.e., fails to point to the existence of some identifiable fact that would make the

14  affirmative defense plausible on its face.  Barnes v. AT&T Pension Benefit Plan-Nonbargained

15  Program, 718 F. Supp.2d 1167, 1170, 1172 (N.D. Cal. 2010) (citing Wyshak v. City Nat'l Bank,

16  607 F.2d 824, 827 (9th Cir.1979)).  "A matter is immaterial if it has no essential or important

17  relationship to the claim for relief pleaded."  Id. (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524,

18  1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455

19  (1994)).  "A matter is impertinent if it does not pertain and is not necessary to the issues in

20  question in the case."  Id.  "A court must deny the motion to strike if there is any doubt whether

21  the allegations in the pleadings might be relevant in the action."  Oracle America, Inc. v. Micron

22  Technology, Inc., 817 F. Supp.2d 1128, 1132 (N.D. Cal. 2011).  "However, a motion to strike is

23  proper when a defense is insufficient as a matter of law."  Id.

24    "Motions to strike are not favored and 'should not be granted unless it is clear that the

25  matter to be stricken could have no possible bearing on the subject matter of the litigation.'"

26  Oracle America, Inc., 817 F. Supp.2d at 1131 (quoting Colaprico v. Sun Microsys., Inc. , 758 F.

27  Supp. 1335, 1339 (N.D. Cal. 1991)).  In considering the motion, the court "'must view the

28  pleading in a light most favorable to the pleading party.'"  Id. (quoting In re 2TheMart.com, Inc.

United States District Court
Northern District of California

3

1   Sec. Litig., 114 F. Supp.2d 955, 965 (C.D. Cal. 2000)).  Additionally, "the grounds for a motion to

2   strike must appear on the face of the pleading under attack, or from matters which the court may

3   judicial notice (e.g., the court's own files or records)."  Schwarzer, et al., California:   Federal

4   Civil Procedure Before Trial, § 9:403 (Rev. #1 2014).[2]

## DISCUSSION

### A.  Iqbal and Twombly

Preliminarily, the parties dispute whether the pleading standard discussed in Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and clarified in

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), applies to the pleading

of affirmative defenses.  No one points to any Ninth Circuit authority on point.  Suffice to say that

this court agrees with the decisions of other courts in this district, holding that Twombly and Iqbal

apply.  See, e.g., Barnes, 718 F. Supp.2d at 1171.

### B.  Fair Use

Fair use is an affirmative defense that "presumes that unauthorized copying has occurred,

and is instead aimed at whether the defendant's use was fair."  Monge v. Maya Magazine, Inc.,

688 F.3d 1164, 1170 (9th Cir. 2012).  The doctrine is codified at section 107 of the Copyright Act,

which provides:

> Notwithstanding the provisions of sections 106 and 106A, the fair
> use of a copyrighted work, including such use by reproduction in
> copies or phonorecords or by any other means specified by that
> section, for purposes such as criticism, comment, news reporting,
> teaching (including multiple copies for classroom use), scholarship,
> or research, is not an infringement of copyright.  In determining
> whether the use made of a work in any particular case is a fair use
> the factors to be considered shall include—
>
> (1) the purpose and character of the use, including whether such use
> is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to
> the copyrighted work as a whole; and

United States District Court
Northern District of California

---

[2] The court has not considered the Declaration of Kevin McCullough or any of the appended
exhibits submitted by plaintiffs in support of the instant motion.

(4) the effect of the use upon the potential market for or value of the copyrighted work.

The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

17 U.S.C. § 107.  The determination whether the fair use doctrine applies "is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis."  Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577, 114 S. Ct. 1164, 127 L.Ed.2d 500 (1994).  Additionally, the four statutory factors may not be treated in isolation; rather, "[a]ll are to be explored, and the results weighed together, in light of the purposes of copyright."  Id. at 578.  "The fair use doctrine thus permits [and requires] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster."  Id. at 577 (internal quotation marks omitted) (alteration in original).

