Paul W. Reidl (SBN 155221)
paul@reidllaw.com
Law Office of Paul W. Reidl
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., and JIM ERICKSON,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG R. KAST<br><br>Defendant. | Case No. 5:13-cv-05472<br><br>**FIRST AMENDED ANSWER TO COMPLAINT** |

COMES NOW the defendant Kraig Kast, by and through his attorney, and submits the following First Amended Answer to Plaintiff's Complaint for Copyright Infringement, in accordance with Federal Rule of Civil Procedure 15(a)(2) and the Court's Order of April 23, 2014 (Docket No. 45).

## NATURE OF THE CASE

1. Defendant admits that Plaintiff seeks damages and denies the remainder of the allegations in Paragraph 1.

## PROCEDURAL BACKGROUND

2. Defendant admits that this matter was originally filed on March 7, 2012, in the United States District Court for the Southern District of New York against Kraig Kast and Atherton Trust, and denies the remaining allegations in Paragraph 2.

3. Answering Paragraph 3, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits that Plaintiff moved for default judgment against Defendants Atherton Trust and Only Websites Inc., and denies the remaining allegations in Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant admits the allegations of Paragraph 10.

11. Answering Paragraph 11, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

12. Defendant admits the allegations in Paragraph 12.

13. Plaintiff's complaint does not contain a Paragraph 13.

**PARTIES**

14. Answering Paragraph 14, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

15. Answering Paragraph 15, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

16. Answering Paragraph 16, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Answering Paragraph 21, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

22. Defendant admits that Plaintiff brings this action for copyright infringement against Defendant, and denies the remaining allegations in Paragraph 22.

23. Answering Paragraph 23, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

## JURISDICTION AND VENUE

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that venue is proper in the Northern District of California and that defendant resides in the district, and denies the remaining allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

## FACTUAL ALLEGATIONS

27. Answering Paragraph 27, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

28. Answering Paragraph 28, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Answering Paragraph 35, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Answering Paragraph 38, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

//

39. Answering Paragraph 39, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

40. Answering Paragraph 40, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

41. Answering Paragraph 41, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Answering Paragraph 44, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

45. Answering Paragraph 45, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

46. Answering Paragraph 46, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

47. Answering Paragraph 47, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Answering Paragraph 50, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

51. Answering Paragraph 51, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

52. Answering Paragraph 52, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

53. Defendant denies the allegations in Paragraph 53.

54. Answering Paragraph 54, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

55. Answering Paragraph 55, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

56. Answering Paragraph 56, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
57. Answering Paragraph 57, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
58. Answering Paragraph 58, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
59. Defendant denies the allegations in Paragraph 59.
60. Defendant denies the allegations in Paragraph 60.
61. Defendant denies the allegations in Paragraph 61.
62. Defendant denies the allegations in Paragraph 62.
63. Defendant denies the allegations in Paragraph 63.

## COUNT 1 – COPYRIGHT INFRINGEMENT

64. Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.
65. Answering Paragraph 65, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
66. Answering Paragraph 66, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.
67. Defendant denies the allegations of Paragraph 67.
68. Defendant denies the allegations of Paragraph 68.
69. Defendant denies the allegations of Paragraph 69.
70. Defendant denies the allegations of Paragraph 70.
71. Defendant denies the allegations of Paragraph 71.
72. Defendant denies the allegations of Paragraph 72.
73. Defendant denies the allegations of Paragraph 73.
74. Answering Paragraph 74, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

**COUNT 2 – CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**

75. Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.
76. Defendant denies the allegations of Paragraph 76.
77. Defendant denies the allegations of Paragraph 77.
78. Defendant denies the allegations of Paragraph 78.
79. Defendant denies the allegations of Paragraph 79.
80. Defendant denies the allegations of Paragraph 80.
81. Defendant denies the allegations of Paragraph 81.
82. Defendant denies the allegations of Paragraph 82.
83. Defendant denies the allegations of Paragraph 83.
84. Defendant denies the allegations of Paragraph 84.
85. Answering Paragraph 85, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

**Prayer for Relief**

1-5. Defendant denies any and all allegations contained in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any relief stated therein or any relief whatsoever on the claims brought herein.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant hereby asserts the following Affirmative Defenses in this case:

**Common Allegations in Support of Affirmative Defenses**

1. Defendant hereby incorporates by reference all admissions and denials contained in the answer as though fully set forth herein.
2. Defendant Kraig Kast is sued herein as an individual, based on his alleged actions as Managing Trustee of Atherton Trust, a Delaware Statutory Trust.
3. At some point prior to the alleged infringement, Atherton Trust retained Only Websites, Inc. (hereinafter "Only Websites") to create and host the Atherton Trust website.

4. Defendant did not intend the Atherton Trust site to be publicly visible during the development phase.

5. Defendant was informed by Only Websites that the development site would not be publicly visible during the development phase.

