Paul W. Reidl (SBN 155221)
paul@reidllaw.com
Law Office of Paul W. Reidl
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530

*Attorney for Defendant, Kraig R. Kast*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRAIG R. KAST,<br><br>*Defendant*. | Case No. 5:13-CV-05472-HRL<br><br>**DEFENDANT'S SUPPLEMENTAL TRIAL BRIEF ON WILLFULNESS** |

At the Pretrial Conference on February 12, 2015, the Court heard argument on whether the law of the Ninth Circuit was still consistent with the definition of willfulness reflected in Ninth Circuit Civil Jury Instruction 17.27.  Following that argument, the Court requested short briefs from the parties.

The dispute over the standard for determining willfulness in this Circuit is a red herring.  Plaintiffs argued in their opposition to Defendant's motion in limine that courts consider a number of factors in determining willfulness, including how hard the defendant resisted the Plaintiffs' demand.  (Plaintiffs' Response to Defendant's Motion in Limine at 4 (Docket No. 88).  Thus, according to the Plaintiff's the Defendant's communications with Plaintiffs' counsel

following the initial demand letter and the like are relevant to determining willfulness, apparently on the theory that wilful infringement can be inferred from the fact that defendant resisted paying damages to plaintiffs.[1]  Not only does that not reflect the law in the Ninth Circuit, it does not reflect the law in the Second Circuit which is relied on almost exclusively by Plaintiffs.

The leading case in this Circuit on willfulness under the Copyright Act is cited by the Comment to Jury Instruction 17.27.  In *Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990), the Ninth Circuit first addressed the concept of willfulness.  Therein, it affirmed the finding of the District Court that willfulness meant knowledge that the conduct constituted copyright infringement, noting that this definition was "clear" according to the author of the leading treatise on copyright law, Professor Nimmer.  The District Court found that the defendant had been a licensee of the works, the license had been terminated, and yet it had continued to produce and sell them without a license. The Ninth Circuit had no problem finding that this supported a finding of willfulness. *Id.* at 1335-36 n.3. That decision was unequivocally correct:  the defendant knew it needed a license and had executed one, it knew that the license had been terminated, and yet it continued selling the works without a license after termination.

This interpretation of the willfulness standard was affirmed in *DANJAQ LLC v. Sony Corporation*, 263 F. 3d 942, 957-58 (9th Cir. 2001), *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998) and *Columbia Pictures Television v. Krypton Broadcasting,* 106 F. 3d 284, 293 (9th Cir. 1997*), rev'd on other grounds by Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340 (1998)).  These cases amply support the current jury instruction.

At the time that the Ninth Circuit adopted the black and white "knowledge" standard, it could have adopted the Second Circuit's standard as set forth in *Fitzgerald Publishing Co. v.*

---

[1] As detailed in Defendant's motion in limine (Docket No. 83), there are numerous reasons for excluding this evidence. For example, trademark and domain name registrations have nothing to do with the Copyright Act.

DEFENDANT'S SUPPLEMENTAL TRIAL
BRIEF ON WILLFULNESS           - 2 -              Case No. 5:13-CV-05472-HRL

*Baylor Publishing Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986) which had been decided four years earlier.  Therein, the Second Circuit faced the same dilemma as the Ninth Circuit did in the *Peer International* case:  what did Congress mean by "willfulness" since it is not defined in the Copyright Act?  The Court acknowledged Professor Nimmer's opinion that willfulness required knowledge, but broadened that to an "actual or constructive knowledge" standard.  *Id.* at 1115; *see Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996, 1010 (2d Cir. 1995.)  The Ninth Circuit could have embraced that standard in *Peer International* but it settled on the narrower actual knowledge standard.

Plaintiffs' argument that willfulness can be inferred from a variety of post-infringement circumstances is therefore not supported by Ninth Circuit law.  Actually, it is not supported by Second Circuit law, either.  The *Fitzgerald* case itself adopted an actual or constructive knowledge standard for determining willfulness.  The "non-exclusive factors" cited by Plaintiff were ***used by the Fitzgerald court for determining the amount of statutory damages*,** not for determining willfulness.  *Id.* at 1117.  (*See* Plaintiffs' Response to Defendant's Motion in Limine at 4) (Docket No. 88).

