Law Offices of Robert K. Wright
Robert K. Wright (SBN 73235)
rkwlaw@earthlink.net
301 North Lake Avenue, Suite 700
Pasadena, CA. 91101
Telephone: (626) 796-2664
Fax: (626) 796-1601

NELSON & McCULLOCH LLP
Kevin McCulloch (*pro hac vice*)
kmcculloch@nelsonmcculloch.com
155 East 56th Street
New York, New York 10022
Telephone: (212) 355-6050
Fax: (646) 308-1178

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRAIG R. KAST,<br><br>*Defendant*. | Case No. 5:13-CV-05472-HRL<br><br>ECF Case<br>Electronically Filed<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF ON WILLFULNESS AND STATUTORY DAMAGES EVIDENCE**<br><br>Judge: Hon. Howard R. Lloyd<br>Courtroom: 2 (5th Floor)<br><br>Complaint Filed: March 12, 2012<br>Case Transferred: December 3, 2012 |

Plaintiffs Erickson Productions and Jim Erickson ("Plaintiffs"), by and through undersigned counsel, hereby submit this reply, as permitted by the Court at the Final Pre-Trial Conference, to Defendant Kraig R. Kast's ("Defendant" or "Kast") supplemental brief on the "willfulness" jury instruction and the issue of statutory damages.

**SUMMARY OF ARGUMENT**

Defendants supplemental argument in favor of the Model Instruction on willfulness merely reiterates his prior contention that the Ninth Circuit has adopted a "black and white 'knowledge' standard" in *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990). (Def. Suppl. Br. at 2.) Defendant also argues that this Court should not instruct the jury in a manner that deviates from or supplements that standard in any way because the Ninth Circuit supposedly has "affirmed" a strict knowledge-only standard on numerous occasions since its decision in *Peer Int'l*. (*Id.*) In support of this argument, Defendant cites to three Ninth Circuit decisions between 1997 and 2001. For the numerous reasons set forth herein and in Plaintiffs' supplemental brief, Defendant's argument is unavailing.

**1. Defendant's Brief Ignores Recent Ninth Circuit Decisions Directly On Point.**

Defendant's argument in favor of a strict "actual knowledge only" instruction on willfulness conspicuously ignores that the Ninth Circuit has expanded on that limited standard in the 24 intervening years since the *Peer Int'l* decision. As Plaintiffs' supplemental brief demonstrated, numerous recent decisions by the Ninth Circuit make clear that willfulness also can be established if the Defendant should have known the alleged wrongful conduct was infringing or the Defendant acted recklessly. *See, e.g.*, *Barboza v. New Form, Inc.* (*In re Barboza*), 545 F.3d 702, 708 (9th Cir. 2008) (holding that "recklessness is sufficient for a finding of willful copyright infringement"); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) ("We have explained that a finding of willfulness in [the copyright]

context can be based on either 'intentional' behavior, or merely 'reckless' behavior.") (international quotations and citation omitted).

In addition to being more recent and thus controlling, the *Barboza* decision also is more instructive here than the decades-old case law cited by Defendant because the *Barboza* Court specifically reviewed *and approved* a district court ruling to instruct a jury "that the infringement was willful if [defendants] 'knew that they were infringing the [plaintiff's] copyrights or that they acted with reckless disregard as to whether they were doing so.'" *Barboza*, 545 F.3d at at 708 (quoting jury instruction under review).

### 2. The Ninth Circuit Has Expressly Approved And Adopted The Standard Appied By The Second Circuit.

Defendant's supplemental brief also continues to argue that the Ninth Circuit "could have embraced" the standard adopted by the Second Circuit but instead "settled on the narrower actual knowledge standard." (Def. Br. at 3.)  Again, however, Defendant seems to intentionally ignore numerous Ninth Circuit decisions citing to the same Second Circuit case law that Defendant's counsel attempts to distinguish, including decisions specifically adopting the Second Circuit's broader "recklessness" standard that Plaintiffs have proposed here.  *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) ("'To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights.'") (quoting *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

Indeed, the entire notion that the Ninth Circuit applies a stricter, more narrow standard for determining willfulness than other Courts of Appeals, including the Second Circuit, has been explicitly rejected by the Ninth Circuit itself.  As the Court of Appels noted in *Barboza* in support of the broader standard proposed by Plaintiffs:

> As our sister circuits have clearly recognized, a finding of "willfulness" in this context can be based on either "intentional" behavior, or merely "reckless" behavior. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1370 (Fed. Cir. 2007) (en banc); *Island Software & Computer Serv., Inc., v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Superior Form Builders, Inc., v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir. 1996); *Wildlife Express Corp., v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988).

