UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>    Plaintiffs,<br><br>  v.<br><br>KRAIG R. KAST,<br><br>    Defendant. | Case No.  5:13-cv-05472 HRL<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE**<br><br>[Re:  Dkt. Nos. 79, 83] |

At the February 12, 2015 final pretrial conference, the court heard oral argument on the parties' respective motions in limine, and the parties were given leave to submit supplemental briefs on certain matters.  Based on the discussion at the conference, as well as consideration of the moving, responding, and supplemental papers, the court rules on the parties' respective motions in limine as follows:

**A.  Plaintiffs' Motions in Limine**

Plaintiffs' motion in limine to preclude defendant from arguing or attempting to introduce evidence relating to his financial circumstances is GRANTED.  Fed. R. Evid. 401, 402, 403; Fed. R. Civ. P. 37(c)(1).  At the conference, defendant agreed that his financial circumstances are irrelevant.  Additionally, as discussed, the court extends this ruling to preclude any mention of or references to the amount of any demand that plaintiffs may have made in the course of settlement discussions or to otherwise resolve their claims, as well as to Kast's beliefs about the

reasonableness or not of those demands.

Plaintiffs' motion in limine to preclude defense counsel from calling plaintiffs' counsel as a witness is DENIED AS MOOT. Defendant has confirmed that he has no intention of calling plaintiffs' counsel to testify at trial.

**B. Defendant's Motions in Limine**

Defendant challenges several of plaintiffs' proposed exhibits, many of which plaintiffs contend are pertinent to willful infringement. As to those exhibits, the parties primarily dispute the scope of evidence that may be relevant to a finding of willfulness. The Copyright Act does not define "willful," but the Ninth Circuit defines the term as "knowledge that the defendant's conduct constitutes copyright infringement." Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 n.3 (9th Cir. 1990) (internal quotations and citation omitted).

Plaintiffs have cited binding authority explaining that a finding of willfulness may be based on evidence pertaining to defendant's intentional conduct or merely reckless behavior. Washington Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 674 (9th Cir. 2012) ("We have explained that 'a finding of 'willfulness' in [the copyright] context can be based on either 'intentional' behavior, or merely 'reckless' behavior.'") (quoting Barboza v. New Form, Inc., 545 F.3d 702, 707 (9th Cir 2008)); Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 944 (9th Cir. 2011) ("'To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights.'") (quoting Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir.2005)).

Defendant has not cited any case suggesting that evidence re reckless conduct is irrelevant to a finding of willfulness or beyond the scope of evidence that properly may be considered. Nor has he convincingly demonstrated that the law limits evidence of willfulness to the actual act of alleged infringement and to his actual knowledge at that particular point in time. Indeed, cases cited by one or both sides indicate that willfulness may be established by evidence of the circumstances surrounding the alleged infringing act, such as an accused infringer's response to a

notice of infringement[1] or his pertinent background or experience.[2] Accordingly,

Defendant's motion to exclude communications between defendant and plaintiffs' counsel (plaintiff's proposed Exhibits 9 and 10) is DENIED. Fed. R. Evid. 401, 402. The court also finds no basis to conclude that these communications violate Fed. R. Evid. 408.

Defendant's motion in limine as to domain name, trademark, and business registrations for Atherton Trust and other businesses (proposed Exhibits 22-23, 29-33) is DENIED. Fed. R. Evid. 401, 402.

Defendant's motion in limine to preclude plaintiffs from introducing into evidence certain filings from the New York litigation (plaintiffs' proposed Exhibits 25-28) is GRANTED. Fed. R. Evid. 401, 402, 403. This ruling is, however, WITHOUT PREJUDICE to plaintiffs' use of these documents for impeachment purposes.

The court having granted plaintiffs' motion in limine re defendant's financial circumstances, plaintiffs advise that they do not intend to introduce defendant's discovery responses (proposed Exhibits 85-87) or the docket sheet from the litigation pending in the

---

[1] See, e.g., Dolman v. Agee, 157 F.3d 708 (9th Cir. 1998) (finding that a record distributor acted willfully by continuing to sell albums containing copyrighted songs where the distributor knew that there was a question about the ownership of copyrighted songs, and even after he was presented with evidence that plaintiff was the true owner); Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997), reversed on other grounds in Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 355 (1998) (finding that a television station acted willfully by continuing to broadcast copyrighted programs after the copyright holder terminated the station's license); Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332 (9th Cir. 1990) (finding that a licensee willfully infringed plaintiff's copyright by continuing to make recordings of copyrighted works after receiving clear notice that plaintiffs terminated the license); Int'l Korwin Corp. v. Kowalczyk, 855 F.2d 375, 380-81 (7th Cir. 1988) (finding that a nightclub owner acted willfully by continuing to play plaintiffs' copyrighted songs and by passing plaintiffs' infringement notices off as "a nuisance"). Cf. Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir. 2001) (finding no evidence of willfulness where the history of the parties' business relationship and negotiations showed that the accused infringer had no notice that defendant claimed a right to the cinematic iteration of the James Bond character).

[2] See, e.g., Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc., 807 F.2d 1110 (2d Cir. 1986) (finding that a printer willfully infringed by printing protected works with modified copyright notices, even though internal memos acknowledged that there was no right to modify the copyright notices); Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement).

3

United States District Court
Northern District of California

Southern District of New York (proposed Exhibit 11). These exhibits therefore are deemed withdrawn, and defendant's motion in limine to exclude them from evidence is DENIED AS MOOT. For the same reasons, plaintiffs stated that they have no need to introduce their supplemental proposed Exhibits 88-94 (Dkt. 89). Accordingly, the court also deems those exhibits withdrawn.

SO ORDERED.

Dated: April 8, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-05472-HRL Notice has been electronically mailed to:

Kevin P McCulloch    kmcculloch@nelsonmcculloch.com, layala@nmiplaw.com, marina@nmiplaw.com

Paul William Reidl    reidl@sbcglobal.net

Robert K Wright    rkwlaw@earthlink.net