1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ERICKSON PRODUCTIONS, INC. and
JIM ERICKSON,

              Plaintiffs,

      v.

KRAIG R. KAST,

            Defendant.

Case No.  5:13-cv-05472 HRL

**JURY INSTRUCTIONS**

Dated: 4/15/15

_____

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

## JURY INSTRUCTION NO. 1

### DUTY OF JURY

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## JURY INSTRUCTION NO. 2

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## JURY INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 5

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 6

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it is not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## JURY INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 8**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness engaged in some conduct that casts doubt on the credibility of the witness may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## JURY INSTRUCTION NO. 9

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

## JURY INSTRUCTION NO. 10

### TAKING NOTES

If you took notes, you may bring them to the jury room.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## JURY INSTRUCTION NO. 11

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## JURY INSTRUCTION NO. 12

## PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiffs, Jim Erickson and his photo licensing company Erickson Productions, Inc., claim ownership of copyrights in three photographs. I will refer to these three photographs throughout these instructions as the Photos. Plaintiffs claim that the Defendant Kraig Kast infringed their copyrights in these three Photos.

The defendant denies infringing plaintiffs' copyrights.

To help you understand the evidence in this case, I will explain some of the legal terms you heard during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFFS' BURDEN OF PROOF

In this case, the plaintiffs contend that the defendant has infringed plaintiffs' copyrights. The plaintiffs have the burden of proving by a preponderance of the evidence that the plaintiffs are the owners of the copyrights and that the defendant copied these works without permission or a license. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that defendant copied plaintiffs' work, the plaintiffs may show that the defendant either used copies of the plaintiffs' photographs or that the defendant had access to the plaintiffs' copyrighted works and that there are substantial similarities between the photos on the defendant's website and the plaintiffs' copyrighted work.

## LIABILITY FOR INFRINGEMENT

One who copies, reproduces, publishes, or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Copyright may also be infringed by vicariously infringing and contributorily infringing.

## VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and either induces, causes, or materially contributes to the infringing activity.

**JURY INSTRUCTION NO. 13**

**COPYRIGHT—DEFINED (17 U.S.C. § 106)**

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) reproduce the copyrighted work in copies;

(2) distribute copies of the copyrighted work to the public; and

(3) display publicly a copyrighted photographic work.

Only the owner of a copyright may exercise these exclusive rights to copy, reproduce, publish, or display. An owner may enforce these rights to exclude others in an action for copyright infringement.

## JURY INSTRUCTION NO. 14

### COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING
### (17 U.S.C. § 501(a)–(b))

Copyright law allows the author of an original work to prevent others from copying, displaying, publishing, and distributing the original work without the author's permission. A copyright owner may enforce the right to exclude others from exercising any of these copyrights in an action for copyright infringement. Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiffs' copyright infringement claim, the plaintiffs have the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiffs are the owner of a valid copyright; and

2. the defendant copied the copyrighted work without valid permission.

The parties have stipulated that plaintiffs own registered copyrights in the Photos and thus that element has been satisfied. Therefore, if you find that the Plaintiffs have proved the second element, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove either of these elements, your verdict should be for the defendant.

## JURY INSTRUCTION NO. 15

### COPYING OF THE PHOTOS

The plaintiffs have the burden of proving that the plaintiffs' Photos were copied without permission or a license.  Here, the parties agree and stipulate that the plaintiffs' photos were copied without permission and then published on the Atherton Trust website without a license.  Thus, the only remaining question on this element is whether the defendant either actually copied the Photos without permission or is otherwise legally responsible for the acts of Only Websites.

## JURY INSTRUCTION NO. 16

## DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF

Even if you do not find that defendant directly infringed the plaintiffs' copyright in the Photos, you may consider the plaintiffs' claim that defendant vicariously infringed plaintiffs' copyrights.

In this case, plaintiffs allege that defendant Kast is vicariously liable for the infringements of Only Websites, Inc., which is not a party in this lawsuit.

The plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

1.   Only Websites did not have permission to copy or publish plaintiffs' Photos and thus infringed plaintiffs' copyrights by doing so;

2.   Defendant Kast profited directly from the infringing activity of Only Websites;

3.   Defendant Kast had the right and ability to supervise or control the infringing activity of Only Websites; and

4.   Defendant Kast failed to exercise that right and ability to prevent the infringement of plaintiffs' copyrights by Only Websites.

In order for you to determine that defendant Kast had the right to control the infringing activity of Only Websites, you must find that Mr. Kast had both a legal right to stop or limit the directly infringing conduct of Only Websites and the practical ability to do so, even if the defendant initially lacks knowledge of the infringement.

If you find that the plaintiffs proved each of these elements, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendant.

## JURY INSTRUCTION NO. 17

### DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT

Plaintiffs also allege that defendant Kast is contributorily liable for the infringements of Only Websites.  A defendant may be liable for copyright infringement engaged in by another if he knew or had reason to know of the infringing activity and either intentionally induces or materially contributes to that infringing activity.

If you find that Only Websites infringed the plaintiffs' copyright in the Photos, you may proceed to consider the plaintiffs' claim that the defendant contributorily infringed that copyright.

To prove copyright infringement, the plaintiffs must prove both of the following elements by a preponderance of the evidence:

1.      Only Websites did not have permission to copy or publish copies of plaintiffs' Photos and thus infringed plaintiffs' copyrights by doing so;

2.      the defendant knew or had reason to known of the infringing activity of Only Websites; and

3.      the defendant intentionally induced or materially contributed to Only Website's infringing activity.

If you find that plaintiffs have proved each of these elements, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendant.

## JURY INSTRUCTION NO. 18

## COPYRIGHT—DAMAGES (17 U.S.C. § 504)

If you find for the plaintiffs on any of the plaintiffs' copyright infringement claims, you must determine the plaintiffs' damages. The plaintiffs must prove damages by a preponderance of the evidence.

## JURY INSTRUCTION NO. 19

## COPYRIGHT—DAMAGES—STATUTORY DAMAGES (17 U.S.C. § 504(c))

The plaintiffs seek a statutory damage award, established by Congress for each work infringed.  The purpose of statutory damages is to compensate the Plaintiffs for their actual damages and also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor, more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was "innocent" as I will define for you, you may award as little as $200 for each work innocently infringed.

Conversely, if you find the infringement was "willful" as I will define for you, you may award as much as $150,000 for each work willfully infringed.

Here, there are three allegedly infringed works at issue.  For each photo found to have been infringed, there shall be an award of statutory damages.

## JURY INSTRUCTION NO. 20

## COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT(17 U.S.C. § 504(c)(2))

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. Defendant Kast was not aware that his acts constituted infringement of the copyright; and

2. Defendant Kast had no reason to believe that his acts constituted an infringement of the copyright.

## JURY INSTRUCTION NO. 21

### COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT (17 U.S.C. § 504(c)(2))

An infringement is considered willful when the plaintiffs have proven any of the following elements by a preponderance of the evidence:

1.  the defendant knew that those acts infringed plaintiffs' copyrights; or

2.  the defendant should have known that those acts infringed plaintiffs' copyright; or

3.  the defendant engaged in conduct that was reckless or demonstrated a reckless disregard for Plaintiffs' copyrights.

## JURY INSTRUCTION NO. 22

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 23

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 24

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## JURY INSTRUCTION NO. 25

### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.