Law Offices of Robert K. Wright
Robert K. Wright (SBN 73235)
rkwlaw@earthlink.net
301 North Lake Avenue, Suite 700
Pasadena, CA. 91101
Telephone: (626) 796-2664
Fax: (626) 796-1601

NELSON & McCULLOCH LLP
Kevin McCulloch (*pro hac vice*)
kmcculloch@nelsonmcculloch.com
155 East 56th Street
New York, New York 10022
Telephone: (212) 355-6050
Fax: (646) 308-1178

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>   *Plaintiffs*,<br><br>v.<br><br>KRAIG R. KAST,<br><br>   *Defendant*. | Case No. 5:13-CV-05472-HRL<br><br>ECF Case<br>Electronically Filed<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**<br><br>Argument Not Requested<br><br>Complaint Filed:  March 12, 2012<br>Case Transferred: December 3, 2012 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................3

NOTICE OF MOTION ......................................................................................................................5

INTRODUCTION .............................................................................................................................6

ARGUMENT ....................................................................................................................................8

I.   STANDARD FOR AWARDING COSTS AND FEES UNDER 17 U.S.C. § 505. .................................................................................................. 8

II.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF FULL COSTS AND ATTORNEYS' FEES. ................................................................... 9

   A.   Plaintiffs Fully Prevailed On All Claims And Achieved Complete Success In This Action. ..............................................................9

   B.   Defendant's Litigation Positions Were Objectively Unreasonable And His Litigation Tactics Were Intended To Increase The Costs Of This Action. ...........................................................10

III. AN AWARD OF FULL COSTS AND FEES IS NECESSARY TO FULFILL THE PRINCIPLES OF THE COPYRIGHT ACT. ............................................................................................................ 13

IV.  PLAINTIFFS' FEE REQUEST IS REASONABLE. ........................................................... 15

CONCLUSION ...............................................................................................................................18

# TABLE OF AUTHORITIES

**CASES**

*Antonmarchi v. Consol. Edison Co. of New York, Inc.*, No. 03-cv-7735, 2012 WL 3126004 (S.D.N.Y. July 31, 2012) ............................................................... 16

*Berkla v. Corel Corp.*, 302 F.3d 909 (9th Cir. 2002) ...................................................... 8

*Cabrales v. Los Angeles*, 935 F.2d 1050 (9th Cir. 1991) ............................................... 12

*Cadkin v. Bluestone*, 290 Fed. Appx. 58 (9th Cir. 2008) ............................................... 10

*Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109 (C.D. Cal. 2012) ................................................................................................................... 15

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553 (9th Cir. 1996) ..................................................... 9

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110 (2d Cir. 1986) ................................................................................................................. 15

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ....................................................... 8, 9, 14

*Harris Custom Builders, Inc. v. Hoffmeyer*, 140 F.3d 728 (7th Cir. 1998) ................................................................................................................... 10

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................. 8, 10

*Identity Arts v. Best Buy Enter. Servs. Inc.*, No. C 05-4656 PJH, 2008 WL 820674 (N.D. Cal. Mar. 26, 2008) ............................................... 10, 16, 17

*Jackson v. Sturkie*, 255 F. Supp. 2d 1096 (N.D. Cal. 2003) ........................................... 13, 14, 16

*Lieb v. Topstone Indus.*, 788 F.2d 151 (3d Cir. 1986) .................................................... 9

*Marchisotto v. City of New York*, No. 05-cv-2699, 2009 WL 2229695 (S.D.N.Y. July 27, 2009) ............................................................................ 16

*Matthew Bender & Co., Inc. v. W. Publ'g Co.*, 240 F.3d 116 (2d Cir. 2001) ................................................................................................................. 10

Micromanipulator Co. v. Bough, 779 F.2d 255 (5th Cir. 1985) ....................................... 15

*Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840 (11th Cir. 1999) ................................................................................................................... 9

*Precision Automation, Inc. v. Technical Servs., Inc.*, 628 F. Supp. 2d 1244 (D. Or. 2008) .............................................................................................. 13

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014) ............................... 16

