Law Offices of Robert K. Wright
Robert K. Wright (SBN 73235)
rkwlaw@earthlink.net
301 North Lake Avenue, Suite 700
Pasadena, CA. 91101
Telephone: (626) 796-2664
Fax: (626) 796-1601

NELSON & McCULLOCH LLP
Kevin McCulloch (*pro hac vice*)
kmcculloch@nelsonmcculloch.com
155 East 56th Street
New York, New York 10022
Telephone: (212) 355-6050
Fax: (646) 308-1178

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>    *Plaintiffs*,<br><br>    v.<br><br> KRAIG R. KAST,<br><br>    *Defendant*. | Case No. 5:13-CV-05472-HRL<br><br>ECF Case<br>Electronically Filed<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES**<br><br>Judge:  Hon. Howard R. Lloyd<br>Courtroom: 2 (5th Floor)<br><br>Complaint Filed:  March 12, 2012<br>Case Transferred: December 3, 2012 |

Plaintiffs Erickson Productions and Jim Erickson ("Plaintiffs"), by and through undersigned counsel, hereby submit this reply memorandum in support of Plaintiffs' motion for costs and attorney's fees pursuant to 17 U.S.C. § 505 ("Motion".)

## ARGUMENT

### 1. All *Fogerty* Factors Support An Award of Fees

The Supreme Court's decision in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), sets forth several non-exclusive factors to be considered on a motion for attorneys' fees under Section 505 of the Copyright Act including (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need to advance considerations of compensation and deterrence. *Id.* at 534. In addition, the Ninth Circuit has held that furthering the purposes of the Copyright Act is a "pivotal criterion" in this analysis. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). Although Defendant Kast concedes these criteria apply, he glosses over these factors in his opposition brief, devoting only four short paragraphs to discussing these factors. (*See* Opp. at 4-5.) Kast pays short shrift to these factors because no good-faith argument can be made that any of the *Fogerty* factors weigh in his favor.

Plaintiffs prevailed on the merits of all claims in this action and achieved complete success on every substantive aspect of their claims. The jury found Kast liable for copyright infringement and determined that his infringements were "willful" and awarded Plaintiffs the maximum statutory damages allowed under the law. (Dkt. No. 107.) Thus, the first factor weighs heavily in favor of Plaintiffs. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *accord Identity Arts v. Best Buy Enter. Servs. Inc.*, No. C 05-4656 PJH, 2008 WL 820674, at *7 (N.D. Cal. Mar. 26, 2008) (awarding prevailing party's full costs and fees where success was "complete and unquestioned").

Throughout the several years it took to litigate this case, Defendant repeatedly asserted frivolous positions that only served to drag the process out and increase costs, precisely as Kast threatened to do at the outset of this dispute. (*See* McCulloch Decl. Exs. 1 & 2.) For instance, Kast continued to assert and pursue a "fair use" defense even after the Court struck this defense (*see* Dkt. No. 45) and despite the fact that there was no possible support in either the facts or law to support a fair use argument in this case. Nevertheless, Kast pleaded the defense, moved for summary judgment on this basis, and vigorously opposed Plaintiffs' motions to strike and for summary judgment on this defense. Plaintiffs resoundingly prevailed on each of these motions, all of which were necessary only because of Kast's frivolous legal positions. Plaintiffs undoubtedly are entitled to recover their full costs and fees expended in litigating this defense.

Kast also previously argued "malicious prosecution" and asked the New York court to issue a "permanent injunction against Plaintiff and Plaintiff's attorneys to prohibit distribution, by any means, their allegations related to this frivolous and damaging complaint." Although Plaintiffs are not seeking to recover their fees related to litigating these issues in New York, such baseless arguments further demonstrate that Kast acted in bad faith throughout this case and was motivated by the intent to drive up costs and make it harder for Plaintiffs to recover their damages. The second, third, and fourth *Fogerty* factors thus weigh heavily in Plaintiffs' favor.

As for the fifth factor—the need to advance considerations of compensation and deterrence—Defendant's opposition again misses the mark, arguing that it is "pure fantasy" to request an award of costs and fees when "Plaintiff has already obtained the maximum statutory damage award . . . ." (Opp. at 5.) As the cases cited above held, the fact that Plaintiffs were awarded maximum statutory damages weighs *in favor* of granting Plaintiffs' full costs and attorneys' fees because it shows that they achieved complete success on all claims.

