1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8

9

10

11

United States District Court
Northern District of California

| | |
|---|---|
| ERICKSON PRODUCTIONS INC. and JIM ERICKSON, | Case No.  5:13-cv-05472-HRL |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| KRAIG R. KAST, | Re: Dkt. No. 108 |
| Defendant. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jim Erickson is a professional photographer who makes his living by licensing his photographs through his company, Erickson Productions, Inc.  Mr. Erickson and Erickson Productions, Inc. will be referred to collectively here as "Erickson."

Erickson sued Kraig R. Kast for copyright infringement, claiming that he copied several of Erickson's photos and used them without permission on the website for Kast's business, Atherton Trust.  Erickson asserted claims for direct copyright infringement, as well as for contributory and vicarious copyright infringement.  Kast did not dispute that Erickson's photos were contained on a version of Atherton Trust's website.  However, he maintained that the photos were merely "placeholders" for the licensed photos that he ultimately intended to include on the site.  His chief contention was that the Atherton Trust website was designed by a third-party, Only Websites, Inc. (Only Websites), and that he had no knowledge of or control over any infringing use of Erickson's

1    photos.

2        Most of Kast's affirmative defenses were disposed of, either on Erickson's motion to strike

3    or their subsequent motion for summary judgment.  However, Kast's "Innocent Infringement"

4    defense was allowed to stand to the extent that his mental state pertained to the issue of remedies.

5        Following a three-day trial,[1] the jury rendered a verdict for Erickson as to each of the

6    photos in question.  Although the jury did not find that Kast directly infringed the photos, they

7    determined that he was liable for vicarious and contributory infringement and, further, that the

8    infringement was willful.  The jury awarded Erickson the maximum $450,000 in statutory

9    damages, and judgment was entered accordingly.  The matter is on appeal.[2]

10       Pursuant to 17 U.S.C. § 505, Erickson moves for an award of attorney's fees.  Kast

11   opposes the motion.  No one requested a hearing on this matter, and the court finds that no oral

12   argument is necessary.  Civ. L.R. 7-1(b).  Upon consideration of the moving and responding

13   papers, this court denies the motion without prejudice.

**DISCUSSION**

15       Section 505 of the Copyright Act permits a district court to "award a reasonable attorney's

16   fee to the prevailing party as part of the costs."  17 U.S.C. § 505.[3]  An award of attorney's fees is a

17   matter of the court's discretion.  Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994).  And, Section

18   505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances in

19   a case."  Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016).  "'In deciding

20   whether to award fees under the Copyright Act, the district court should consider, among other

---

[1] All parties expressly consented that all proceedings in this matter may be heard and finally
adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Although this matter is now on appeal, this court retains jurisdiction to award attorney's fees.
Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956-57 (9th Cir. 1983).

[3] Section 505 provides in full:

> In any civil action under this title, the court in its discretion may allow the
> recovery of full costs by or against any party other than the United States or
> an officer thereof.  Except as otherwise provided by this title, the court may
> also award a reasonable attorney's fee to the prevailing party as part of the
> costs.

United States District Court
Northern District of California

1    things:  the degree of success obtained on the claim; frivolousness; motivation; objective

2    reasonableness of factual and legal arguments; and need for compensation and deterrence.'"

3    VMG Salsoul, LLC v. Ciccone, --- F.3d ---, Nos. 13-57104, 14-55837, 2016 WL 3090780, at *13

4    (9th Cir., June 2, 2016) (quoting Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d

5    881, 889 (9th Cir. 1996)).  Courts in the Ninth Circuit also consider "whether the chilling effect of

6    attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff."

7    Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003).

8         Additionally, courts should give substantial weight to the objective reasonableness of the

9    losing party's position.  Kirtsaeng, 136 S. Ct. at 1983.  Nevertheless, "objective reasonableness

10   can be only an important factor in assessing fee applications---not the controlling one."  Id. at

11   1988.  "That means in any given case a court may award fees even though the losing party offered

12   reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable

13   ones)."  Id.  "Although objective reasonableness carries significant weight, courts must view all

14   the circumstances of a case on their own terms, in light of the Copyright Act's essential goals."

15   Id. at 1989.

16        These guideposts may be used "so long as such factors are faithful to the purposes of the

17   Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."

