1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA

10     SAN JOSE DIVISION

11

| | |
|---|---|
| 12  ERICKSON PRODUCTIONS INC. and JIM ERICKSON, | Case No.  5:13-cv-05472-HRL |
| 13                      Plaintiffs, | **ORDER DENYING KAST'S MOTION** |
| 14              v. | **TO STAY JUDGMENT; DENYING ERICKSON'S MOTION FOR APPEAL** |
| 15  KRAIG R. KAST, | **BOND** |
| 16                      Defendant. | Re: Dkt. Nos. 133, 136, 147 |

17          Erickson Productions, Inc. and Jim Erickson (collectively, "Erickson") sued Kraig R. Kast

18   for infringement of three copyrighted photographs.  Following trial, the jury found Kast liable for

19   willful vicarious and contributory infringement, concluded that the infringement was willful, and

20   returned a verdict awarding Erickson the maximum $450,000 in statutory damages.  Judgment was

21   entered accordingly.  The matter is on appeal.

22          Kast asks this court to stay the judgment, pending the appeal, without requiring him to post

23   a supersedeas bond.  Erickson opposes that motion[1] and moves for an order directing Kast to post

24   an appeal bond in the amount of $2,500 to cover anticipated costs of acquiring a transcript and

25   filing documents with the Ninth Circuit.  The matter is deemed suitable for determination without

26   oral argument.  Upon consideration of the moving and responding papers, this court denies both

27

28   ───────────────────

[1] Erickson's motion for an extension of time to oppose Kast's motion for a stay is granted.

United States District Court
Northern District of California

1  motions.

2      **A.**    **Kast's Motion for a Stay of Judgment**

3        Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant

4  may obtain a stay by supersedeas bond," to take effect when the court approves the bond.  "The

5  purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of

6  execution and a full supersedeas bond should therefore be required."  Rachel v. Banana Republic,

7  Inc., 831 F.2d 1503, 1505 n. 1 (9th Cir.1987).  The district court has the discretion to grant a stay

8  upon the posting of security other than a bond.  See Int'l Telemeter Corp. v. Hamlin Int'l Corp.,

9  754 F.2d 1492, 1495 (9th Cir.1985).  And, if the court finds that the appellees' interests are

10  adequately protected, it may also enter a stay without requiring the appellant to post any security.

11  See American Color Graphics, Inc. v. Travelers Property Casualty Ins. Co., No. C04-03518 SBA,

12  2007 WL 1520952 (N.D. Cal., May 23, 2007) (concluding that no security was required to stay the

13  execution of the judgment where it was undisputed that the appellant would be able to pay the

14  judgment if it lost its appeal).

15        In determining whether to waive a supersedeas bond requirement, courts consider several

16  factors:

> (1) the complexity of the collection process; (2) the amount of time required
> to obtain a judgment after it is affirmed on appeal; (3) the degree of
> confidence that the district court has in the availability of funds to pay the
> judgment; (4) whether the defendant's ability to pay the judgment is so
> plain that the cost of a bond would be a waste of money; and (5) whether
> the defendant is in such a precarious financial situation that the requirement
> to post a bond would place other creditors of the defendant in an insecure
> position.

21  Cotton ex rel McClure v. City of Eureka, 860 F. Supp.2d 999, 1028 (N.D. Cal. 2012); Soares v.

22  Lorono, No. 12-cv-05979-WHO, 2015 WL 1247020, at *2 (N.D. Cal., Mar. 18, 2015).

23        Kast's central contention is that he does not have sufficient assets to post any bond.  That

24  is a hotly contested point, and Erickson argues that Kast has more resources than he claims.  And,

25  while Erickson may be overstating some of their arguments, on the record presented, this court

26  harbors some doubt as to whether Kast has been fully forthcoming about his finances.  But, even

27  assuming Kast is in a precarious financial condition, the above-listed factors weigh in favor of

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  requiring a bond.  The collection process is likely to be complex and lengthy.  See Inhale, Inc. v.

2  Starbuzz Tobacco, Inc., No. 2:11-cv-03838-ODW (FFMx), 2013 WL 361109, at *2 (C.D. Cal.,

3  Jan. 30, 2013) (acknowledging "that collecting from a party having financial hardships (whether

4  now or later) is difficult, complex, and costly.")  Although requiring a bond might endanger other

5  creditors, Kast's ability to pay is not plain, and the cost of a bond would not be a waste of money.

6  See, e.g., Soares, 2015 WL 1247020, at *2-3 (requiring a debtor in bankruptcy to post a

7  supersedeas bond); Inhale, Inc., 2013 WL 361109, at *2 ("The fact that Inhale 'does not have

8  sufficient liquid assets 'to cover the award of attorneys' fees and costs is precisely why it must

9  post a supersedeas bond."); Funai Elec. Co. Ltd. v. Daewoo Elecs. Corp., No. C04-01830 JCS,

10  2009 WL 975787, at *1 (N.D. Cal., Apr. 9, 2009) (concluding that the appellant's "relatively

11  weak" financial condition militated in favor of requiring a supersedeas bond at 125% of the

12  judgment amount).

13      Kast's motion to stay the judgment without a supersedeas bond is denied.

14      **B.    Erickson's Motion for an Appeal Bond**

15      As previewed above, Erickson seeks an order directing Kast to post an appeal bond in the

16  amount of $2,500 to cover the anticipated costs of acquiring a transcript and filing documents with

17  the Ninth Circuit.

