1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12    ERICKSON PRODUCTIONS INC, et al.,        Case No. 5:13-cv-05472-HRL

13                    Plaintiffs,
                                                **ORDER SETTING BRIEFING AND**
14          v.                                  **HEARING RE MOTION TO AMEND**
                                                **JUDGMENT**
15    KRAIG RUDINGER KAST, et al.,
                                                Re: Dkt. Nos. 184, 186, 189, 192, 194
16                    Defendants.

17          This court ordered briefing on the issue whether, during the pending appeal, this court has

18   jurisdiction to entertain the motion to amend the judgment filed by Erickson Productions, Inc. and

19   Jim Erickson (collectively, "Erickson") (Dkt. 198, Interim Order).[1]  As discussed in the Interim

20   Order, the jurisdictional inquiry focuses "on whether the trial court is being asked to alter the

21   status quo with respect to the appeal."  In re Mirzai, 236 B.R. 8, 10 (9th Cir. 1983).  Erickson

22   argues that the motion to amend is simply part of their effort to enforce the judgment and will not

23   impact matters on appeal.  The opposition argues that the motion seeks a substantive change that

24   impermissibly expands the judgment to include persons and entities that have no connection to

25   this litigation.  Erickson points out that courts have concluded that that adding judgment debtors

26   under Fed. R. Civ. P. 69(a) is not a substantive amendment going to the merits of the case.  This

27

28   _____

[1] The Interim Order obviated the original briefing schedule on the motion.  Thus, prior requests for
extensions of the original deadlines (Dkt. 192, 194) are deemed moot.

court therefore will entertain the arguments on the motion.  Nevertheless, no one has cited any cases directly on point, and this court remains dubious about the particular relief Erickson seeks. And, the fact that this court is willing to consider the matter should not be taken as any indication whether or not, on the facts of this case, certain persons or entities should be added as judgment debtors.

The court has received Kast's substantive opposition to the motion to amend.  (Dkt. 195-196).  His motion for protective order and motion to quash subpoenas (Dkt. 184, 186), which raise related issues, will be considered as part and parcel of his opposition.  Briefing deadlines on Erickson's motion to amend are otherwise re-set as follows:

Baker's and Black Oak Trust's opposition papers are due by **May 5, 2017**.

Erickson's reply is due by **May 12, 2017**.

**All are reminded that hard copies of briefs and supporting papers are due in chambers the next court day after the papers are e-filed.**

Erickson having requested oral argument on the motion to amend, a hearing is set for **May 30, 2017, 10:00 a.m.**

SO ORDERED.

Dated:   April 24, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:13-cv-05472-HRL Notice has been electronically mailed to:

Kevin P McCulloch      kevin@mccullochiplaw.com, lesly@mccullochiplaw.com

Richard Walter Lund      rlund@plagemanlund.com

Robert K Wright      rkwlaw@earthlink.net

5:13-cv-05472-HRL Notice sent byU.S. mail  to:

Kraig R. Kast
P.O. Box 4612
Foster City, CA 94404