UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRAIG R. KAST,<br><br>    Defendant. | Case No. 5:13-cv-05472-HRL<br><br>**FURTHER ORDER GRANTING IN PART AND DENYING IN PART ERICKSON'S REQUEST FOR FEES AND COSTS**<br><br>Re: Dkt. No. 177 |

Erickson[1] previously moved for an award of attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505. Specifically, they asked for $215,087.50 in fees and $3,730.63 in costs for a total award of $218,818.13. In a prior order on that motion, the court concluded that Erickson was entitled to an award. (Dkt. 174). However, the court was unable to properly assess the reasonableness of the requested fees because Erickson did not adequately support counsel's hourly rate. Accordingly, the motion was denied without prejudice to Erickson to make a further submission in support of an award. Erickson has done so. Kast has filed a supplemental opposition. Upon consideration of all of the moving and responding papers, the court grants Erickson's request for fees in part and denies it in part.

---

[1] Jim Erickson and Erickson Productions, Inc. will be referred to collectively as "Erickson."

**A. Reasonable Hourly Rates**

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum, 465 U.S. at 896 n.11. Additionally, the court can rely on its own knowledge and experience in evaluating a request for fees. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees.").

Erickson seeks fees of $215,087.50 for 383.20 hours of work performed by attorney Kevin McCulloch and for 83.90 hours of work by his paralegal, Ms. Ayala. McCulloch's identified rates for the relevant time period are $500/hour and $550/hour,[2] and Ms. Ayala's rate is $75/hour. According to his declaration, McCulloch graduated from Yale Law School in 2005, worked at a large law firm for several years, and then clerked for one year on the Sixth Circuit Court of Appeals. For purposes of this litigation, during the relevant time period, he worked at Nelson & McCulloch, a firm he formed with another attorney. (Dkt. 109, McCulloch Decl., ¶ 8). He

---

[2] Submitted timesheets indicate that McCulloch's hourly rate increased from $500 to $550 sometime around 2013. (Dkt. 109-5).

provides the 2013 Economic Survey Benchmark Tool from the American Intellectual Property Law Association showing that the average hourly rate for intellectual property attorneys in San Francisco is $547. (Dkt. 178, Suppl. McCulloch Decl. ¶ 3, Ex. 1). Indeed, courts in this district have looked to that survey to ascertain the reasonableness of hourly rates. See, e.g., Automattic, Inc. v. Steiner, 82 F. Supp.3d 1011, 1032-33 (N.D. Cal. 2015) (observing in a Digital Millenium Copyright Act case that the average billing rate for intellectual property attorney is $547/hour and awarding fees at $418.50/hour for three attorneys and at $680/hour for 1 hour of work performed by a partner); Livingston v. Art.com, Inc., No. 13-cv-03748-JSC, 2015 WL 4319851 at *12 (N.D. Cal., Apr. 17, 2015) (observing in a photograph copyright infringement case that the average rate for intellectual property attorneys in San Francisco is $547 and finding an hourly rate of $325/hour to be reasonable for an attorney with 2.5 years of experience); see also generally Apple, Inc. v. Samsung Elecs. Co., Ltd., No. C 11-1846 LHK (PSG), 2012 WL 5451411 at *6 (Nov. 7, 2012) (noting that in patent cases, "courts in this district have looked to the [AIPLA] annual survey of hourly rates to ascertain the reasonableness of fees, a practice that the Federal Circuit condones.").

McCulloch also submits information from the Valeo Attorney Hourly Rates Database from April 2014, showing that intellectual property attorneys who graduated from law school in the same year as him charged $575 and $635. (Dkt. 178, Suppl. McCulloch Decl. ¶ 4, Ex. 2). Courts in this district have also found Valeo relevant in assessing fee awards. See Banas v. Volcano Corp., 47 F.Supp.3d 957, 965 (N.D.Cal.2014) (finding rates set forth in Valeo database to be relevant).

This court finds that McCulloch's hourly rates of $500 and $550 are reasonable. As for Ms. Ayala's paralegal rate of $75/hour, the court finds that it is also reasonable, falling below rates that have been accepted in a range of other cases. See, e.g., Art.com, Inc., 2015 WL 4319851 at *14 (observing in a copyright case that "courts in this District recently have awarded fees for paralegals at a rate of $120 through $150 per hour."); Hernandez v. Yen, No. 13-CV-01830-RMW, 2015 WL 5185669 at *3-4 (N.D. Cal., Sept. 4, 2015) (in a disability access case, finding reasonable a $150/hour rate for a paralegal with over 10 years experience, $125/hour rate for a paralegal with 6 years experience, and a $95/hour rate for a paralegal with over 2 years

experience); Wynn v. Chanos, No. 14-cv-04329-WHO, 2015 WL 3832561 *3 (N.D. Cal., June 19, 2015) (in a defamation case, finding a paralegal rate of $170/hour reasonable).

