UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG R. KAST,<br><br>Defendant. | Case No. 5:13-cv-05472-HRL<br><br>**ORDER RE ERICKSON *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Erickson Productions, Inc. and Jim Erickson (collectively, Erickson) seek an *ex parte* temporary restraining order (TRO) freezing the assets in three separate accounts: (1) a Wells Fargo account for Wellington Alexander & Co.; (2) a U.S. Bank account for the California Trust Company; and (3) a First National Bank of Northern California account for Black Oak Trust.

A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, see Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555

U.S. at 20.

"Unless relieved by order of a Judge for good cause shown," a party seeking issuance of a TRO must deliver notice to the opposing counsel or party on or before the day an *ex parte* motion for TRO is made. Civ. L.R. 65-1(b). Additionally, Fed. R. Civ. P. 65 provides that a court may issue a TRO without notice to the adverse party in limited circumstances where (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an *ex parte* TRO. Reno Air Racing Assoc., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir.2006). Such circumstances include "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (quoting Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir.1984)). Although the restrictions imposed are stringent, they "'reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Id. (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)).

Erickson argues that courts have granted the sort of injunctive relief they seek where there is evidence that the opposing party is dissipating assets. By and large, however, the cases Erickson cites involved noticed motions. While the court is troubled by allegations that Kast has concealed the full scope of his assets, it is also exceedingly concerned by the breadth of the injunctive relief Erickson seeks here, on an entirely *ex parte* basis, including possible impact on Baker (a non-party), with scant information before the court about the accounts and assets Erickson seeks to freeze, and for varying and amorphous time periods such as "until such time that full discovery can be taken" or until the court reviews and rules on Erickson's pending motion to

2

compel and order to show cause re contempt. Erickson's motion for TRO is denied.[1]

SO ORDERED.

Dated: January 8, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[1] The Clerk shall docket the motion and supporting papers Erickson lodged with the court.