United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERICKSON PRODUCTIONS INC., et al., <br> Plaintiffs, <br> v. <br> KRAIG KAST, <br> Defendant. | Case No. 5:13-cv-05472-HRL <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 273, 277 |

This court previously denied an *ex parte* motion for temporary restraining order (TRO) brought by Erickson Productions, Inc. and Jim Erickson (collectively, "Erickson") in connection with their efforts to collect on the judgment (and a subsequent amended judgment) they obtained against Kraig Kast. In that motion, Erickson sought an order freezing assets in three separate accounts: (1) a Wells Fargo account for Wellington Alexander & Co.; (2) a U.S. Bank account for California Trust Company; and (3) a First National Bank of Northern California account for a Black Oak Trust. (The court refers to these collectively as the "Accounts.") The requested injunction was to include Kast and his fiancée, Mariellen Baker. In denying that motion, the court expressed concern about the overbreadth of the requested relief and about Erickson's request to enjoin Baker, who is not a party to this action.

Now before the court is Erickson's motion for preliminary injunction in which they seek

essentially the same relief as the prior TRO motion, modified in certain respects: Erickson asks for an order freezing the Accounts for a period of 90 days from the issuance of the court's order granting injunctive relief, so that Erickson can conduct third-party discovery to determine whether funds in the Accounts are subject to Erickson's judgment. Erickson is willing to allow personal living expenses to be carved out from any injunction. Additionally, Erickson seeks an order compelling Kast to disclose any other bank accounts maintained or used by him (and by certain identified trusts, Wellington Alexander & Co., and California Trust Company) to/from which Kast has transferred funds from/to the Accounts over the last year. Both Kast and Baker oppose the motion. Upon consideration of the moving and responding papers,[1] as well as the oral arguments presented, the court denies the motion.[2]

At the outset, the court observes that Erickson's motion is somewhat of an anomaly. A preliminary injunction is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *See generally Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). This case is in the post-judgment phase, and Erickson says the motion essentially is one for aid in the collection of that judgment. Nevertheless, the matter having been briefed in accordance with the standards governing a motion for preliminary injunction, the court proceeds accordingly.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008). To obtain a preliminary injunction, Erickson must "establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* at 20. In each case, the court "must balance the competing claims of injury and must consider the effect

---

[1] Kast's contention that Erickson's local counsel filed documents with the forged signature of attorney Kevin McCulloch, is rejected. McCulloch has confirmed that he authorized those filings to be made.

[2] Kast requests that the court seal the exhibits Erickson submitted in support of their motion because they contain his personal information. The court declines to do so, since information in the documents have been redacted. The court has, however, sealed unredacted copies of these documents previously submitted by Erickson in connection with their TRO motion.

on each party of the granting or withholding of the requested relief." *Id.* at 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 21-22).[3] Alternatively, in the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies*, 632 F.3d at 1131-32.

Erickson proceeds under the alternate test described above, arguing that they have already succeeded on the merits of their claims and that the balance of hardships tips sharply in their favor.

### 1. Likelihood of Success on the Merits

Erickson points out that they have already prevailed on the merits of their claims at trial. Kast, on the other hand, emphasizes that he has appealed both the original and amended judgments; and, both he and Baker argue that Erickson have failed to show that they are likely to prevail on appeal. Erickson retorts that they are confident the judgments will be upheld. Neither side offers anything other than their personal opinion as to their respective chances on appeal. Even so, the court takes into consideration that Erickson did prevail at trial and currently, the judgments they obtained still stand.

For the reasons to be discussed, however, Erickson's showing on the remaining *Winter* factors is unconvincing.

### 2. Likelihood of Irreparable Injury

"A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d at 1085 (9th Cir. 2009). Erickson expresses concern that without the

---

[3] Citing *Winter*, 555 U.S. at 21, Erickson argues that where there is a strong likelihood of prevailing on the merits, a preliminary injunction may issue upon the mere *possibility* of irreparable harm. (Dkt. 273 at 8). However, Erickson cites to a portion of *Winter* in which the Supreme Court identifies a (previous) Ninth Circuit standard that the Court goes on to expressly reject. *See id.* ("We agree . . . that the Ninth Circuit's 'possibility' standard is too lenient. Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.").

3

requested relief, Kast and Baker will move funds in the Accounts to different accounts or to shell corporations in order to avoid collection efforts.

The court concludes that Erickson has not shown irreparable injury. The showing of dissipation on the Accounts is for Kast's and Baker's living expenses, which Erickson agrees may be carved out from any injunction. Moreover, the remedy Erickson requests is to freeze the Accounts for 90 days so that they can conduct discovery to determine Kast's full range of assets and whether the funds are subject to their judgment. However, Erickson has known about the Accounts for at least several months, and they have always had the ability to conduct discovery as to those Accounts. Additionally, there is no argument that the Accounts are the only assets Erickson has uncovered in their judgment collection efforts or that Erickson will be without any remedy if the requested freeze is not granted. Indeed, the docket indicates that Erickson has issued at least two writs of execution which don't appear to have anything to do with the Accounts. (Dkt. 256, 257).

### 3. Balance of Equities and Public Interest

The party seeking preliminary relief must establish that the balance of equities weighs in his favor. *Winter*, 555 U.S. at 22-23. In determining whether the moving party has met this burden, courts must consider "the interests of all parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir.1980). Erickson argues that the balance of hardships tips in their favor because they are three years into their judgment collection efforts, during which time they say that Kast has refused to disclose the full extent of his assets, leaving them to chase various leads through other discovery. However, Erickson has not convincingly demonstrated that difficulties in collecting on their money judgment, outweighs the potential harm to Kast if these particular Accounts are frozen. As noted above, the record demonstrates that the subject funds are being used to pay Kast's and Baker's personal living expenses. In any event, having concluded that Erickson has not shown irreparable injury, the court does not find that that the balance of equities tips in their favor, sharply or otherwise.

### B. Erickson's Request for a Mandatory Injunction

Erickson also asks for an order compelling Kast to perform an affirmative act, i.e., disclose any other accounts he may have used to move funds to/from the Accounts in the past year. Mandatory injunctions, however, are generally disfavored and are considered with more scrutiny. "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases." *Park Village Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1161 (9th Cir. 2011). Erickson has not shown "extreme or very serious damage will result" if the request for a mandatory injunction is not granted. *Id.*

Based on the foregoing, Erickson's motion for a preliminary injunction is denied.

SO ORDERED.

Dated: May 21, 2018

HOWARD R. LLOYD
United States Magistrate Judge