# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG R. KAST, *et al.*<br><br>Defendants. | Case No. 5:13-CV-05472<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ASSIGN RENTAL INCOME OR FORCE SALE, AND STAYING CASE PENDING APPEALS**<br><br>Re: Dkt. No. 307 |

Plaintiffs Erickson Productions, Inc. and Jim Erickson sued Defendant Kraig Kast for copyright infringement. Plaintiffs prevailed at trial and were awarded $450,000 in damages. Plaintiffs later moved to amend the judgment to add various corporate entities and trusts that Kast purportedly controlled. Plaintiffs also requested attorneys' fees and costs. Plaintiffs' motion was granted, and an amended judgment was entered for a total amount of $636,186.58 plus post-judgment interest. In an effort to collect on the judgment, Plaintiffs have filed a motion to request assignment of rental income from rental properties Defendants own, or in the alternative, force the sale of property to satisfy the judgment. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Plaintiffs' motion to assign rental income or

1

force sale for want of subject matter jurisdiction. Furthermore, the Court STAYS this case pending Defendants' Ninth Circuit appeals.

## I. BACKGROUND

### A. Factual Background

Jim Erickson is a professional photographer who licenses his photographs through Erickson Productions, Inc. ECF No. 70 at 1. Plaintiffs claim that Kast copied several of his photos and used them without permission for Kast's business' website. *Id.* at 2.

### B. Procedural History

On September 27, 2013, Plaintiffs sued Kast for copyright infringement, and contributory and vicarious copyright infringement in the United States District Court for the Central District of California. ECF No. 1 at ¶¶ 64-85. The parties then stipulated to transfer the case to the Northern District of California. ECF No. 13. Both parties consented to United States Magistrate Judge jurisdiction. ECF Nos. 26, 27. United States Magistrate Judge Howard Lloyd presided over the case. After lengthy pre-trial motions practice, the case was tried before a jury starting on April 13, 2015. ECF No. 102. On April 15, 2015, the jury found Kast guilty of vicarious infringement and contributory infringement, and found that the infringement was willful. ECF No. 107. The jury awarded damages totaling $450,000. *Id.* On June 12, 2015, Plaintiffs moved for attorneys' fees and costs. ECF No. 108. The Magistrate Judge denied the motion for attorneys' fees without prejudice on July 22, 2016. ECF No. 174. On August 19, 2015, the Magistrate Judge entered judgment against Kast in his personal capacity in the amount of $450,000. ECF No. 118.

On September 10, 2015, Kast filed his first notice of appeal to the Ninth Circuit. ECF No. 123. Plaintiffs cross-appealed, but eventually voluntarily withdrew the cross-appeal. ECF Nos. 124, 182.

On November 7, 2015, Kast moved to stay judgment pending appeal without a supersedes bond in the district court action. ECF No. 133. The Magistrate Judge denied Kast's motion. ECF No. 175.

2

Case No. 5:13-CV-05472
ORDER DENYING PLAINTIFFS' MOTION TO ASSIGN RENTAL INCOME OR FORCE SALE, AND
STAYING CASE PENDING APPEALS

On November 23, 2016, Plaintiffs moved to amend the judgment to include as judgment debtors various trusts and corporate entities allegedly controlled by either Kast or his fiancé, Mariellen Baker. ECF No. 189. The Magistrate Judge ordered additional briefing on whether the Court had jurisdiction to amend the judgment as requested during the pendency of an appeal. ECF No. 198. After briefing was completed on this issue, the Magistrate Judge entered on October 18, 2017 an amended judgment granting Plaintiffs' requested attorneys' fees and costs, and added as judgment debtors various trusts and corporate entities supposedly controlled by Kast. ECF No. 246. Thus, an amended judgment was entered against Kast, corporate entities, various trusts, and "Kraig Kast, Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995)" (collectively, "Defendants") in the amount of $636,168.58 plus interest on October 18, 2017. *Id.* That same day, Defendants filed a second notice of appeal to the Ninth Circuit, this time appealing the amended judgment. ECF No. 247.

Both the first and second appeals to the Ninth Circuit remain pending. In Kast's first appeal, the Ninth Circuit has appointed pro bono counsel to assist in briefing the case and to appear at oral argument. *Erickson Productions, Inc. v. Kast*, No. 15-16801, at Dkt. No. 54 (9th Cir. May 7, 2018).

On November 15, 2017, Kast filed a motion in his second Ninth Circuit appeal to stay the amended judgment. *Erickson Productions, Inc. v. Kast*, No. 17-17157, Dkt. No. 5 (9th Cir. Nov. 15, 2017). The Ninth Circuit denied Kast's motion. *Id.*, Dkt. No. 13 (9th Cir. Feb. 27, 2018).

Now, Plaintiffs have filed a motion requesting that the rents from various properties owned by Defendants be assigned to Plaintiffs to satisfy the amended judgment. ECF No. 307 at 5-7 ("Mot."). In the alternative, Plaintiffs request an order to force sale of one of the properties. *Id.* at 8-9. Kast filed a so-called first motion to dismiss Plaintiffs' motion to assign/sell. ECF No. 311. Kast then filed a response to Plaintiffs' motion. ECF No. 319. Plaintiffs filed a reply. ECF No. 320.

**II. LEGAL STANDARD**

### A. A District Court's Jurisdiction During an Appeal

The United States Supreme Court has held that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[a]bsent a stay or supersedeas, the trial court . . . retains jurisdiction to implement the judgment or order, but may not alter or expand upon the judgment." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). This is because district courts "may not finally adjudicate substantial rights directly involved in the appeal." *McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734-35 (9th Cir. 1982).

### III. DISCUSSION

First, the Court discusses why it lacks subject matter jurisdiction to entertain Plaintiffs' motion to assign rent or force sale. Second, the Court discusses a stay of this case.

### A. The Court Lacks Jurisdiction to Entertain Plaintiffs' Motion to Assign Rent/Force Sale

Plaintiffs move to enforce the October 18, 2017 amended judgment that added as a judgment debtor "Kast as Trustee of the Black Oak Trust (a/k/a/ Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995)." ECF No. 243 at 18.

Federal Rule of Civil Procedure 17(b) states that for "parties other than corporations or individuals not acting in a representative capacity, capacity to sue or be sued is determined by the law of the state where the court is located." *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 864 (N.D. Cal. 2015). Under California law, a "trust is not an entity separate from its trustees." *Ziegler v. Nickel*, 64 Cal. App. 4th 545, 548 (1998) (citing *Moeller v. Superior Court*, 16 Cal. 4th 1124, 1132 n.3 (1997)). The trust is not a legal entity that can sue or be sued. *Green*, 148 F. Supp. 3d at 864. Thus in litigation, the trustee, not the trust, "is the real party in interest." *Moeller*, 16 Cal. 4th at 1132 n.3.

Here, Plaintiffs argue that they are entitled to rental income from properties owned by the

United States District Court
Northern District of California

1  Black Oak Trust. Mot. at 3.[1] Moreover, Plaintiffs contend that Kast, "through the Black Oak

2  Trust," collects rental income from these properties. Mot. at 4. However, Kast appears not to be

3  the trustee of the Black Oak Trust. For example, one of Plaintiffs' exhibits in support of their

4  motion to assign rent or force sale shows that Mariellen Baker is listed as the trustee of the Black

5  Oak Trust. ECF No. 308-7. Furthermore, Baker asserts that she assumed the role of trustee of the

6  Black Oak Trust on December 31, 2015, when Kast resigned as trustee. ECF No. 213 at 3.

Because Baker now appears to be the trustee of the Black Oak Trust, a point that Plaintiffs' brief concedes, Br. at 7 (describing a bank account "listed under the Black Oak Trust name, with Baker as trustee"), the Court lacks subject matter jurisdiction to enforce the terms of the amended judgment. Baker as trustee of the Black Oak Trust was not party to the copyright infringement lawsuit or original judgment against Kast. ECF No. 118. Thus, to enforce the *amended* judgment, the Court would need to include nonparties to the *original* judgment. Under *Padilla*, that would be an impermissible expansion of the scope of the original judgment, which only concerned Kast in his personal capacity. Therefore, the Court DENIES Plaintiffs' motion to assign rental income or force sale for want of subject matter jurisdiction.

### B. A Stay of these Proceedings is Warranted

The Ninth Circuit has appointed pro bono counsel for Kast and ordered supplemental briefing on two issues that concern Kast's liability as to the copyright charges. *Erickson Productions, Inc. v. Kast*, No. 15-16801, at Dkt. No. 65 (9th Cir. Aug. 23, 2018). Furthermore, the Court is concerned that it lacks subject matter jurisdiction to enforce the terms of the amended judgment. "Courts have the power to consider stays *sua sponte*." *Washington v. Trump*, 2017 WL 1050354, at *3 (W.D. Wash. Mar. 17, 2017). Thus, in the interest of judicial efficiency, this Court will STAY the case until both of Kast's Ninth Circuit appeals have been resolved.

### IV. CONCLUSION

---

[1] According to documents Plaintiffs submitted, two properties were transferred to the Black Oak Trust on January 3, 2012. ECF No. 308-1. *See also* Mot. at 3.

For the foregoing reasons, the Court DENIES Plaintiffs' motion to assign rental income or force sale. Furthermore, the Court STAYS this case pending resolution of Ninth Circuit appeal numbers 15-16801 and 17-17157.

The Clerk shall administratively close the file. This is a purely internal administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated: November 9, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge