UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG RUDINGER KAST, et al.,<br><br>Defendants. | Case No. 13-cv-05472-DMR<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 360 |

On July 3, 2019, the court held a case management conference at which Defendant Kraig Kast made a request for appointment of pro bono counsel. The court ordered Kast to file an administrative motion for appointment of counsel by July 8, 2019, with any opposition by Plaintiffs Erickson Productions Inc. and Jim Erickson due by July 12, 2019. [Docket No. 358.] Kast timely filed his motion, which Plaintiffs oppose. [Docket Nos. 360, 364.][1]

Kast is not an indigent litigant who may lose his physical liberty if he does not prevail in this lawsuit. Therefore he does not have a right to counsel. *See Lassiter v. Dept of Soc. Servs*, 452 U.S. 18, 25 (1981). Kast moves for appointment of counsel pursuant to this district's General Order No. 25, which sets forth four criteria which a pro se litigant must satisfy in order to be found eligible for appointment of pro bono counsel through the district's Federal Pro Bono Project:

   1. The unrepresented litigant must be *in propria persona*;

   2. The unrepresented litigant must not have the financial resources to retain counsel;

   3. The unrepresented litigant must have used reasonable efforts to

---

[1] The court notes that Kast filed a reply to Plaintiffs' opposition, to which Plaintiffs objected. [Docket Nos. 366, 368.] The court declines to consider the reply. Local Rule 7-11, which governs Kast's motion, provides that "[a] Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due." Civ. L.R. 7-11(c). It does not authorize the filing of a reply brief.

> retain private counsel such as through a California State Bar-approved lawyer referral service or have demonstrated that such efforts would be futile; and
>
> 4. The referring judge must determine the case merits *pro bono* representation (this does not mean determining that the litigant is likely to prevail on the merits, but that the litigant's claims are cognizable and the factual and legal issues warrant proper presentation to the Court with the assistance of an attorney).

Gen. Order 25(I)(A).

Kast asserts that he satisfies all four criteria for appointment of pro bono counsel under General Order 25. He also notes that the Ninth Circuit appointed pro bono counsel to represent him in the prior appeal and argues that the "factual and technical legal issues before this Court, are derived from the same technical legal issues already decided by the panel in [his] appeal." Mot. 3.

Plaintiffs oppose the motion. In particular, they vigorously dispute whether Kast has the financial resources to retain counsel and argue that Kast has not made a sufficient showing that he made reasonable efforts to obtain counsel on his own.

The court need not resolve the parties' disputes about Kast's financial resources or his efforts to obtain counsel, because it finds that the case does not merit pro bono representation under the fourth criterion. The court determines that the factual and legal issues presented on remand are straightforward, and Kast can present them properly without appointment of pro bono counsel.

Kast points to the fact that the Ninth Circuit appointed pro bono counsel to represent him on appeal. However, the Court of Appeals issued its appointment order because it determined that appointment of counsel would benefit the court's review of two specific legal issues: (1) Whether the avoidance of licensing fees constitutes a direct financial benefit for purposes of imposing vicarious liability; and (2) Whether a "should have known" willfulness instruction is proper under 17 U.S.C. § 504(c). Case No. 15-16801, Docket No. 54 (9th Cir. May 7, 2018). The Ninth Circuit decided both of those legal issues in its April 16, 2019 opinion. *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822 (9th Cir. 2019). The reason for appointment of counsel before the appellate court no longer exists.

On remand the only issues before this court are (1) whether the current evidentiary record supports a finding of willful infringement under the legal standard announced by the Ninth

Circuit; and (2) the amount of statutory damages to be awarded if the evidence does not support such a finding. *See id*. at 833-34. These issues are not particularly complex. Moreover, Kast's filings in this case demonstrate that he is fully capable of articulating his positions without the assistance of an attorney. Accordingly, Kast's motion for the appointment of pro bono counsel is denied. The briefing schedule set by the court at the initial case management conference remains unchanged. [*See* Docket No. 358.]

**IT IS SO ORDERED.**

Dated: July 18, 2019



Judge Donna M. Ryu
United States Magistrate Judge