UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG RUDINGER KAST, et al.,<br><br>Defendants. | Case No. 13-cv-05472-DMR<br><br>**ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL OR MOTION TO AMEND JUDGMENT**<br><br>Re: Dkt. No. 386 |

Pro se Defendant Kraig Kast filed a motion pursuant to Federal Rule of Civil Procedure 59(a) for a new trial, or in the alternative, a motion pursuant to Federal Rule of Civil Procedure 59(e) to amend the February 12, 2021 judgment. [Docket No. 386.] Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson (together, "Erickson") oppose the motion. [Docket No. 392.] This matter is suitable for decision without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.   BACKGROUND**

Erickson filed suit against Kast in September 2013 alleging that Kast infringed Erickson's copyrights in three photos. Following a three-day trial in April 2015, a jury found that Kast vicariously and contributorily infringed Erickson's copyrights and did so willfully. It awarded Erickson the maximum in statutory damages, $150,000 per photo, for total damages of $450,000, and the Honorable Howard R. Lloyd entered judgment for that amount against Kast. Kast appealed the judgment.

The United States Court of Appeals for the Ninth Circuit affirmed the judgment in part, reversed the judgment in part, and remanded on the issue of willfulness. *Erickson Prods., Inc. v. Kast*, 921 F.3d 822 (9th Cir. 2019). In relevant part, the Ninth Circuit held that the district court erred in including a negligence standard in the jury's willfulness instruction, because

"[n]egligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness, the three mental states that properly support a finding of willfulness." *Id*. at 833 (citations omitted). The Ninth Circuit further determined that "[t]he erroneous willfulness instruction was likely prejudicial to Kast" and "remand[ed] the issue of willfulness to the district court on the existing record." *Id*. at 833, 834. It observed that "[w]hile the evidence may have established that Kast was negligent, it is much less clear that it established recklessness, willful blindness, or actual knowledge," and that "[i]f the jury had been properly instructed, it might well have refused to find Kast willful on this record." *Id*. at 834-45. However, it "disagree[d] with Kast's claim that 'the record permits only one resolution of the factual issue' of willfulness and decline[d] his invitation to enter judgment in his favor." *Id*. at 835 (internal citation omitted).

Following Judge Lloyd's retirement, the matter was reassigned to the undersigned upon remand. [Docket No. 351.] The parties submitted cross-briefing regarding the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence does not support a finding of willfulness. On February 12, 2021, the court ruled that the evidence supports a finding of willfulness and awarded Erickson $450,000 in statutory damages, representing $150,000 per photo. *Erickson Prods. Inc v. Kast* ("*Erickson II*"), No. 13-CV-05472-DMR, 2021 WL 528769, at *1 (N.D. Cal. Feb. 12, 2021) (Order re: Willfulness and Damages Following Remand). The court entered judgment in Erickson's favor for that amount the same day. [Docket No. 381.]

Kast filed the instant motion for a new trial under Rule 59(a) on March 11, 2021. In the alternative, he moves pursuant to Rule 59(e) to amend the February 12, 2021 judgment.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 59 permits a party to file a motion for a new trial or to "alter or amend a judgment no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(a), (e). The rule does not enumerate grounds on which the court may order a new trial, but states that "after a jury trial," a court may "grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A court may also "grant a new trial on all or some of the issues" following

2

a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B).

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order." However, reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Absent highly unusual circumstances, a motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation and citation omitted); *accord Kona*, 229 F.3d at 890.

A district court enjoys considerable discretion in deciding motions brought under Rules 59(a) and 59(e). *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

### III. DISCUSSION

#### A. Motion for a New Trial

Kast argues that the court should grant him a new trial because the Ninth Circuit "said the jury instructions were likely prejudicial to Kast when the jury found Kast to be willful," and that "[a] new trial will . . . determine whether [he] was negligent or willful" and "enable a more just amount of damages to be assessed if any." Mot. 9. In response, Erickson contends that the motion for a new trial is untimely, arguing that Kast did not file his motion within 28 days "after [the] jury trial." Opp'n 2 (emphasis removed, citing Rule 59(a)). Notably, the deadline for filing a motion for a new trial starts running from the date of "entry of judgment," and not, as Erickson suggests, from the date that a trial concludes. *See* Fed. R. Civ. P. 59(b) ("[a] motion for a new trial must be filed no later than 28 days after the entry of judgment"). However, to the extent that Kast's motion is interpreted as a motion for a new trial following a jury trial under Rule 59(a)(1)(A), it is untimely. Following the April 2015 jury trial, Judge Lloyd entered judgment in

3

Erickson's favor on August 19, 2015. [Docket No. 118.] Therefore, any motion for a new trial was due 28 days later, or by September 16, 2015. Kast filed the instant motion on March 11, 2021, over five years later.

In his reply, Kast contends that his motion is timely since he filed it within 28 days of the February 12, 2021 judgment following the court's order on willfulness and damages. Reply 5. He states that he moves for a new trial pursuant to Rule 59(a)(1)(B), which provides that a court may grant a new trial "after a nonjury trial." *Id*. Kast's position appears to be that the proceedings before this court following remand from the Ninth Circuit were a "nonjury trial," thus rendering this motion timely. However, he offers no support for the contention that the proceedings following remand, where the court reviewed the existing record to determine whether the evidence established Kast's willfulness and did not hear any new evidence, constituted a nonjury or bench trial within the meaning of Rule 59. In any event, the court need not resolve the issue because even if Kast's position is correct, he has not shown that a new trial is warranted.

"There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978). Kast does not contend that there is any newly discovered evidence. Instead, he argues that the court made "manifest errors" of law and fact in holding that the evidence supported a finding of willfulness. According to Kast, the court erred because it "inferred throughout its decision that Kast should have known what he didn't know" and that this means that "Kast had constructive knowledge which equates to simple negligence," which the Ninth Circuit held does not support a finding of willfulness. Mot. 10-13; *see Erickson*, 921 F.3d at 833. He then goes on to discuss the evidence, which he claims demonstrates that he was not "reckless." Mot. 13-18. Kast also argues that the $450,000 judgment violates the Fifth and Eighth Amendments to the U.S. Constitution and "is excessive and manifestly unjust" because he was "merely negligent." *Id*. at 18-21.

Kast's position is not persuasive. The court did not find that Kast "should have known" of Only Websites' infringement of Erickson's copyrights; instead, as discussed in detail in the court's February 12, 2021 order, the court found that the evidence at trial "show[ed] that it is more

4

probably true than not that Kast acted in reckless disregard of the 'substantial and unjustified risk' that Only Websites had simply copied the Erickson photos from the Wells Fargo website and had not obtained licenses for them." *Erickson II*, 2021 WL 528769, at *12. Under Ninth Circuit law, a showing that Kast's "actions were the result of reckless disregard for . . . the copyright holder's rights" is sufficient to establish willfulness for purposes of statutory damages. *Erickson*, 921 F.3d at 833. Moreover, the state of mind required to show willfulness may be inferred from the defendant's conduct. *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996) (citing *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992)); *Unicolors, Inc. v. Urb. Outfitters, Inc.*, No. CV1401029SJOVBKX, 2015 WL 12733470, at *7 (C.D. Cal. Feb. 17, 2015), *aff'd,* 853 F.3d 980 (9th Cir. 2017).

As to the argument that the imposition of maximum statutory damages in this case is excessive and unconstitutional, Kast has not shown error. Erickson elected to seek statutory damages in this case. "A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quotation marks and citation omitted). Under Ninth Circuit law, "[i]f statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Id*. (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)). In this case, the statutory maximum per work infringed was $150,000 given the finding of willfulness. 17 U.S.C. § 504(c)(2).

In sum, Kast has not shown that the court's decision was based on a manifest error of law or fact. Instead, he disagrees with the court's determination that the evidence supported a finding that his actions met the standard of "reckless disregard" and award of the maximum statutory damages and seeks to relitigate his case. Accordingly, his motion for a new trial is denied. *See, e.g., Hong Kong TV Video Program, Inc. v. May Kong Mkt. & Video Rental*, 934 F.2d 324, at *4 (9th Cir. 1991) (holding it was not an abuse of discretion to deny motion for a new trial where the moving party "simply contended . . . that they think the district court made the wrong decision").

### B. Motion to Amend the Judgment

Kast's Rule 59(e) motion to amend the February 12, 2021 judgment rests on the same grounds as his Rule 59(a) motion for a new trial; namely, that the court made "manifest errors" of law and fact when it concluded that the evidence supported a finding of willfulness and awarded $450,000 in damages. For the reasons discussed above, Kast's motion does not identify any errors of law or fact. It also does not demonstrate any of the other Rule 59(e) factors justifying relief such as the existence of newly discovered evidence or an intervening change in the controlling law. At bottom, Kast's motion attempts to relitigate the issues the court already decided. But "[t]he purpose of Rule 59(e) is *not* to give an unhappy litigant one additional chance to sway the judge." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (emphasis in original) (quotation marks and citation omitted). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations and quotation marks omitted). Therefore, Kast's Rule 59(e) motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Kast's motion for a new trial, or in the alternative, motion to amend the judgment is denied.

**IT IS SO ORDERED.**

Dated: August 30, 2021



Donna M. Ryu
United States Magistrate Judge