1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ERICKSON PRODUCTIONS INC, et al.,        Case No.  13-cv-05472-DMR

8                     Plaintiffs,

9            v.                               **ORDER ON PLAINTIFFS' MOTION
                                              FOR AN AWARD OF ATTORNEYS'
10   KRAIG RUDINGER KAST, et al.,             FEES AND COSTS**

11                    Defendants.             Re: Dkt. No. 382

12          Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson (together,

13   "Erickson") move pursuant to the Copyright Act, 17 U.S.C. § 505, for an award of attorneys' fees

14   and costs in this copyright infringement action.  [Docket No. 382.]  Pro se Defendant Kraig Kast

15   opposes the motion.  [Docket No. 388.]  This matter is suitable for decision without a hearing.

16   Civ. L.R. 7-1(b).  For the following reasons, the motion is granted in part and denied in part.  The

17   court will determine the amount of attorneys' fees and costs to which Erickson is entitled

18   following supplemental briefing.

19   **I.       BACKGROUND**

20          Erickson filed suit against Kast in September 2013 alleging that Kast infringed Erickson's

21   copyrights in three photos.  Following a three-day trial in April 2015, a jury found that Kast

22   vicariously and contributorily infringed Erickson's copyrights and did so willfully.  It awarded

23   Erickson the maximum in statutory damages, $150,000 per photo, for total damages of $450,000,

24   and the Honorable Howard R. Lloyd entered judgment for that amount against Kast.  [Docket No.

25   118 (Aug. 19, 2015 Judgment).]  Erickson then moved for an award of attorneys' fees and costs

26   pursuant to 17 U.S.C. § 505.  [Docket No. 108.]  Kast appealed the judgment against him to the

27   United States Court of Appeals for the Ninth Circuit (the "first appeal," Case No. 15-16801).[1]

28   _____

     [1] Ninth Circuit Case No. 15-16801.

*United States District Court*
*Northern District of California*

[Docket No. 123.]

Judge Lloyd issued several orders during the pendency of the appeal, three of which are relevant to this motion.  First, in July 2016, the court denied Erickson's motion for fees and costs without prejudice, finding that a fee award was "appropriate and will further the goals of the Copyright Act" but denying the motion on the ground that Erickson had not presented sufficient evidence supporting the reasonableness of the claimed hourly rates.  [Docket No. 174 at 5-6.] Following supplemental submissions by the parties, the court issued a second order in August 2017 granting in part and denying in part the motion for fees and costs and awarded Erickson $182,961.00 in attorneys' fees and $3,225.58 in costs.  [Docket No. 242.]

Additionally, in October 2017, the court granted in part Erickson's motion to amend the judgment to add judgment debtors.  [Docket No. 243.]  The court issued an amended judgment on October 18, 2017 that added the following judgment debtors to the judgment: Warren Craig Rudinger; Kraig Kast, Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995); Atherton Trust; Atherton & Associates; Atherton Insurance Services; The Atherton Company; Atherton Investment Advisors; and CB Real Estate Wealth management.  [Docket No. 246 (Oct. 18, 2017 Am. Judgment).]  The amended judgment was for $636,186.58 plus post-judgment interest from August 19, 2015, which represented $450,000 in damages awarded by the jury, $182,961.00 in attorneys' fees, and $3,225.58 in costs.  *Id*.

Kast appealed the court's order granting in part the motion to amend the judgment (the "second appeal," Case No. 17-17157).[2]  [Docket No. 247.]

With respect to the first appeal, the Ninth Circuit affirmed the judgment in part, reversed the judgment in part, and remanded on the issue of willfulness.  *Erickson Prods., Inc. v. Kast* ("*Erickson I*"), 921 F.3d 822 (9th Cir. 2019).  In relevant part, the Ninth Circuit held that the district court erred in including a negligence standard in the jury's willfulness instruction, because "[n]egligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness, the three mental states that properly support a finding of willfulness."  *Id*. at 833 (citations omitted).  The Ninth Circuit further determined that "[t]he erroneous willfulness

---

[2] Ninth Circuit Case No. 17-17157.

instruction was likely prejudicial to Kast" and "remand[ed] the issue of willfulness to the district court on the existing record." *Id*. at 833, 834.  It observed that "[w]hile the evidence may have established that Kast was negligent, it is much less clear that it established recklessness, willful blindness, or actual knowledge," and that "[i]f the jury had been properly instructed, it might well have refused to find Kast willful on this record." *Id*. at 834-45.  However, it "disagree[d] with Kast's claim that 'the record permits only one resolution of the factual issue' of willfulness and decline[d] his invitation to enter judgment in his favor." *Id*. at 835 (internal citation omitted).  At the conclusion of its opinion, the court ordered "[e]ach party to bear its own costs." *Id*. at 836.

As to the second appeal, the Ninth Circuit affirmed the court's October 2017 order granting in part Erickson's motion to amend the judgment in a separate memorandum disposition. *Erickson Prods., Inc. v. Kast* ("*Erickson II*"), 769 Fed. Appx. 482 (9th Cir. 2019).  The court subsequently awarded attorneys' fees on appeal to Erickson for the second appeal and referred the determination of the amount of fees to the Appellate Commissioner.  [Docket No. 384-4 (Kleinman Decl., Feb. 26, 2021) ¶ 10, Ex. 4 (Ninth Circuit Fees Order).]  On October 3, 2019, the Appellate Commissioner awarded Erickson $13,955 in attorneys' fees.  *Id*.

Following Judge Lloyd's retirement, the matter was reassigned to the undersigned upon remand.  [Docket No. 351.]  The parties submitted cross-briefing regarding the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence did not support a finding of willfulness.  On February 12, 2021, the court ruled that the evidence supported a finding of willfulness and awarded Erickson $450,000 in statutory damages, representing $150,000 per photo.  *Erickson Prods. Inc v. Kast* ("*Erickson III*"), No. 13-CV-05472-DMR, 2021 WL 528769, at *1 (N.D. Cal. Feb. 12, 2021) (Order re: Willfulness and Damages Following Remand).  The court entered judgment in Erickson's favor against Kast for that amount the same day.  [Docket No. 381.]

Erickson now seeks attorneys' fees and costs pursuant to 17 U.S.C. § 505 for work performed on: 1) the appeal in *Erickson I*; 2) the proceedings on remand in *Erickson III* regarding the issue of willfulness; and 3) post-judgment collection efforts.  Mot. 4-10.  He also asks the court to amend the February 12, 2021 judgment to include the awards of attorneys' fees and costs

1   and to include the judgment debtors listed in the October 18, 2017 Amended Judgment.

2   **II.    LEGAL STANDARD**

3          The Copyright Act provides that in any civil action for infringement, "the court in its

4   discretion may allow the recovery of full costs by or against any party other than the United

5   States," including "a reasonable attorney's fee to the prevailing party as part of the costs."  17

6   U.S.C. § 505.

7          Section 505 "grants courts wide latitude" to award attorneys' fees in a copyright case

8   "based on the totality of the circumstances."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct.

9   1979, 1985 (2016).  "Courts may consider (but [are] not limited to) five factors in making an

10  attorneys' fees determination . . . (1) the degree of success obtained, (2) frivolousness, (3)

11  motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and

12  (5) the need to advance considerations of compensation and deterrence."  *Tresona Multimedia,*

13  *LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (quotation marks

14  omitted) (quoting *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)).

15  While these factors "are not exclusive and need not all be met," *Fantasy, Inc. v. Fogerty*, 94 F.3d

16  553, 558 (9th Cir. 1996), the Supreme Court has instructed courts to accord "[s]ubstantial weight"

17  to the fourth factor, the reasonableness of the losing party's legal and factual arguments.  *Shame*

18  *on You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (quoting *Kirtsaeng*, 136 S. Ct. at

19  1989).  Courts may also consider "the purposes of the Copyright Act, and whether the chilling

20  effect of attorney's fees may be too great or impose an inequitable burden on an impecunious

21  [litigant]."  *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citation

22  and quotation marks omitted).

23         Ultimately, when assessing requests for attorneys' fees under section 505, "courts must

24  view all the circumstances of a case on their own terms, in light of the Copyright Act's essential

25  goals," including "enriching the general public through access to creative works" by "encouraging

26  and rewarding authors' creations while enabling others to build on that work."  *Kirtsaeng*, 136 S.

27  Ct. at 1986, 1989 (internal citations and quotation marks omitted).

28

United States District Court
Northern District of California

4

United States District Court
Northern District of California

### III.   DISCUSSION

#### A.   Whether Erickson May Obtain A Supplemental Award of Attorneys' Fees and Costs

Erickson seeks attorneys' fees and costs for work performed in connection with 1) the appeal in *Erickson I*; 2) the proceedings on remand in *Erickson III* regarding the issue of willfulness; and 3) post-judgment collection efforts.

Kast does not challenge the reasonableness of the hours billed, the hourly rates, or the requested costs.  Instead, he opposes the motion by arguing that the Ninth Circuit's opinion in *Erickson I* ordered "[e]ach party to bear its own *costs*." *Erickson I*, 921 F.3d at 836 (emphasis added).  According to Kast, "costs include attorney's fees"; therefore, he argues, the Ninth Circuit's order precludes any award of fees in this case, seemingly including those already awarded.  Opp'n 2-3.

Kast's position that Erickson is not entitled to the fees and costs previously awarded by Judge Lloyd is without merit.  Kast did not appeal the court's July 22, 2016 order finding that a fee award was "appropriate and will further the goals of the Copyright Act" following a consideration of the relevant factors, nor did he appeal the August 25, 2017 order granting in part Erickson's motion for fees and costs and awarding $182,961.00 in fees and $3,225.58 in costs. The Ninth Circuit did not address the issue in *Erickson I*.  Accordingly, Judge Lloyd's conclusion that an award of fees and costs was warranted under section 505 remains undisturbed.[3]

Next, Kast argues that the Ninth Circuit's order in *Erickson I* that "[each] party [shall] bear its own costs" precludes Erickson's current fee request.  Kast cites *Marek v. Chesny*, 473 U.S. 1 (1985), in support of his assertion that the word "costs" in "[e]ach party to bear its own costs" must be interpreted to include attorneys' fees.  In *Marek*, the Supreme Court considered "whether attorney's fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff

---

[3] It is not clear whether Kast also challenges the fees awarded by the Ninth Circuit in connection with *Erickson II*.  To the extent he does, the request is denied, as he offers no argument or authority that this court has jurisdiction to vacate the Ninth Circuit's award.

recovers a judgment less than the offer." *Id*. at 3.[4]  The Court examined "whether the term

"'costs' as used in Rule 68 includes attorney's fees awardable under 42 U.S.C. § 1988" and

concluded that it does, holding that "[c]ivil rights plaintiffs—along with other plaintiffs—who

reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's

fees for services performed after the offer is rejected." *Id*. at 7, 10.

   *Marek* does not apply here.  The current case does not involve a Rule 68 offer of judgment,

and nothing in *Marek* suggests that the Supreme Court intended to define the term "costs" beyond

the meaning of Rule 68.  Here, the Ninth Circuit ordered "[e]ach party to bear its own costs" in the

context of Federal Rule of Appellate Procedure 39, which governs the taxation of costs on appeal.[5]

In *Family PAC v. Ferguson*, 745 F.3d 1261, 1269 (9th Cir. 2014), the Ninth Circuit specifically

held that "the term 'costs' under Federal Rule of Appellate Procedure 39 does not include

attorney's fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes."  *See also*

*id*. at 1263-64 (noting that section 1988 "is one of a number of federal fee shifting statutes that

allow a prevailing party to recover 'a reasonable attorney's fee as part of the costs.'").  Therefore,

---

[4] Rule 68 provides in relevant part that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

[5] In relevant part, Rule 39 sets forth rules regarding "against whom [costs] are assessed" on appeal, as follows:

  **(a) Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:

    **(1)** if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

    **(2)** if a judgment is affirmed, costs are taxed against the appellant;

    **(3)** if a judgment is reversed, costs are taxed against the appellee;

    **(4)** if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

  . . .

Fed. R. App. P. 39(a).

the Ninth Circuit's order in *Erickson I* that "[e]ach party […] bear its own costs" does not preclude Erickson from recovering an additional attorneys' fees award at this stage.

However, the court finds that Erickson may not obtain attorneys' fees incurred on appeal in *Erickson I* because he did not first present an application for fees to the Ninth Circuit. Ninth Circuit Rule 39-1.6 governs the timing and form of requests for attorneys' fees. It provides in relevant part that

> [a]bsent a statutory provision to the contrary, a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed. If a timely petition for rehearing is filed, the request for attorneys['] fees shall be filed no later than 14 days after the Court's disposition of the petition.

Ninth Cir. Rule 39-1.6(a). Ninth Circuit Rule 39-1.8 provides that "[a]ny party who is or may be eligible for attorneys['] fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys['] fees on appeal to the district court . . . from which the appeal was taken." In *Cummings v. Connell*, 402 F.3d 936, 940 (9th Cir. 2005), the Ninth Circuit held that, "pursuant to Ninth Circuit Rule 39-1.6, a request for attorney's fees incurred on appeal must be made to us, not to the district court. The district court is not authorized to award attorney's fees for an appeal unless we transfer the fee request to the district court for consideration." *See also id. at* 947-48 ("the decision to permit the district court to handle [a fees-on-appeal request] rests with the court of appeals.").

Here, the Ninth Circuit filed *Erickson I* on April 16, 2019. It denied Erickson's petition for panel rehearing and rehearing en banc on May 23, 2019. *Erickson Productions v. Kast*, No. 15-16801, at Docket No. 100 (9th Cir. May 23, 2019). Therefore, any request for fees in connection with the appeal was due 14 days later.

In a footnote, Erickson acknowledges that he did not first seek to recover attorneys' fees directly from the Ninth Circuit. He states that such failure "is not a bar to this Court's awarding such fees now," citing *Twentieth Century Fox Film Corp. v. Entertainment Distrib.*, 429 F.3d 869, 884 (9th Cir. 2005), *abrogated on other grounds by Rimini Street, Inc. v. Oracle USA*, Inc., 139 S. Ct. 873 (2019). Mot. 5 n.1. *Twentieth Century Fox* does not help Erickson. In that case, a district

court awarded section 505 attorneys' fees for certain work incurred by the prevailing party in connection with an intermediate appeal that it had lost. *Twentieth Century Fox*, 429 F.3d at 875. The court affirmed the award on the ground that the prevailing party was "to be compensated for attorney[s'] fees incurred for services that contribute to the ultimate victory in the lawsuit," noting that "[r]are . . . is the litigant who doesn't lose some skirmishes on the way to winning the war." *Id*. at 884 (quoting *Cabrales v. Los Angeles*, 935 F.2d 1050, 1052, 1053 (9th Cir. 1991)). The Ninth Circuit mentioned the losing party's argument that the prevailing party had not filed a fee request with the Ninth Circuit but did not discuss or rule on it. The opinion only addresses a prevailing party's substantive entitlement to a fee award; it does not rule on the procedural requirements for such an award, which are set forth in Ninth Circuit Rule 39-1.6 and governed by *Cummings*. Accordingly, Erickson's request for attorneys' fees incurred in connection with the appeal in *Erickson I* is denied. *See, e.g, Asset Mktg. Sys., Inc. v. Gagnon*, No. 03-CV-2234-B (CAB), 2009 WL 10720557, at *7-8 (S.D. Cal. May 7, 2009) (denying section 505 fees incurred on appeal for failure to comply with Ninth Circuit Rules).

### B.    Analysis of the Section 505 Discretionary Factors

The court now turns to the question of whether the totality of circumstances supports a supplemental award of attorneys' fees and costs for the proceedings on remand in *Erickson III* regarding the issue of willfulness and for post-judgment collection efforts.

As noted, the factors the court may consider in determining whether Erickson should be awarded attorneys' fees and costs include "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresona*, 953 F.3d at 653. The court may also consider "the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant]." *Glacier Films*, 896 F.3d at 1037 (citation and quotation marks omitted).

Kast only discusses two factors: the degree of success obtained and deterrence. Opp'n 3. First, he argues that he prevailed on "more than just the vicarious infringement and willfulness portion of the appeal," but "was held not to be a direct infringer nor a vicarious infringer and Kast

8

won the willfulness argument." *Id*.  Therefore, Kast argues, he "won on three quarters of [Erickson's] original complaint," and he has moved for a new trial on the issue of willfulness and to amend the judgment.[6]  *Id*.  Kast inaccurately minimizes the degree of success obtained by Erickson in this litigation.  Although Erickson did not succeed on his direct or vicarious liability theories of infringement, the Ninth Circuit affirmed the contributory liability verdict and remanded the issue of willfulness to the district court.  *See Erickson I*, 921 F.3d at 829-35.  On remand, the court concluded that the evidence supports a finding of willfulness and awarded Erickson $450,000, the maximum available statutory damages.  *Erickson III*, 2021 WL 528769, at *12-13.[7] Erickson thus obtained substantial success in this litigation, which weighs in favor of a supplemental award.  He also prevailed on the issue of willful infringement, which the Ninth Circuit has held "is an important factor favoring an award of fees[.]"  *See Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996).

As to whether an award would "advance considerations of compensation and deterrence," Kast states that "deterrence isn't necessary as the gigantic size of the damage award is enough to deter anyone in their right mind from using unlicensed photos, knowingly or otherwise."  Opp'n 3. The court agrees that a supplemental fee award would not likely advance the consideration of deterrence because Erickson was awarded $450,000 in damages.  The concern expressed by the Ninth Circuit that a smaller damages award may be "insufficient to deter future copyright infringements" simply is not present in this case.  *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (remanding for reconsideration of motion for attorneys' fees under section 505 where prevailing party was awarded only $375 in damages and district court denied fees); *Glacier Films*, 896 F.3d at 1039-40 (finding that court "did not appropriately weigh the interests of deterrence and compensation" where the plaintiff obtained only $1,500 in stipulated judgment and district court denied fees).

---

[6] The court denied Kast's motion for a new trial on August 30, 2021.  [Docket No. 409.]

[7] Had the court found that the evidence did not establish willfulness, the maximum amount of statutory damages Erickson could recover per photo is $30,000, for a total maximum award of $90,000 in statutory damages.  *See* 17 U.S.C. § 504(c)(1).

At the same time, an award of attorneys' fees would further the goal of compensating Erickson for the expenses incurred in enforcing the copyrights. As Judge Lloyd previously found, "a fee award encourages valid copyright owners, such as Erickson, to protect their works where it might otherwise not be economical to do so." [Docket No. 174 at 4.] The court notes, however, that Erickson has already received a substantial fee award in this case. Therefore, the compensation factor weighs somewhat in favor of a supplemental award.

As to the reasonableness of Kast's factual and legal positions, Erickson argues that Kast's conduct subsequent to the trial and his trial testimony were objectively unreasonable, noting that the court's order on willfulness references numerous instances in which Kast's trial testimony was "undermined" or "expressly contradicted" by other evidence in the record. Mot. 8; *see Erickson III*, 2021 WL 528769, at *10, 11. The court declines to find that Kast's factual and legal positions were unreasonable on the basis of the evidence introduced at trial; as the Ninth Circuit observed in *Erickson I*, "[i]f the jury had been properly instructed" on the issue of willfulness, "it might well have refused to find Kast willful" based on such evidence. 921 F.3d at 835.

However, Erickson also notes that Kast "has repeatedly made misleading and outright false representations" about his finances and arguments related to Erickson's collection efforts, which he argues are "clearly intended to multiply these proceedings and increase the costs of litigation." *Id*. at 8-9. Erickson argues that in granting his motion to amend or alter the original judgment, Judge Lloyd found that "it appears that Kast has used the purported conveyances to the Baker/Black Oak Trust as a ruse to avoid payment of the judgment as to Erickson" and found some of Kast's assertions in opposition to the motion were not credible. [Docket No. 243 at 18.] Judge Lloyd also noted Kast's inability to respond to assertions about actions it appeared Kast took to avoid creditors. *Id*. at 16-18. In a subsequent order on a motion to compel post-judgment discovery, Judge Lloyd found that Erickson presented evidence that "raised legitimate suspicions about the extent of comingling of Kast's and [his fiancé] Baker's finances." [Docket No. 297 at 4.] Erickson also cites emails by Kast from 2012, 2015, and 2016 in which he made "baseless allegations" of misconduct by Erickson's counsel and threatened to report him to law enforcement, among other things. [Docket No. 383 (McCulloch Decl. Feb. 26, 2021) ¶¶ 6, 7, Exs. 1, 2.]

1    Kast does not respond to this argument and makes no attempt to show that his conduct in

2    this litigation, particularly with respect to Erickson's efforts to collect on the judgment, has been

3    reasonable.  The record is therefore unrebutted that Kast has taken unreasonable, uncooperative

4    positions on the issue of collection.[8]

5    The remaining factors do not weigh against a supplemental fee award.  Erickson's lawsuit

6    was not frivolous; the jury found that Erickson's copyrights had been infringed and the court

7    concluded that the evidence supported a finding of willfulness on remand.  As to Erickson's

8    motivations in bringing this lawsuit, Erickson sought to enforce the copyrights and recover an

9    award for Kast's infringement, neither of which is improper.

10    Reviewing the totality of the circumstances, the court finds that Erickson obtained

11    substantial success in the litigation, including a ruling that Kast's infringement was willful.

12    Considerations of compensation are present but somewhat less compelling at this juncture given

13    that Erickson has already received a substantial fee award.  Additional fees are not necessary to

14    deter Kast from further infringing behavior in light of the $450,000 damages award he faces.

15    However, Kast's unreasonable positions in the collection efforts, identified in rulings by Judge

16    Lloyd, may both justify a supplemental fee award as well as deter Kast from similar future

17    behavior.  The court finds on balance that Erickson has established that a supplemental award of

18    fees and costs is appropriate and would further the objectives of the Copyright Act by encouraging

19    the enforcement of copyrights.

20    However, the court is unable to determine the amount of an appropriate supplemental fee

21    award on the current record.  Although Erickson submitted detailed time records for the time

22

23    _____

24    [8] Kast did not object to Erickson's fee request for post-judgment collection work as not
compensable under section 505 and has thereby waived any argument on this point.  It is
25    nevertheless worth noting that at least one court held that "[t]he language of § 505 is broad enough
to encompass an award of fees for post-judgment collection efforts," including obtaining an
26    amendment of the original judgment to add judgment debtors.  *See Odnil Music Ltd. v. Katharsis
LLC*, No. CIV S-05-0545WBSEFBP, 2008 WL 958109, at *2 (E.D. Cal. Apr. 8, 2008), *report and
27    recommendation adopted,* No. S-05-0545 WBS EFB, 2008 WL 1930301 (E.D. Cal. May 1, 2008)
(granting motion for supplemental award of attorneys' fees under section 505, including fees
28    incurred in requesting amendment of the judgment to add judgment debtors and obtaining
injunctive relief).

United States District Court
Northern District of California

United States District Court
Northern District of California

1  requested, he did not categorize or organize the records in a way that enables the court to

2  determine what time was spent on the appeal in *Erickson I*, which is not compensable due to

3  procedural defects, what time was spent on post-judgment collections, and what time was spent on

4  *Erickson III*, which covered the willfulness briefing on remand.  [*See* Docket No. 384 (Kleinman

5  Decl. Feb. 26, 2021) ¶¶ 7-8, Ex. 2.]

6        Additionally, Erickson asks for fees for work performed by attorney Lynda Chung but

7  does not set forth her hourly rate or submit evidence supporting her hourly rate.  Instead, he

8  simply submitted her invoices.  *Id*. at ¶ 9, Ex. 4.  This is insufficient.  Chung's invoices also

9  include costs, but Erickson does not specifically address these in his motion or supporting

10  declarations.  If Erickson seeks an award of costs, he must set forth the categories of costs

11  requested and provide authority that each category is compensable.  *See Rimini Street, Inc. v.*

12  *Oracle USA, Inc*., 139 S. Ct. 873, 875 (2019) (holding that the Copyright Act's reference to "full

13  costs" in section 505 "covers only the six categories specified in the general costs statute").

14        Within 14 days, Erickson shall resubmit the evidence supporting his request for a

15  supplemental award of attorneys' fees (and costs, if requested) in accordance with the rulings set

16  forth in this order.  Erickson must eliminate all fees for work performed in the *Erickson I* appeal

17  and may not change any time records or add any new ones.  He shall mark the time records (using

18  color coding, symbols, or any other reasonable method) to denote whether the specific record

19  reflects work performed on remand in *Erickson III*, or work performed on post-judgment

20  collection efforts.  He shall submit the evidence along with a declaration signed under penalty of

21  perjury setting forth the total amount of fees requested in each of the two allowable categories.  If

22  he seeks an award of costs, the declaration shall also categorize the costs and set forth the total

23  amount of costs in each category along with authority that each category is compensable.

24  Erickson shall also submit a proposed amended judgment with the evidence in support of a

25  supplemental award of fees.  Kast did not challenge the reasonableness of the hours or the rates

26  and has thus waived the right to do so now.  However, Kast may submit a response to challenge

27  the categorization of specific time records that will be reflected in Erickson's new submission.

28  Kast's response may not exceed three pages and must be filed within seven days of the date that

1  Erickson files the evidence.

2  **IV.    CONCLUSION**

3         For the foregoing reasons, Erickson's motion for a supplemental award of attorneys' fees

4  and costs is granted in part and denied in part.

5

6         **IT IS SO ORDERED.**

7  Dated: August 31, 2021

8



9

10