The fair use doctrine presents a mixed question of law and fact.  "However, '[i]f there are no genuine issues of material fact, or if, even after resolving all issues in favor of the opposing party, a reasonable trier of fact can reach only one conclusion, a court may conclude as a matter of law whether the challenged use qualifies as fair use of the copyrighted work.'"  Dhillon v. Does 1-10, No. C13-01465 SI, 2014 WL 722592 at *3 (N.D. Cal., Feb. 25, 2014) (quoting Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F.2d 1148, 1151 (9th Cir. 1986)); see also Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 530 (9th Cir. 2008) (The "assertion of fair use may be considered on a motion to dismiss, which requires the court to consider all allegations to be true, in a manner substantially similar to consideration of the same issue on a motion for summary judgment, where no material facts are in dispute.").

With respect to the first fair use factor, Kast's pleading, as currently pled, supports only a commercial use.  Plaintiffs point out that the photos indisputably were used for Atherton Trust's commercial website.  Although Kast says that the version of the Atherton Trust site containing Erickson's photos was not finished, all indications are that the site was publicly visible during development.  Kast reportedly did not intend for that to happen, but "the innocent intent of the defendant constitutes no defense to liability."  Monge, 688 F.3d at 1170.  There is no allegation

United States District Court
Northern District of California

1    suggesting that the use was for public benefit, as opposed to private gain. Kast does not allege

2    that the use of plaintiff's photos was for the purpose of "criticism, comment, news reporting,

3    teaching (including multiple copies for classroom use), scholarship, or research . . .." 17 U.S.C. §

4    107. Nor does he allege that the use was transformative;[3] and, his allegations appear to

5    corroborate plaintiff's contention that the subject photos were used in the same context as they

6    were used on Wells Fargo's website.

7        Kast nevertheless maintains that use of the photos "had no effect on the market value of

8    Plaintiff's work." (Dkt. 22, Affirmative Defenses ¶ 12). This fourth and final fair use factor

9    considers "the effect of the use upon the potential market for or value of the copyrighted work." 17

10    U.S.C. § 107(4). Thus, "[f]air use, when properly applied, is limited to copying by others which

11    does not materially impair the marketability of the work which is copied." Harper & Row

12    Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 566-67, 105 S.Ct.2218, 85 L.Ed.2d 588

13    (1985). "In determining whether the use has harmed the work's value or market, courts have

14    focused on whether the infringing use: (1) tends to diminish or prejudice the potential sale of [the]

15    work; or (2) tends to interfere with the marketability of the work, or (3) fulfills the demand for the

16    original work." Hustler Magazine, Inc., 796 F.2d at 1155-56 (internal citations and quotations

17    omitted). Here, Kast's position appears to turn upon his contention that Atherton Trust's website

18    did not work properly, was never used by consumers, and is no longer being used. These

19    assertions, however, are not alleged in his pleading.

20        The parties say little, if anything, about the second and third fair use factors---the nature of

21    the copyrighted work and the amount and substantiality of the portion used in relation to the

22    copyrighted work as a whole. On the record presented here, however, there is no dispute that

23

---

24    [3] "[E]ven if a particular use is solely commercial in nature, 'the presumption of unfairness can be
rebutted by the characteristics of the use.'" Dhillon, 2014 WL 722592 at *3 (quoting Hustler

25    Magazine, 796 F.2d at 1152-53). "The central purpose of the inquiry under this factor is to
determine 'whether the new work merely supersede[s] the objects of the original creation, or

26    instead adds something new, with a further purpose or different character, altering the first with
new expression, meaning, or message; it asks, in other words, whether and to what extent the new

27    work is 'transformative.'" Id. (quoting Campbell, 510 U.S. at 579). "The more transformative the
allegedly infringing work is, the less important other concerns, including commercialism,

28    become." Id.

United States District Court
Northern District of California

1  plaintiff's photos were copied.  Moreover, "[p]hotos are generally viewed as creative, aesthetic

2  expressions of a scene or image and have long been the subject of copyright."  <u>Monge</u>, 688 F.3d at

3  1177.

4       Thus, taken together, Kast's allegations indicate that the subject photos were used for

5  Atherton Trust's commercial website that was visible to the public during its development.  On the

6  record presented, the court finds that Kast's allegations, even if deemed true, do not support a

7  plausible fair use defense.  He is nevertheless given leave to amend.

8       **C. Setoff and Single Satisfaction Rule**

9       Kast says that, in the New York action, plaintiff will likely obtain judgment as to Only

10  Websites or Atherton Trust (or both) because their default has been entered and Only Websites has

11  never made an appearance.  Because plaintiffs have not actually obtained judgment against anyone

12  at this time, their motion to strike this defense is granted.

13       **D. Lack of Volitional Act**

14       Kast contends that to the extent any of plaintiffs' copyrights were infringed, the

15  infringement was not the result of any volitional act by him.  Plaintiffs move to strike on the

16  ground that this is not a true affirmative defense, but merely a negation of elements plaintiffs are

17  required to prove.  "'A defense which demonstrates that plaintiff has not met its burden of proof as

18  to an element plaintiff is required to prove is not an affirmative defense.'"  <u>Barnes</u>, 718 F. Supp.2d

19  at 1173 (quoting <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir.2002)).

20  "Such a defense is merely rebuttal against the evidence presented by the plaintiff."  <u>Id.</u>  By

21  contrast, "'[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is

22  a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability

23  even if all of the elements of the plaintiff's claim are proven.'"  <u>Id.</u> (quoting <u>Roberge v. Hannah

24  Marine Corp.</u>, No. 96-1691, 1997 WL 468330, at *3 (6th Cir.1997)).  "It is a defense on which the

25  defendant has the burden of proof."  <u>Id.</u>

26       The court agrees that Kast's third "affirmative defense" is merely a negation of elements to

27  be proven by plaintiffs.  Plaintiffs' motion to strike therefore is granted without leave to amend.

28  This ruling, however, does not preclude Kast from rebutting plaintiffs' evidence on the ground

that the alleged infringement was not due to any volitional act by him.

**E. Innocent Infringement**

In his fourth affirmative defense, Kast incorporates all of the preceding admissions, denials, and allegations in his pleading and then essentially asserts that there was no way for him to know that using the photos violated anyone's copyright because they did not bear copyright notices he says are required by 17 U.S.C. § 401.  (Dkt. 22, ¶¶ 20-22).  Plaintiffs argue that this defense should be stricken because it is merely a negation of plaintiffs' claims.

To the extent Kast is attempting to forge a defense against liability based upon his intent, plaintiffs' motion to strike is granted.  See Monge, 688 F.3d at 1170 ("the innocent intent of the defendant constitutes no defense to liability"); Shropshire v. Canning, 809 F. Supp.2d 1139, 1147 (N.D. Cal. 2011) ("Direct infringement does not require intent or any particular state of mind.").

Nevertheless, insofar as Kast's mental state bears on the issue of remedies, the court will allow this defense to stand.  See Shropshire, 809 F. Supp.2d at 1147 n.2 ("Defendant's mental state, however, is relevant to the issue of remedies."); 17 U.S.C. § 504(c)(2) ("In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200.")

# ORDER

Based on the foregoing, plaintiffs' motion to strike is granted in part and denied in part. Leave to amend is limited to the fair use defense and consistent with the rulings above.  Kast's amended pleading, should he choose to file one, is due no later than May 7, 2014.[4]

SO ORDERED.

Dated:   April 23, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent Kast intends to assert new or different defenses or add new parties, he must make an appropriate application pursuant to Fed. R. Civ. P. 15.  Failure to comply with this order may result in sanctions.

8

United States District Court
Northern District of California

5:13-cv-05472-HRL Notice has been electronically mailed to:

Kevin P McCulloch     kmcculloch@nelsonmcculloch.com, smartinez@nelsonmcculloch.com

Paul William Reidl     reidl@sbcglobal.net

Robert K Wright     rkwlaw@earthlink.net