6. Only Websites had not completed the Atherton Trust site at the time of the alleged infringement.

7. Only Websites maintained sole control over the development site and the contents thereof during the development phase, and Defendant was unable to directly make changes to the development site.

8. At some point during the development phase, Only Websites asked Atherton Trust to provide examples of websites that had a similar look, feel, layout, and basic structure as the proposed website for Atherton Trust.  In response, Defendant noted and/or hyper-linked to several examples, including the websites for Citibank, Wells Fargo and other wealth management companies.

9. Defendant is informed and believes and thereupon alleges that Only Websites ultimately chose the Wells Fargo site to use as a partial template during the development phase of the Atherton Trust site, and that any use of Plaintiff's images by Only Websites was solely by virtue of their inclusion in the template that Only Websites employed.

10. The final Atherton Trust site contained only properly licensed images.

### First Affirmative Defense – Fair Use

11. Defendant hereby incorporates by reference all admissions and denials contained in the Answer and all allegations in Paragraphs 1- 10, above, as though fully set forth herein.

12. The three photographs appeared on a developmental web site that could not be found or used by the public because it had no metatags which are necessary for search engines to find a web site.  On information and belief, Plaintiffs tag their photos with an electronic i.d. that can be located by a custom web crawler used by them irrespective of whether the particular site is visible to the public.  This allows them to "see" images that cannot be "seen" by the public.

1 The three images were removed from the developmental web site within twenty four (24)
2 hours of the receipt of Plaintiffs' demand letter.  At that time the web site was not operational
3 and available to the public because the web site lacked metatags, it was still a "work in
4 progress" and it did not function. At the time of the receipt of the demand letter, Atherton
5 Trust had already licensed the photographs that were actually used on the final site and it had
6 instructed Only Websites to insert them into the developmental web site many months prior to
7 the receipt of Plaintiffs' demand letter.  Each of the three photographs at issue was small and
8 a minor part of the developmental web site.  They were merely placeholders that were used
9 by Only Websites until they inserted the licensed photographs into the developmental web
10 site.  The Atherton Trust web site became operational a month after Plaintiffs' photographs
11 were removed from the developmental web site; Plaintiffs' photographs were not used in the
12 final, operational version of the web site that could be found by the public.  The only use by
13 Only Websites of the photographs was what Plaintiff refers to as a "comping" use, namely, a
14 use prior to making the decision whether to license the photographs for the final web site.
15 This use did not affect the marketability of Plaintiffs' photographs because no potential
16 licensor could have seen them (or would ever know about the use on the developmental web
17 site), the use was minor in relation to the entirety of the developmental site, and on
18 information and belief they are still available for license from Plaintiffs' web site.  Plaintiff
19 determines its license fees for its photographs based on a variety of factors such as the nature
20 of the use, length of use, and the like – none of which considers the prior licensed (or
21 unlicensed) use by other third parties.  Thus, nothing in the use by Only Websites of the three
22 photographs on the developmental site diminished in any way Plaintiffs' ability to license and
23 to maximize negotiated licensed fees for the photos from future licensees.

24 13. As a matter of equity and law, weighing and balancing the facts and factors, the
25 pleaded facts establish that the claimed use of the three photographs was a "fair use" under
26 the Copyright Act as interpreted by the Ninth Circuit.

27 //

28

### Second Affirmative Defense – Innocent Infringement

14. Defendant hereby incorporates by reference all admissions and denials contained in the Answer and the allegations in Paragraphs 1-13, above, as though fully set forth herein.

15. Upon information and belief, the published versions of Plaintiff's works that were allegedly available to Defendant did not bear a copyright notice conforming to the specifications in 17 U.S.C. §401 et. seq.

16. Defendant did not know, and had no reason to believe, that any of his own actions or the actions of Only Websites constituted copyright infringement of Plaintiff's images, if indeed any infringement has occurred.

17. Accordingly, to the extent that there was an infringement by the Defendant, it was innocent and the amount of damages awarded should be reduced accordingly.

### Additional Defenses

Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based on the course of discovery and proceedings in this action.

### Defendant's Relief Requested

WHEREFORE, Defendant Prays this Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that Plaintiffs shall take no relief from their complaint herein;
3. For an award of Defendant's costs and attorneys' fees herein incurred; and
4. For such other relief as this Court deems just.

### Demand for a Jury Trial

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a jury trial on all issues so triable.

//
//
//
//

Respectfully submitted,

**LAW OFFICE OF PAUL W. REIDL**

Dated: May 7, 2014

By: 

Paul W. Reidl (CA Bar No. 155221)
LAW OFFICE OF PAUL W. REIDL
241 Eagle Trace Drive
Half Moon Bay, California 94019
Telephone: (650) 560-8530
paul@reidllaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

    THE UNDERSIGNED HEREBY CERTIFIES that on this 7th day of May, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

                                            /s/            Paul W. Reidl

                                      Paul W. Reidl, Attorney at Law