Thus, there is simply no support for Plaintiffs' argument that the Defendant's post take-down communications with Plaintiff's counsel, the manner in which it litigated the case, and the like are relevant to determining willfulness in either the Ninth or Second Circuit.  And as for determining the proper amount of statutory damages, in the Ninth Circuit has left this to the sound discretion of the trier of fact.  *Los Angeles News Serv. v. Reuters Television Intern.*, 149 F. 3d 987, 996 (9th Cir. 1998); *see Io Group, Inc. v. Veoh Networks, Inc.,* 586 F. Supp. 2d 1132 (N.D. Cal. 2008). It has not adopted the multi-factor test of the Second Circuit.  None of the cases cited by Plaintiff in Proposed Instruction 18 (which asks the jury to be instructed on the *Fitzgerald* factors) was decided by the Ninth Circuit.

DEFENDANT'S SUPPLEMENTAL TRIAL
BRIEF ON WILLFULNESS                - 3 -                CASE NO. 5:13-CV-05472-HRL

1  Finally, Plaintiffs' have morphed the sixth *Fitzgerald* factor into a broad "duty to cooperate." This misstates the Court's holding. In *Fitzgerald*, the sixth factor to be used to determine statutory damages was: "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced." *Fitzgerald* at 1117. This makes sense; if a counterfeiter will not provide information on the number of fake DVD's sold, the plaintiff cannot calculate the amount of actual damages it suffered so the punitive function of the statutory damages might have extra force. *Fitzgerald* did not hold that a putative defendant was engaging in willful infringement, or that the level of statutory damages should be increased, because it contested the case.

In any event, the narrow *Fitzgerald* factor is not applicable here because Defendant was not making units of goods. There is no reasonable dispute that the photos only appeared on a draft, non-functional web site and that they were removed immediately following the receipt of the demand letter. There are no documents reflecting the number of units sold or sales made that could have been provided to Plaintiffs. The information that the Plaintiffs so tenaciously sought was a complete financial history of Atherton Trust and Mr. Kast stretching back years before the alleged infringement, and they sought this because they wanted to know how much Mr. Kast could afford to pay them. As the Court ruled at the pretrial conference, the putative defendant's "ability to pay" has nothing to do with determining statutory damages (or willfulness). It was also not the kind of information contemplated by *Fitzgerald*.

At bottom, there is nothing in Ninth Circuit jurisprudence that supports the Court giving any instructions on willfulness or statutory damages other than those in the Model Instructions. They are there for a reason, the Court expressed a strong preference for using them in its Standing Order, and they should be used here.

//

Respectfully submitted,

**LAW OFFICE OF PAUL W. REIDL**

By: /s/ Paul W. Reidl

Dated: February 19, 2015

Paul W. Reidl (CA Bar No. 155221)
LAW OFFICE OF PAUL W. REIDL
241 Eagle Trace Drive
Half Moon Bay, California 94019
Telephone: (650) 560-8530
paul@reidllaw.com

*Attorney for Defendant Kraig R. Kast*

# CERTIFICATE OF SERVICE

I, Paul W. Reidl hereby certify that on February 19, 2015, I served a true and correct copy of the foregoing

**DEFENDANT'S SUPPLEMENTAL TRIAL BRIEF ON WILFULNESS**

on the following counsel of record by e-mail via the Court's CM/ECF filing system:

Law Offices of Robert K. Wright
Robert K. Wright (SBN 73235)
rkwlaw@earthlink.net
301 North Lake Avenue, Suite 700
Pasadena, CA. 91101

and

NELSON & McCULLOCH LLP
Kevin McCulloch
kmcculloch@nelsonmcculloch.com
155 East 56th Street
New York, New York 10022

/s/ Paul W. Reidl
Paul W. Reidl (SBN 155221)
paul@reidllaw.com
Law Office of Paul W. Reidl
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530

*Attorney for Defendant*