545 F.3d at 707-08.

Defendant's effort to construe the Ninth Circuit's ruling in *Peer Int'l* as adopting a strict "knowledge-only" standard and rejecting any broader considerations also has been consistently rejected. For instance, the court in *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164 (E.D. Cal. 2006), held:

> A plaintiff sustains its burden of proving willfulness "by showing [the] defendant knew or should have known it infringed [the plaintiff's] copyrights. . . . Willful does not mean malicious, rather, it means with knowledge, whether actual or constructive." *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1543 (S.D.N.Y. 1991) (internal quotations and citation omitted); *accord Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990). Alternatively, willfulness is shown where "the defendant recklessly disregarded the possibility that its conduct represented infringement." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2nd Cir. 2001) (internal quotations and citation omitted); *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996). . . . Willfulness need not be proven directly but may be inferred from the defendant's conduct. *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2nd Cir. 1992).

*Id.* at 1173 (emphasis added). Although the *UMG Recordings s* decision is not controlling here, it certainly is persuasive authority that should be considered. In particular, the Court should take notice that, as this quotation demonstrates, district courts in this Circuit do not agree with Defendant's premise that there is some tension between the standards applied by the Ninth and Second Circuits. Instead, courts in this Circuit routinely cite the Second Circuit decisions that flow from *Fitzgerald* and even note that this standard *accords* with the holding of *Peer Int'l*.

Against such persuasive authority, Defendant identifies no decisions in which the Ninth Circuit ever rejects (or even disagrees with) the broader "actual or constructive knowledge *or* reckless behavior" standard that has been adopted *by all other Circuits*.

### 3. Kast's Argument To Exclude Evidence Of His Post-Copyright Notice Conduct Misunderstands The Relevant Inquiry And Is Contrary To Law.

According to Defendant, any evidence related to Kast's post-copyright notice conduct—such as his communications with Plaintiffs' counsel and (shockingly) his own sworn declarations filed in this case—must be excluded because it is not relevant to the issue of willfulness. According to Defendant, such evidence should be excluded as irrelevant because "the 'non-exclusive factors' cited by Plaintiff [sic] were used by the *Fitzgerald* court for determining the amount of statutory damages, not for determining willfulness." (Def. Br. at 3.) This argument, however, merely supports Plaintiffs' position that this evidence should be permitted *regardless* of how the Court instructs the jury on willfulness.

As Defendant concedes, the Ninth Circuit has left the determination of statutory damages "to the sound discretion of the trier of fact." (Def. Br. at 3.) In exercising this discretion, however, the trier of fact must make an award that "vindicates the statutory policy," including to "sanction" and "punish" the infringer and to "discourage [future] wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

In light of these statutory goals, courts have concluded that any evidence that bears on whether additional damages are necessary to sanction or punish the defendant is relevant to the jury's statutory damages determination. *See, e.g.*, *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). This would include, of course, evidence – in the form of Kast's own e-mails and declarations – that this defendant (i) made clear his intent to increase the costs of this litigation and to "shut down" Atherton Trust in order to hide assets from liability (ii) claimed to have organized a "boycott" of Plaintiffs' business in order to try to discourage Plaintiffs from

pursuing their claims against him (which appears to have been yet another blatant lie); (iii) falsely claimed that he did not own and control the domain registration for the infringing website[1], etc.

Defendant's motion to exclude evidence of Kast's post-copyright notice conduct must be rejected because, regardless of what standard for willfulness is applied, such evidence is directly relevant to the jury's determining the amount of statutory damages to impose.  Defendant offers no case law – *none* – that even remotely suggests that such evidence is not relevant to the determining statutory damages or that it is somehow beyond the jury's discretion to consider such evidence in making its damages award.

Dated: February 26, 2015

Respectfully submitted,

 s/ Kevin P. McCulloch
NELSON & McCULLOCH LLP
Kevin P. McCulloch (*pro hac vice*)
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiffs*

---

[1] Defendant also confusingly argues that such evidence should be excluded because "trademark and domain name registrations have nothing to do with the Copyright Act." (Def. Suppl. Br. at 2 n.1.)  This argument is pure nonsense.  Plaintiffs do not intend to offer evidence of Kast's ownership of various website domains because they are alleging trademark infringement.  Instead, this evidence goes to the issue of "control" over the infringing website which undoubtedly is relevant to the vicarious and contributory infringement claims.