*Rozell v. Ross–Hoist*, 576 F. Supp. 2d 527 (S.D.N.Y.2008) ......................................... 16

*Russell v. Price*, 612 F.2d 1123 (9th Cir. 1979) ........................................................... 15

*Sethy v. Alameda County Water Dist.*, 602 F.2d 894 (9th Cir. 1979) .......................................... 8

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869
　(9th Cir. 2005) ................................................................................................................. 11, 17

*Williams v. Alioto*, 625 F.2d 845 (9th Cir. 1980) ......................................................................... 15

*Wu v. Pearson Educ. Inc.*, No. 09-cv-6557 (S.D.N.Y.) ................................................................. 16

**STATUTUES**

17 U.S.C. § 107 ............................................................................................................................. 12

17 U.S.C. § 505 ..................................................................................................................... 6, 8, 17

**OTHER AUTHORITIES**

4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT
　§ 14.10[D][1] ........................................................................................................................ 10

## NOTICE OF MOTION

PLEASE TAKE NOTICE that upon this MOTION FOR AWARD OF FEES AND COSTS PURSUANT TO 17 U.S.C. § 505 and the accompanying Memorandum of Law and supporting Declaration of Kevin P. McCulloch, and upon all pleadings and proceedings herein, Plaintiffs Jim Erickson and Erickson Productions, Inc., by and through their undersigned attorneys, will and do hereby move this Court, before the Honorable Howard R. Lloyd, at the United States District Courthouse for the Northern District of California, for an order awarding Plaintiffs' fees and costs.  Plaintiffs are not requesting argument on this Motion.

For the reasons stated herein, Plaintiffs request that the Court award, pursuant to 17 U.S.C. § 505, Plaintiffs their full fees and costs incurred in prosecuting this action against Defendant Kraig Kast.

Dated:  June 12, 2015

                                               Respectfully submitted,

                                            s/ Kevin P. McCulloch
                                           NELSON & McCULLOCH LLP
                                           Kevin P. McCulloch (*pro hac vice*)
                                           155 East 56th Street
                                           New York, New York 10022
                                           T: (212) 355-6050
                                           kmcculloch@nelsonmcculloch.com

                                           *Attorneys for Plaintiffs*

## MEMORANDUM OF LAW

Plaintiffs Jim Erickson and Erickson Productions, Inc. (together "Plaintiffs"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of their Motion For An Award Of Costs And Attorneys' Fees Pursuant To 17 U.S.C. § 505 ("Motion") against Defendant Kraig Kast ("Defendant" or "Kast").

## INTRODUCTION

After hearing the evidence, the jury determined that Defendant willfully infringed Plaintiffs' copyrights in three (3) photographs and imposed the maximum statutory damages allowed under the law. The jury's verdict vindicated Plaintiffs' position that Defendant was liable for the copying of Plaintiffs' photos and the use of the photos on his website. The jury's verdict also vindicated Plaintiffs' position that Defendant's misconduct was willful. Plaintiffs achieved a complete and total victory on every claim and defense and in terms of the damages imposed. Plaintiffs' success on all issues, particularly following an unnecessary three-year legal battle that was necessitated only due to Defendant's obstructionist tactics and frivolous legal positions, demands award Plaintiffs their full costs and attorneys' fees as allowed under Section 505 of the Copyright Act.

Plaintiff Jim Erickson is a professional photographer who makes his living creating and licensing photographs through his company, Erickson Productions, Inc. Defendant Kast was found liable for copying and using Plaintiffs' photos on a website for an entity called Atherton Trust. The evidence at trial showed that Defendant personally hired Only Websites, Inc. to develop this website and then he worked closely with the company in developing the website.

There was never any dispute that this website included unauthorized copies of Plaintiffs' photos, nor was there ever any dispute that the photos were copied from the website of Wells Fargo Wealth Management Marketing, a legitimate Erickson customer. Nevertheless, it has taken *over three years* for Plaintiffs to finally vindicate their righteous claims against Defendant

Kast. The reason that this litigation and trial were even necessary was due entirely to Kast's objectively unreasonable and outright frivolous litigation positions and his various tactics intended, as he stated at the outset of this dispute, to drive up the costs of this litigation and force Plaintiffs to incur substantial costs and fees in pursuing their righteous claims.

From the outset of this case, Defendant has repeatedly demonstrated bad faith and an unwillingness to cooperate with Plaintiffs in any respect. Defendant explicitly stated his intention of increasing the cost of litigation so as to make it harder for Plaintiffs to recover their legitimate damages, and even threatened to take steps to damage Plaintiffs' business by organizing a boycott if litigation was pursued.

Defendant also continued to take unreasonable and frivolous positions throughout the litigation. For instance, Defendant asserted the defense of "fair use" despite the lack of any possible basis for such a defense in law or fact. Due to Defendant's unreasonable litigation strategies, Plaintiffs were forced to repeatedly litigate this defense (and the Court was forced to repeatedly consider the issue), including on a motion to strike the defense at the outset of the litigation and again on summary judgment. Despite the lack of any support in the record or law for this defense, Defendant's counsel refused to abandon the position and even ignored a motion for sanctions served on Defendant and his counsel related to this baseless position. Even though this defense was unsupported at any point by any facts or law, Plaintiffs were forced to expend significant time and resources responding to such arguments—exactly as Defendant intended.

After nearly three years of litigation and unnecessary delay, a jury returned a verdict in favor of Plaintiffs, finding Defendant liable for willful infringement and awarding Plaintiffs the maximum statutory damages allowed under the law. Plaintiffs thus achieved complete and total success on all claims in this litigation.

## ARGUMENT

As the prevailing party, Plaintiffs are entitled to recover their full costs and attorneys' fees under 17 U.S.C. § 505. An award of Plaintiffs' full costs and fees is crucial to fulfilling the purposes of the Copyright Act and vindicating Plaintiffs' rights.

### I.  STANDARD FOR AWARDING COSTS AND FEES UNDER 17 U.S.C. § 505.

The Copyright Act provides that "the [district] court in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In order to be deemed a "prevailing party" under Section 505, the party must succeed "on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Sethy v. Alameda County Water Dist.*, 602 F.2d 894, 897-898 (9th Cir. 1979).

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court noted that "[t]here is no precise rule or formula for making [attorneys' fees] determinations, but instead equitable discretion should be exercised." *Id.* at 534 (internal quotation marks omitted). The Court then proceeded to list several nonexclusive factors that courts could consider when exercising this discretion, namely, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (internal quotation marks omitted). The Ninth Circuit has endorsed these same nonexclusive factors, including the objective reasonableness and compensation/deterrence components. *See, e.g., Berkla v. Corel Corp.*, 302 F.3d 909, 922-923 (9th Cir. 2002).

The Court of Appeals also has cautioned, however, that "while courts may take the [*Fogerty*] factors into account they are 'nonexclusive.' Even so, courts may not rely on the [*Fogerty*] factors if they are not faithful to the purposes of the Copyright Act. Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion." *Fantasy, Inc. v. Fogerty*, 94

F.3d 553, 558 (9th Cir. 1996) (internal quotation marks omitted).  The Supreme Court has clarified that the "primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public."  *Fogerty*, 510 U.S. at 524.  Consequently, the court's decision whether to award the prevailing party its fees should seek to "encourage[e] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 526-27).  Therefore, even if Defendant's litigation position was objectively reasonable, Plaintiffs still are entitled to an award of fees if other factors justify such an award, including "considerations of compensation and deterrence."  *See Fogerty*, 510 U.S. at 533 n. 19 (quoting *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d Cir. 1986)).

## II. PLAINTIFFS ARE ENTITLED TO AN AWARD OF THEIR FULL COSTS AND ATTORNEYS' FEES.

Plaintiffs undoubtedly are the "prevailing party" in this action.  As the prevailing party, Plaintiffs are entitled to recover their full costs and attorneys' fees under Section 505.  All relevant factors in this analysis support granting Plaintiffs their full costs and fees.

### A. Plaintiffs Fully Prevailed On All Claims And Achieved Complete Success In This Action.

Plaintiffs prevailed on the merits of all claims against Defendant in this action and achieved complete success on every substantive aspect of their claims in that the jury found Defendant's infringements were "willful" and awarded Plaintiffs the maximum statutory damages allowed under the law.  (Docket No. 107).  The jury's verdict amounts to a complete success for Plaintiffs on all issues in the litigation.

That Plaintiffs achieved ***all*** of the benefits they sought in bringing suit and achieved ***complete success*** on every claim weigh heavily in favor of awarding Plaintiffs their costs and

attorneys' fees. *See Hensley*, 461 U.S. at 433; *accord Identity Arts v. Best Buy Enter. Servs. Inc.*, No. C 05-4656 PJH, 2008 WL 820674, at *7 (N.D. Cal. Mar. 26, 2008) (awarding prevailing full costs and fees where success was "complete and unquestioned").

### B. Defendant's Litigation Positions Were Objectively Unreasonable And His Litigation Tactics Were Intended To Increase The Costs Of This Action.

Awarding costs and fees to the prevailing party is appropriate if the losing party's litigation positions are "objectively unreasonable" or if the party's conduct during the litigation revealed bad faith or was motivated by an improper purpose. *See Cadkin v. Bluestone*, 290 Fed. Appx. 58, 59 (9th Cir. 2008) (upholding award of attorneys' fees where litigation position was "frivolous" and party's "continued pursuit of the case suggested bad faith, and because . . . his arguments were objectively unreasonable."); 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[D][1] (collecting cases where attorneys' fees have been awarded where a party conducted the litigation in a manner calculated to increase the opposing party's costs). A party's conduct prior to and during litigation also can justify an award of attorney's fees. *See Matthew Bender & Co., Inc. v. W. Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (citing *Harris Custom Builders, Inc. v. Hoffmeyer*, 140 F.3d 728, 731 (7th Cir. 1998).

These factors and considerations support awarding Plaintiffs their full costs and fees in this case. At the outset of this dispute, Defendant Kast made clear his intention to frustrate Plaintiffs' efforts to investigate their claims. (*See* McCulloch Decl. Ex. 1.) In fact, after Plaintiffs filed suit and merely requested that Kast waive service, he responded by claiming that he intended to try to avoid liability by "simply shut[ting] down this company [so] you and Erickson will get nothing." (McCulloch Decl. Ex. 2.) Kast also made it very clear that he intended to purposefully drive up the costs of litigation in order to try to force Plaintiffs to abandon their righteous claims, stating, "My guess is it will cost [Plaintiff] a minimum of $500,000 [to litigate, so] even if he wins, it will be for no monetary gain." *Id*. Kast also

threatened to take steps to damage Plaintiffs' business, including by organizing "a boycott of Erickson video and photo products." *Id*.

True to his word, Kast attempted at every turn to needlessly multiply these proceedings in order to drive up the costs of litigation. Proceeding *pro se* in the New York action, Kast filed multiple motions claiming, among other things, that the case should be dismissed due to "malicious prosecution" on the grounds that Kast was immune from liability due to the corporate structure of Defendant Atherton Trust and his supposed position as its managing trustee. Kast also requested that the case be dismissed with prejudice because, according to him, Atherton Trust "ceased doing business" and was "dissolved" on April 5, 2012, nearly *a full year after* it received notice of Plaintiffs' claims against it. Kast also asked the New York court to issue a "permanent injunction against Plaintiff and Plaintiff's attorneys to prohibit distribution, by any means, their allegations related to this frivolous and damaging complaint."

Despite the frivolous nature of most of these arguments, Plaintiffs were required to submit extensive briefing in response to Kast's repetitious submissions. (*See* McCulloch Decl. Ex. 3 (S.D.N.Y. Docket Sheet as of January 2014) at Nos. 5; 15; 16; 19; 20.) Although Defendant Kast ultimately succeeded in having the case transferred to this District, it was not unreasonable for Plaintiffs to have originally filed suit in New York. For instance, the Defendant's website specifically solicited business in New York, claimed that Atherton Trust had representatives and associates in New York, and even included testimonials from clients in New York. (*See* McCulloch Decl. Ex. 4.) In any case, the fact that Defendant prevailed on this single issue in this litigation does not justify denying or even limiting Plaintiffs' fee award. *See Twentieth Century Fox Film Corp. v. Entm't Distrib*., 429 F.3d 869, 884 (9th Cir. 2005) ("'Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonable disputed issues and a lawyer who takes on only those battles he

is certain of winning is probably not serving his client vigorously enough.'" (quoting *Cabrales v. Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991)). Plaintiffs also are not seeking fees related to prior work in the New York action thus there is no basis for limiting the fee award on this basis.

After the case was eventually transferred to this District, Kast filed an Answer, and subsequently an Amended Answer, that included numerous "Affirmative Defenses" that failed to meet the requisite pleading standards and had no possible basis in the law or facts. Plaintiffs thus moved to strike Kast's defenses under Rule 12(f). After Defendant's counsel refused to withdraw these baseless allegations, Plaintiffs were forced to move the Court to strike these frivolous defenses. (Dkt. No. 23.) As expected, the Court agreed and granted Plaintiffs' motion in part, striking all but one of Kast's defenses. (Dkt. No. 45.) The Court struck Kast's "fair use" defense because "Kast's allegations, even if deemed true, do not support a plausible fair use defense." (*Id*. at 7.) Nevertheless, the Court granted leave to amend this defense. (*Id.*)

Despite the lack of any possible basis for such a defense, Kast again pleaded a fair use defense in his amended answer. (Dkt. No. 48.) Once again, however, the factual allegations by Kast provided no possible basis to apply the fair use doctrine in this case, and furthermore, his allegations were discredited in discovery. As discussed at length in Plaintiffs' motion for summary judgment (*see* Dkt. No. 51 ("Pltf. Mtn. for SJ") at 14-19), Defendant's repeated assertion of the fair use defense was entirely baseless, frivolous, and intended merely to multiply these proceedings in order to drive up the cost of litigation for Plaintiffs. Despite each of the non-exclusive factors provided in the Copyright Act, 17 U.S.C. § 107, weighing heavily against a finding of "fair use" in this case, Kast repeatedly asserted the defense based on nothing more than his claim that "the website [in which he copied and posted Plaintiffs' photos] was not operational to the public because the website lacked metatags, it was still a 'work in progress' and it did not function." (Dkt. 48 at 7, ¶ 12.)

These allegations were not only contradicted by the record (*see* Pltf Mtn. for SJ at 14-19), they also were inadequate to support a fair use defense under the law. This was confirmed by the Court's order granting Plaintiffs' motion for partial summary judgment in which the Court agreed with every argument by Plaintiffs and rejected Defendant's fair use defense in its entirety. (Dkt. No. 70.)

The only other "affirmative defense" alleged by Kast was that his infringing use of Plaintiffs' photos was "innocent" and not willful. (Dkt. No. 23.) As the jury concluded after hearing all of the relevant evidence at trial, the evidence did not support this defense either. The jury's finding of willfulness also supports awarding costs and fees to Plaintiffs. *See, e.g.*, *Precision Automation, Inc. v. Technical Servs., Inc.*, 628 F. Supp. 2d 1244, 1249 (D. Or. 2008) ("willfulness is relevant to a court's determination whether to award attorney fees to the prevailing party").

Defendant's continued assertion of a meritless "fair use" defense despite any possible basis in law or fact was objectively unreasonable and obviously asserted in bad faith. Defendant's litigation tactics and continued assertion of baseless defenses support granting Plaintiffs' their full costs and attorneys' fees incurred in prosecuting this action, particularly in light of Plaintiffs' complete success on the merits of all claims. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003) ("In determining whether to award attorney fees, the district court should consider the degree of success obtained by the moving party, the frivolousness of any claims, the motivation for the claims, [and] the objective reasonableness of the factual and legal arguments advanced in support of them[.]").

### III. AN AWARD OF FULL COSTS AND FEES IS NECESSARY TO FULFILL THE PRINCIPLES OF THE COPYRIGHT ACT.

Due to Defendant's litigation strategy, this simple case of straight-forward copyright infringement dragged out for several years and required a full jury trial. At the conclusion of the

trial, the jury fully agreed with Plaintiffs' position on all claims and awarded Plaintiffs the maximum damages allowed under the law.  These circumstances require imposing the full costs of this unnecessary litigation on the recalcitrant and obstructionist Defendant in order to vindicate the fundamental goals of the Copyright Act.

In determining whether to award fees to the prevailing party, the Court must remain "faithful to the purposes of the Copyright Act," with the primary objective being to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524. This objective requires discouraging infringement. *Id.* Accordingly, a crucial part of the Court's analysis under Section 505 is "to advance considerations of *compensation and deterrence*." *Id.* at 533 n.19 (emphasis added).

Under the circumstances, anything less than a full award of fees and costs would be contrary to and only serve to erode this principle and make it more difficult for copyright owners such as Plaintiffs to pursue their righteous claims against infringers like Defendant.  Given Defendant's litigation position, it was necessary for Plaintiffs to pursue their claims all the way to trial where the jury agreed with Plaintiffs on all aspects of this dispute.  And as Plaintiffs' witness Jesse Hughes testified at trial, Erickson Productions has been besieged by numerous similar infringements and it takes a substantial toll on Erickson Productions' business just to manage these infringements.  Awarding Plaintiffs their costs and fees is necessary to support the jury's verdict and send a clear message to both this Defendant and other infringers not to steal and illegally use copyrighted photos and also not to adopt such unreasonable litigation positions.

Imposing full costs and fees on Kast thus not only would vindicate Plaintiffs' efforts in this action, but achieve the stated purpose of Congress in enacting the Copyright Act by deterring other potential infringers. *See, e.g.*, *Jackson*, 255 F. Supp. 2d at 1104 ("an award of attorney fees and costs in this action serves the goal of deterring similar misconduct"); *Fitzgerald Publ'g Co.*

*v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117(2d Cir. 1986) (holding courts must consider "the deterrent effect on others besides the defendant").

## IV.     PLAINTIFFS' FEE REQUEST IS REASONABLE.

Under Section 505, the Court must determine only that the fees requested are reasonable. *See Russell v. Price,* 612 F.2d 1123, 1132 (9th Cir. 1979), *cert. denied,* 446 U.S. 952 (1990). In making this determination, courts should consider: (1) the time and labor required; (2) customary fees; (3) the amount involved and results obtained; and (4) the experience and reputation of the attorney. *Id.*; *see also Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985).

The starting point of the attorney's fee calculation is the 'lodestar' method, under which fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1115 (C.D. Cal. 2012) (citation omitted). In this Circuit, supporting declarations must be presented that are "sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award." *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir. 1980), *cert. denied,* 450 U.S. 1012

Plaintiffs' request for fees and costs is reasonable in light of the work required to successfully litigate this action and supported by appropriate time records to allow the Court to determine that the fees requested are reasonable. (*See* McCulloch Decl. Exs. 5 & 6 (time records for Plaintiffs' counsel).) As the documentation provided herewith demonstrates, the most significant time entries were incurred due to summary judgment briefing and preparing for and conducting the jury trial in this action. Given that summary judgment briefing was necessary due entirely to Defendant's frivolous defenses and that Plaintiffs achieved full success on both summary judgment and at trial, Plaintiffs certainly are entitled to recover their time and expenses incurred for these events.

The hourly rates billed in this action also are reasonable in light of Plaintiffs' counsel's

experience and work performed. Mr. McCulloch has practiced for 10 years since graduating from Yale Law School. (*See* McCulloch Decl. ¶¶ 8-11.) Plaintiffs' counsel is an experienced copyright litigator who has been lead counsel in dozens of complex intellectual property matters, including a successful appeal on substantial copyright issues recently handed down by the Second Circuit. *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014). Plaintiffs' counsel also previously was approved as class counsel in a certified nationwide class action involving similar infringement claims against one of the nation's largest textbook publishing companies. *See Wu v. Pearson Educ., Inc.*, No. 09-cv-6557, 277 F.R.D. 255, 272 (S.D.N.Y. 2011).

Considering Plaintiffs' counsel's experience and expertise, and the location of the firm in New York City, the hourly fees of $500-$550 are reasonable and fully commensurate with the attorney's relative litigation experience, firm location, and nature of the work involved. *See e.g.*, *Identity Arts*, 2008 WL 820674, at *7 (approving hourly rate of $460-$500 for lead counsel in 2006-2007 copyright litigation); *Antonmarchi v. Consol. Edison Co. of New York, Inc.*, No. 03-cv-7735, 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) (approving $530/hour rate for partner in New York law firm); *Rozell v. Ross–Hoist*, 576 F. Supp. 2d 527, 545–46 (S.D.N.Y. 2008) (approving $600/hour rate for partner in New York law firm); *Marchisotto v. City of New York*, No. 05-cv-2699, 2009 WL 2229695, at *7 (S.D.N.Y. July 27, 2009) (approving $400/hour rate for an attorney in New York law firm with approximately twelve years of experience). The hourly rate billed for paralegal work also is reasonable and commensurate with rates approve in this Disrtict. *See, e.g.*, *Jackson*, 255 F. Supp. 2d at 1106 ("the $70 per hour billing rate requested for the time spent by a paralegal employed by plaintiff's counsel also appears reasonable").

The amount of time expended on this action also was reasonable. This entire litigation was handled for Plaintiffs by only one attorney and one paralegal. This dispute arose in 2011

and suit was filed in March 2012 and a verdict was just returned in Plaintiffs' favor in April 2015, *over three years later*. During that time, the parties engaged in document discovery; briefed multiple motions; litigated the merits of Defendant's baseless defenses; and participated in a full jury trial. The total hours expended are reasonable given that litigating these claims lasted nearly three years and required a jury trial in Federal court. *See Identity Arts*, 2008 WL 820674, at *7 ("The court finds the amount of time spent litigating the case—*i.e.*, a total of more than 405 hours—to be reasonable. The parties conducted investigation and discovery, participated in a motion for preliminary injunction, a motion to dismiss, motions for judgment on the pleadings, and a motion for entry of judgment, over the course of approximately two years.").

Plaintiffs seek an award of $218,818.13, which is the combined total of Plaintiffs' recoverable litigation costs[1] ($3,730.63) and the attorneys' fees incurred during this action ($215,087.50). (*See* McCulloch Decl. Ex. 5.) As the time records reflect, Plaintiffs and their counsel endeavored at every stage of this litigation to avoid incurring additional costs and did not pursue unnecessary motions. Plaintiffs could have brought numerous discovery abuses to the Court's attention but opted not to in order to keep the costs of this action to a minimum. Plaintiffs also are not seeking any fees associated with the time incurred by their local counsel in overseeing this action, to which they certainly would be entitled. Plaintiffs also are not seeking to recover fees associated with prior work in the New York action even though such fees also are likely recoverable given that the decision to bring suit initially in New York was not unreasonable. Nevertheless, to avoid any dispute on this issue, Plaintiffs are not seeking to recover those fees. For all of these reasons, Plaintiffs' costs and fees are reasonable in light of the time expended in this litigation.

---

[1] The Ninth Circuit as held that all categories of case costs are recoverable under Section 505. *See Twentieth Century Fox Film*, 429 F.3d at 885 ("we hold that district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court GRANT their application and award Plaintiffs their full costs and all attorneys' fees under 17 U.S.C. § 505.

Dated: June 12, 2015

                                       Respectfully submitted,

                                        s/ Kevin P. McCulloch
                                       NELSON & McCULLOCH LLP
                                       Kevin P. McCulloch (*pro hac vice*)
                                       155 East 56th Street
                                       New York, New York 10022
                                       Tel: (212) 355-6050
                                       kevin@nmiplaw.com

                                       -and-

                                       Law Offices of Robert K. Wright
                                       Robert K. Wright (SBN 73235)
                                       rkwlaw@earthlink.net
                                       301 North Lake Avenue, Suite 700
                                       Pasadena, CA 91101
                                       Tel: (626) 796-2664
                                       *Attorneys for Plaintiffs*