Kast's argument also fails because he incorrectly assumes that the Court's analysis of the

deterrence factor should be limited to the specific parties in this action.  It is well settled that the Court must consider whether awarding fees and costs would discourage not only this particular defendant from future infringement but *all* potential infringers.  *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003) ("an award of attorney fees and costs in this action serves the goal of deterring similar misconduct"); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (holding courts must consider "the deterrent effect on others besides the defendant").  An award of full costs and attorneys' fees would most certainly deter infringement and the kind of bad faith conduct exhibited by Defendant in this case, thus furthering the purposes of the Copyright Act.

### 2. Plaintiffs' Request for Fees is Well-Founded.

Defendant asserts that "Plaintiff's fee application lacks sufficient support to enable this court to make a fee award." (Opp. at 5.)  In support of this argument, Defendant cites *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008), in which the court held that "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services." *Id*. at 980 (internal citations and quotations omitted).  Defendant conveniently ignores the court's further holding that "rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate," and that "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id*. (internal citations and quotations omitted).

Plaintiffs' counsel submitted a declaration as well as supplemental exhibits which provide his hourly rate and time records for the work performed in this case.  (*See* McCulloch Decl. Exs. 5 & 6.)  Plaintiffs also cite to several cases that found reasonable hourly rates between

$500-$600 for an attorney based in New York with comparable experience. (*See* Mtn. at 16.) As the party opposing the fee application, Defendant bears the burden of producing rebuttal evidence that challenges the accuracy of this evidence or shows that Plaintiffs' counsel's hourly rate is unreasonable. Defendant has provided no such evidence.

### 3. Plaintiffs Complied With The Court's Instructions As To Filing This Motion

Defendant argues that "Plaintiff's [sic] motion should denied in its entirety for failure to comply with Local Rule 54-5(a) and (b)(1)" which require the parties to meet and confer prior to filing a motion for attorney's fees and a related statement in counsel's declaration or affidavits. (*See* Opp. at 7.) This argument is unavailing. Since no judgment was entered by the Court, the 14-day deadline for filing was not triggered. In addition, Plaintiffs' counsel raised the filing of this motion with the Court following the reading of the jury's verdict and Defendant's counsel was aware that the motion would be filed.

Furthermore, any attempt to "meet and confer" on the issue of costs and attorneys' fees undoubtedly would have been fruitless and a waste of time as demonstrated by Kast's conduct throughout the history of this case and Defendant counsel's refusal to discuss any reasonable settlement. Indeed, Plaintiffs' counsel specifically contacted opposing counsel after the Court's rulings on summary judgment and prior to trial to attempt to reach a settlement that would have avoided the need for trial. Despite the fact that Plaintiffs were forced to pursue their claims in federal court for several years and had just prevailed on their motion for partial summary judgment on Defendant's only defense, Kast refused to increase his settlement offer of $9,000 – an amount that was $441,000 less than the jury awarded in damages shortly thereafter. Plaintiffs' counsel thus properly determined that it would have been futile to continue to attempt to confer with opposing counsel to try to settle these matters without the Court's involvement. Neither Kast nor his counsel represents that they would have conceded that Plaintiffs were

entitled to *any* of their fees and costs, and his opposition brief makes that clear. This Court has recognized that a conference is not necessary where the opposing party was unreasonable throughout the litigation and thus any conference would have been pointless. *See Tsoi v. Patenaude & Felix*, No. C 13-143 SI, 2014 WL 1477521, at *4 (April 15, 2014) (refusing to deny fee motion where "it is unlikely that meeting and conferring would have obviated the need for a fee motion."); *see also Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2014 WL 3809401, at *10 (July 23, 2014) (refusing to deduct fees based on failure to meet and confer where "the parties had vigorous settlement discussions, and . . . the attorney's fees motion was the direct result of those discussions.") (internal quotation marks omitted).

In any event, Defendant has suffered no harm from the parties' failure to meet and confer, nor has he alleged any prejudice occurred as a result. Thus, should the Court find that Plaintiffs did not comply with the Local Rules in filing this motion, the proper course of action would be to deny their motion ***without prejudice*** and permit them to re-file following the conference. *See Herson v. City of Richmond*, No. C 09-02516 PJH (LB), 2012 WL 1189613, at *5 (N.D. Cal. Mar. 9, 2012) (Magistrate Judge Laurel Beeler). It would be highly prejudicial to deny Plaintiffs' motion with prejudice and strip them of their rightful recovery under federal statute based solely on their failure to comply with a procedural filing requirement, especially when such failure was a harmless error.

### 4. Plaintiffs Demand Only Pre-Suit Investigation Time and Complaint Drafting With Respect To The New York Action

Defendant incorrectly asserts that "Mr. McCulloch's declaration includes a blatant and verifiable falsehood" (Opp. at 8) referring to the statement that "the time reports exclude the work of local counsel and do not include time expended *in* the New York action." (McCulloch Decl. ¶ 7.) (emphasis added). The time reports submitted by Plaintiffs' counsel include only time spent *prior* to filing the complaint in the New York action, including investigation of

Defendant's now-proven willful infringements and the drafting of the complaint. These fees are certainly recoverable against Defendant because this Court ruled on a motion *in limine* that Kast's responses to Plaintiffs' pre-suit letters was relevant to the issue of willfulness and admissible at trial. Contrary to Kast's contention, Plaintiffs' counsel excluded substantial time spent *during* the New York litigation—between May 8, 2012 and September 6, 2013—solely to avoid any dispute on the issue, even though such fees are likely recoverable given that the decision to bring suit in New York was not unreasonable.

Defendant points out that certain billable hours were included in Plaintiffs' total demand that related to the Motion to Set Aside Default against Atherton Trust. (*See* Opp. at 9.) These costs—**totaling only 15.4 hours at $8,470**—were inadvertently included in Plaintiffs' demand due to an administrative oversight. Plaintiffs thus withdraw these limited hours from their fee request.

### 5.     "Block Billing" Is A Non-Issue In This Case

Defendant argues that Plaintiffs' "fee application includes numerous items which have been inappropriately block-billed, thereby depriving the court and defendant of an opportunity to review the reasonableness of the time spent on the respective tasks." (Opp. at 12.) This is yet another frivolous argument and a non-issue in this case.

As Defendant concedes, "the problem with block billing is that it 'can make it impossible for the court to determine the reasonableness of the hours spent on each task.'" (Opp. at 11.) No such problem exists here. This was a relatively straightforward case, with essentially one plaintiff and one defendant, and one lawyer representing each party. This case therefore presents none of the concerns that existed in the multi-party cases cited by Defendant in which block billing presented a legitimate difficulty for the court in determining the reasonableness of the time spent on each task.

In any event, Defendant's position rests on a fundamental and intentional mischaracterization of the billing records in question. In almost every instance, the billing records presented by Plaintiffs' counsel for any given day are limited to a *single task* (such as preparing a motion for summary judgment). The mere fact that Plaintiffs' counsel included more specific information for particular *aspects* of that task (such as legal research or revising and editing) does not constitute "block billing." It would be unduly burdensome and wholly unreasonable to require litigation counsel to separately track and bill *every aspect of every task* and submit separate time records for each. The logic behind the rule against block billing is not at issue here. Defendant cannot seriously contend that is "impossible" or even unreasonably difficult to determine the reasonableness of the Plaintiffs' time entries in this case.

Furthermore, because Plaintiffs' prevailed on every claim in suit, there is no concern that the court will be unable to determine which tasks and fees Plaintiffs' are entitled to because they are entitled to recover their costs and fee for all tasks.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court GRANT their application and award Plaintiffs their reasonable costs and attorneys' fees under 17 U.S.C. § 505.

Dated: July 6, 2015

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Respectfully submitted,

 s/ Kevin P. McCulloch
NELSON & McCULLOCH LLP
Kevin P. McCulloch (*pro hac vice*)
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
kmcculloch@nelsonmcculloch.com

-and-

Law Offices of Robert K. Wright
Robert K. Wright (SBN 73235)
rkwlaw@earthlink.net
301 North Lake Avenue, Suite 700
Pasadena, CA 91101
Telephone: (626) 796-2664
Fax: (626) 796-1601

*Attorneys for Plaintiffs*