18   Fogerty, 517 U.S. at 534 n.19.  "Faithfulness to the purposes of the Copyright Act is, therefore, the

19   pivotal criterion."  Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996).  "The primary

20   objective of the Copyright Act is to encourage the production of original literary, artistic, and

21   musical expression for the good of the public."  Fogerty, 510 U.S. at 524.

22        **The degree of success obtained on the claim**

23        Although Erickson did not succeed on the direct infringement theory, the jury found in

24   Erickson's favor on the vicarious and contributory infringement claims, concluded that the

25   infringement was willful, and awarded the maximum statutory damages.  Erickson therefore

26   obtained substantial success.  Moreover, while willful infringement, in itself, does not compel an

27   award of fees, it is an important factor favoring such an award.  Historical Research v. Cabral, 80

28   F.3d 377, 379 (9th Cir. 1996).

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1

**Frivolousness; motivation; objective reasonableness of factual and legal arguments**

2    There was no dispute that Erickson is the owner of valid copyrights in the subject photos

3    and that the photos were used without permission on Kast's website.  Erickson's claims therefore

4    were not frivolous, and this court finds no evidence that this lawsuit was motivated by bad faith.

5    Nor was Erickson's infringement claim objectively unreasonable.  This court denied both sides'

6    motions for summary judgment re infringement, finding that there were materially disputed facts

7    sufficient to permit that issue to proceed to a jury.  See VMG Salsoul, LLC, ---F.3d---, 2016 WL

8    3090780, at *13 ("If a plaintiff has a claim that hinges on disputed facts sufficient to reach a jury,

9    that claim necessarily is reasonable because a jury might decide the case in the plaintiff's favor.").

10    **The need for compensation and deterrence**

11    As discussed, creating and licensing photos is Erickson's livelihood.  Kast contends that

12    the $450,000 damages award is sufficient compensation and deterrence.  Nevertheless, he is

13    challenging that amount on appeal, and it remains to be seen what result he will obtain.  Moreover,

14    a fee award encourages valid copyright owners, such as Erickson, to protect their works where it

15    might otherwise not be economical to do so.

16    **The objective reasonableness of Kast's position**

17    Erickson contends that Kast's defense of this matter was objectively unreasonable.  As an

18    example, Erickson points to Kast's fair use defense, which Erickson argues was patently frivolous.

19    A claim or defense is objectively unreasonable if the party advancing it "should have known from

20    the outset that its chances of success in this case were slim to none."  SOFA Ent'mt, Inc. v.

21    Dodger Productions, Inc., 709 F.3d 1273, 1280 (9th Cir. 2013).  "A claim that is not 'objectively

22    unreasonable' at the outset can become so if the litigant continues to pursue it when the litigant

23    knew or should have known that the chance of success was slim to none."  Frost-Tsuji Architects

24    v. Highway Inn, Inc., No. 13-00496 SOM/BMK, 2015 WL 5601853, at *5 (D. Hawai'i, Sept. 23,

25    2015) (citation omitted).

26    As discussed above, although this court granted Erickson's motion to strike Kast's fair use

27    defense, he was given leave to amend.  While Kast's fair use defense ultimately was rejected on

28    summary judgment, the "mere fact that [he] lost cannot establish his objective unreasonability."

4

1   Seltzer v. Green Day, Inc., 725 F.3d 1170, 1181 (9th Cir. 2013).  Moreover, throughout these

2   proceedings, Kast's primary defense was that he was an innocent infringer and was not aware and

3   had no reason to believe that there was any infringement.  And, as discussed above, this court

4   denied both sides' respective summary judgment motions on infringement, concluding that there

5   were materially disputed facts sufficient to permit that issue to proceed to a jury.  This court

6   therefore declines to find that Kast's defense of this matter was objectively unreasonable and gives

7   substantial weight to that factor.

8           **Inequitable burden of a fee award**

9           Kast claims to be impecunious.  Erickson vigorously disagrees and claims that Kast has not

10  been fully forthcoming as to his finances.  The record presented to this court on the parties' myriad

11  post-judgment motions gives rise to questions about the true extent of Kast's resources.  As

12  discussed in this court's order re the parties' bond motions, Kast claims that the bulk of his income

13  consists of $1,855 in monthly Social Security payments (credited to an electronic payment card),

14  and that he has significant debts that far exceed that amount.  Erickson questions the validity of

15  Kast's alleged debt owed to his fiancée, whom Erickson maintains is not a true creditor in the

16  ordinary sense.  Additionally, as noted above, Erickson has presented evidence indicating that

17  Kast may have other bank accounts that have not been disclosed---albeit, the other accounts

18  Erickson points to contain what appear to be relatively modest sums of, at most, several hundred

19  dollars.  So, on balance, this factor is neutral and does not weigh in favor of either side.

20          In sum, although this court does not find that Kast's defense of this matter was objectively

21  unreasonable, the majority of the other factors weigh in favor of a fee award.  This court therefore

22  concludes that a fee award is appropriate and will further the goals of the Copyright Act.

23          Even so, on the record presented, this court is unable to assess Erickson's requested fees

24  because they have not presented sufficient evidence supporting the reasonableness of the claimed

25  hourly rates.  Counsel has submitted his own declaration identifying his hourly rate.  However, the

26  fee applicant has the burden of producing evidence, other than declarations of interested counsel,

27  that the requested rates are in line with those prevailing in the community for similar services by

28  lawyers of reasonably comparable skill, experience and reputation.  Blum v Stenson, 465 U.S.

United States District Court
Northern District of California

1   886, 896 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).  While Erickson cites to rate

2   determinations in other cases, most of those cases concern the prevailing rate in the Southern

3   District of New York, which is not the relevant market.  "Generally, the relevant community is the

4   forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (citing

5   Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)).  Erickson also cites to some rate

6   decisions from this district, but it is not clear that those cases involved attorneys of comparable

7   skill, experience, and reputation.  Moreover, those decisions were issued years before the subject

8   fees were incurred here.  See Bell v. Clackamas Cnty., 341 F.3d 858, 869 (9th Cir. 2003)

9   (concluding that it was an abuse of discretion to apply market rates in effect more than two years

10  before the work was performed).

11          Accordingly, Erickson's motion for attorney's fees and costs is denied, without prejudice

12  to the submission of evidence, other than declarations of interested counsel, that the requested

13  rates are in line with those prevailing in the community for similar services by lawyers of

14  reasonably comparable skill, experience and reputation.[4]

15          If Erickson chooses to make such a further submission, they shall do so by **August 5,**

16  **2016**.  Kast will be permitted to file a response, which shall be submitted no later than **August 19,**

17  **2016**.  The parties are advised that this court is not re-opening briefing on the entirety of

18  Erickson's motion, and further submissions will be limited to the issue of Erickson's evidence as

19  to the reasonableness of the claimed rates.  Although the court will not limit supporting papers

20  (e.g., declarations and exhibits), any further legal briefs filed by the parties will be limited to 7

21  pages per side.

22

23  ───────────────

[4] Kast argued that Erickson's motion should be denied outright due to the failure to properly
24  support the claimed hourly rates.  Having concluded that a fee award is appropriate, however, this
    court finds that the better course is to require Erickson to make a further evidentiary showing.
25  Kast also argued that Erickson's motion should be denied outright because Erickson's counsel did
    not meet-and-confer about the requested fees before filing the motion, as required by this court's
26  Civil Local Rule 54-5.  Generally, the court requires parties to meet-and-confer beforehand to
    attempt to avoid unnecessary motion practice.  Here, however, not only has Kast made numerous
27  challenges to the requested fees, these post-judgment proceedings have been particularly
    contentious, as evidenced by the vituperation in the parties' myriad filings with this court.
28  Because this court finds that it is unlikely that meet-and-confer negotiations would have obviated
    the need for a motion, Erickson's motion will not be denied outright on that basis.

6

United States District Court
Northern District of California

1        The parties are admonished to avoid the vitriolic arguments that have unfortunately

2  characterized much of their post-judgment briefing to this court.  Additionally, the parties may not

3  file any further papers on the present motion, except as permitted by this order.

4        SO ORDERED.

5  Dated:   July 22, 2016

6

7                            HOWARD R. LLOYD
                             United States Magistrate Judge

United States District Court
Northern District of California

7

1    5:13-cv-05472-HRL Notice has been electronically mailed to:

2    Kevin P McCulloch      kevin@nmiplaw.com, lesly@nmiplaw.com

3    Robert K Wright      rkwlaw@earthlink.net

4

5    5:13-CV-05472-HRL Notice sent by U.S. Mail on July 22, 2016 to:

6    Kraig Kast
7    P.O. Box 4612
     Foster City, CA 94404
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

8