18      Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court

19  may require an appellant to file a bond or provide other security in any form and amount necessary

20  to ensure payment of costs on appeal."  "The following costs on appeal are taxable in the district

21  court for the benefit of the party entitled to costs under this rule:  (1) the preparation and

22  transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3)

23  premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the

24  fee for filing the notice of appeal."  Fed. R. App. P. 39(e).  The purpose of a Rule 7 bond is to

25  protect the amount the appellee stands to have reimbursed, and not to impose an independent

26  penalty on the appellant.  Fleury v. Richemont N. Am., Inc., No. C05-4525 EMC, 2008 WL

27  4680033, at *6 (N.D. Cal., Oct. 21 2008) (citation omitted).

28      District courts within the Ninth Circuit have considered the following factors in

3

determining whether to require an appeal bond:   (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the costs if the appeal is unsuccessful; and (3) an assessment of the likelihood that the appellant will lose the appeal and be subject to costs. Fleury, 2008 WL 468003, at *7 (applying Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950 (9th Cir. 2007)).

The first factor is based on due process concerns; and, absent an indication of financial inability to post a bond, courts have found that this factor weighs in favor of a bond.  Fleury, 2008 WL 468003 at *7.  As discussed above, the record presented gives rise to questions about the true extent of Kast's resources and his ability to post a bond.  Kast claims that the bulk of his income consists of $1,855 in monthly Social Security payments (credited to an electronic payment card), and that he has significant debts that far exceed that amount.  Erickson questions the validity of Kast's alleged debt owed to his fiancée, whom Erickson maintains is not a true creditor in the ordinary sense.  Additionally, as noted above, Erickson has presented evidence indicating that Kast may have other bank accounts that have not been disclosed---albeit, the other accounts Erickson points to contain what appear to be relatively modest sums of, at most, several hundred dollars.  So, on balance, this factor is neutral and does not weigh in favor of either side.

As for the second factor, there is a risk that Kast would not pay the costs if his appeal is unsuccessful.  There has been a palpable level of animosity between the parties throughout these proceedings.  For the reasons discussed above, the collection process is likely to be complex and lengthy.  And, Erickson points out that in pre-litigation correspondence to Erickson's counsel, Kast suggested that even if Erickson prevailed, Kast would take steps to ensure that Erickson would not collect on any judgment.  This factor weighs in favor of a bond.

With respect to the third factor, as articulated in his motion for a stay of the judgment, Kast's appeal apparently is based on several contentions.  Chief among these is Kast's argument that the awarded damages are excessive.  He says this is so for a number of reasons, including that the award is disproportionate to any actual damages that Erickson sustained, as well as to the amount of a default judgment subsequently entered in Erickson's federal litigation in New York against the website developer, Only Websites, which Kast maintains was solely responsible for the

United States District Court
Northern District of California

4

1  use of the subject photos.  Erickson argues that Kast's challenge to the amount of the award is

2  meritless as a matter of law because statutory damages need not be linked to actual damages and

3  the jury's awarded damages are within the statutory range.

4        Statutory damages may be recovered even where there is no evidence of actual damages;

5  and, to the extent Kast intends to challenge the damages award based on its claimed disproportion

6  to any actual damages, this court agrees that argument is meritless.  <u>Los Angeles New Service v.</u>

7  <u>Reuters Television International, Ltd.</u>, 149 F.3d 987, 996 (9th Cir. 1998) ("Because awards of

8  statutory damages serve both compensatory and punitive purposes, a plaintiff may recover

9  statutory damages whether or not there is adequate evidence of the actual damages suffered by

10  plaintiff or of the profits reaped by defendant.") (citation omitted).

11        As discussed above, however, Kast apparently also intends to challenge the damages award

12  against him based on the relative size of the New York court's default judgment against Only

13  Websites.  That New York judgment evidently was entered long after the jury rendered its verdict

14  against Kast.  Thus, the New York judgment was not an issue that was, or could have been, put

15  before this court or the jury; and, this court does not know what relevance (if any) the New York

16  judgment would have here.  The ultimate merit of Kast's appeal, however, will be for the Ninth

17  Circuit to decide based on the record and the arguments presented to it.  For purposes of resolving

18  the instant motion, this court is unprepared to say that Kast's appeal on that basis is, as a matter of

19  law, completely without any merit.

20        Weighing these three factors, with the first being neutral, this court concludes that the final

21  factor outweighs the second and that an appeal bond is not warranted.  Erickson's motion is

22  denied.[2]

23        SO ORDERED.

24  Dated:   July 22, 2016

25             HOWARD R. LLOYD
           United States Magistrate Judge

26

27  _____
[2] As for Kast's other arguments, this court finds them to be without merit.  This court considered
and overruled Kast's objections re the jury instructions, as well as the testimony and sufficiency of

28  the evidence presented at trial, during the pretrial conference proceedings and during the trial
itself.

United States District Court
Northern District of California

5:13-cv-05472-HRL Notice has been electronically mailed to:

Kevin P McCulloch       kevin@nmiplaw.com, lesly@nmiplaw.com

Robert K Wright     rkwlaw@earthlink.net

5:13-cv-05472-HRL Notice sent by U.S. Mail on July 22, 2016 to:

Kraig R. Kast
P.O. Box 4612
Foster City, CA 94404