### B. Reasonableness of Time Spent

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." Chalmers, 796 F.2d at 1210 (citation omitted). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Id.

Kast raises a number of objections to the time for which Erickson seeks fees. But, the court turns first to what is not disputed: Kast argues that the requested fees include $8,470.00 incurred in motions practice in litigation in the Southern District of New York ("New York Action"), where Erickson initially sued Kast. Erickson withdraws those hours from consideration, saying that they were inadvertently included in the sums sought here. Accordingly, the court will disregard $8,470.00 in fees and will deduct that amount from the sum originally sought by Erickson. (Dkt. 109-5 at ECF pp. 5, 7).

As to the disputed items, the court rules as follows:

#### 1. Fees sought in the New York Action

Kast contends that Erickson's submitted time sheets duplicate many of the same amounts sought in the New York Action. In particular, he objects to $19,650.00 in charges incurred prior to September 6, 2013, which he says all stem from the New York Action and are sums for which Erickson also sought reimbursement from the New York court. Erickson says that they excluded fees incurred between May 8, 2012 and September 6, 2013 incurred *during* the New York Action. However, they contend that all other fees incurred prior to September 6, 2013 properly should be awarded because those time entries pertain to time spent in pre-suit investigation, as well as time spent preparing the New York complaint. Erickson argues that this time is compensable because this court ruled on a motion in limine that Kast's responses to Erickson's pre-suit letters was admissible at trial.

Erickson misses the point. The record indicates that they already sought these same fees in

4

the New York Action. (Dkt. 112-1, Ranallo Decl. ¶ 2, Ex. F). While it appears that the District Court in New York did not award all of Erickson's requested fees (Dkt. 179, Ex. 4), it apparently considered Erickson's request and awarded the sum to which it determined Erickson was entitled. To the extent Erickson now seeks a second bite at the apple or to have this court, in effect, second-guess the decision of the court in New York, this court declines to do so. Accordingly, $19,650.00 will be deducted from the requested fees.

### 2. Duplicate entries

Kast objects to two identical entries (each for $1,595.00 for 2.90 hours of work) made on February 11, 2014 and February 13, 2014 for "Exchange correspondence with opposing counsel (PR) re CMC and service; contact counsel for Atherton Trust (Peter Dee "PD") re: subpoena in ND Cal case." (Dkt. 109-5 at 7). These entries are duplicative, and Erickson offers no explanation why they should not be so construed. Accordingly, $1595.00 will be deducted from the requested fees.

### 3. Fees for an unfiled sanctions motion

Kast objects to 8.3 hours of time (for a total of $4,565.00 in fees) incurred from May 30, 2014 to June 17, 2014 in connection with a sanctions motion that never was filed. (Dkt. 109-5 at 10-11). "Courts have allowed recovery of costs related to claims and defenses that ultimately proved unnecessary." Micromesh Technology Corp. v. American Recreation Products, Inc., No. C-06-6030 MHP, 2007 WL 2501783, at *10 (N.D. Cal., Aug. 30, 2007) (citation omitted); see also Guttman v. Ole Mexican Foods, Inc., No. 14-cv-04845-HSG, 2016 WL 9107426 at *5 (N.D. Cal., Aug. 1, 2016) (awarding fees for 18.1 hours spent drafting an unfiled motion for class certification). Kast contends that the threatened motion was simply an attempt to intimidate him into dropping his fair use defense. Erickson, on the other hand, contended throughout these proceedings that Kast's defense was frivolous. It is not clear on this record why Erickson ultimately decided not to pursue its sanctions motion, and Kast's fair use defense eventually was dismissed on summary judgment. (Dkt. 70). While this court declined to find Kast's defense frivolous, it also finds no reason on this record to fault Erickson for initially pursuing what they apparently believed to be a viable means of challenging Kast's defense. Having reviewed the

subject entries, the court finds the time incurred reasonable. No deductions will be made here.

### 4. Record-Keeping Objections and Excessive Fees

Kast objects to Erickson's requested fees because McCulloch's declaration does not "describ[e] the manner in which time records were maintained," Civ. L.R. 54-5(b)(2), or state that the requested fees are based on contemporaneous time records. Contemporaneous time records are strongly preferred, and the absence of such records has led courts in this district to find that billing entries are inherently less reliable. See, e.g., Joe Hand Promotions, Inc. v. White, No. C11-01331 CW (JSC), 2011 WL 6749061 at *2 (N.D. Cal., Dec. 6, 2011). Even so, contemporaneous time records are not absolutely necessary, and the lack of such records cannot be the basis for denying a fee request in its entirety, as Kast requests. Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

Kast nonetheless argues that the requested fees are excessive due to a number of block-billing time entries. Erickson contends that block billing is not an issue because time entries pertain to single task. Block billing is discouraged where discrete and unrelated tasks are lumped together because that practice can make it difficult, if not impossible, for the court to assess the reasonableness of the time spent on each task. Thus, "entries describing closely related tasks with a level of particularity generally do not impede the Court's ability to review the reasonableness of the hours expended." Kalani v. Starbucks Corp., No. 13-cv-00734-LHK, 2016 WL 379623 at *7 (N.D. Cal., Feb. 1, 2016), remanded on other grounds, --- Fed. Appx. ---, 2017 WL 2813864 (9th Cir., June 28, 2017); see also Cruz v. Starbucks Corp., No. C-10-01868 JCS, 2013 WL 2447862 at *7 (N.D. Cal., June 5, 2013) (declining to reduce the requested fee award for alleged block billing where the time records were adequate to allow the court to determine whether the time spent on particular tasks is reasonable).

Having reviewed Erickson's timesheets, this court finds that, for the most part, the time entries pertain to a single task (or to closely related tasks) and do not impede the court's ability to determine whether the time spent was reasonable. However, there are several block billing entries where disparate activities were lumped together, making it impossible for the court to assess the reasonableness (or not) of the time spent on any given task. Those entries represent 26.3 hours for

a total of $14,465.00 in fees as follows:

- February 7, 2014 (McCulloch): 4.30 hours, $2,365.00
- February 11, 2014 (McCulloch): 2.90 hours, $1,595.00
- April 16, 2014 (McCulloch): 3.20 hours, $1,760.00
- April 22, 2014 (McCulloch): 2.80 hours, $1,540.00
- May 7, 2014 (McCulloch): 4.80 hours, $2,640.00
- May 16, 2014 (McCulloch): 5.10 hours, $2,805.00
- September 19, 2014 (McCulloch): 3.20 hours, $1,760.00

(Dkt. 109-5). Courts in this district have observed that block-billing may inflate hours as much as 10%-30%. See, e.g., Apple, Inc., 2012 WL 5451411 at *5. The court cannot impose across-the-board deductions over all time entries, including those that are not improper. Welch v. Met. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Nevertheless, the court finds that a deduction of 10% as to the above specified block-billed entries is appropriate. In view of the relatively modest occurrence of these improper block-billing entries, the court finds this deduction sufficient to balance the hours billed in block format. Accordingly, the court will deduct $1,446.50 from the fee award.

Additionally, based on its independent review of the timesheets, this court finds the following entries to be excessive:

- On January 10, 2014, Ayala incurred $60.00 in fees (0.8 hours) drafting and filing a motion for telephonic appearance at a case management conference. McCulloch then incurred $605.00 in fees (1.1 hours) revising and finalizing that motion. Those entries apparently pertain to Dkt. 21, which is an entirely perfunctory motion to appear by phone. The court will deduct 0.2 hours ($15.00) from Ayala's time and 0.9 hours ($495.00) from McCulloch's time for a total deduction of $510.00.
- On September 9, 2014, McCulloch incurred $495.00 in fees (0.90 hours) drafting and filing a document re-noticing the hearing for Erickson's earlier filed summary judgment motion. That time entry appears to pertain to Dkt. 55, which aside from the title of the document and the date of the requested hearing, simply replicates the

preamble to Erickson's summary judgment motion (Dkt. 51) that had been filed a week beforehand. The court deducts 0.70 hours, for a total deduction of $385.00.

- On September 17, 2014, Ayala incurred $60.00 in fees (0.8 hours) drafting and filing a straightforward motion for telephonic appearance at a motion hearing (Dkt. 58), and McCulloch incurred $165.00 (0.30 hours) reviewing and approving that motion. The court will deduct 0.2 hours ($15.00) from Ayala's time and 0.1 hour ($55.00) from McCulloch's time for a total deduction of $70.00.

Based on the foregoing, the court deducts a total of $32,126.50 from Erickson's requested fees, for a total fees award of $182,961.00.

**C.    Costs**

Erickson also seeks $3,730.63 in costs. Kast objects to the filing fee ($350.00) and service of process ($105.00) costs incurred in the New York Action as duplicative of those sought in that case. Those costs will be deducted. Additionally, $50.05 in "FedEx Charges" incurred on April 1, 2014 will not be allowed as there is no explanation for this expense. See Lewis v. Activision Blizzard, Inc., No. C12-1096 CW, 2014 WL 4953770 at *5 (N.D. Cal., Sept. 25, 2014) (declining to award unexplained costs). Costs are otherwise awarded in the amount of $3,225.58.

**ORDER**

Based on the foregoing, Erickson's renewed request for fees is granted in part and denied in part as follows:    Erickson is awarded $182,961.00 in fees and $$3,225.58 in costs, for a total award of $186,186.58.

SO ORDERED.

Dated:   August 25, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge