UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KRAIG RUDINGER KAST, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-05472-DMR<br><br>**ORDER AWARDING ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 413 |

Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson (together, "Erickson") filed a motion pursuant to the Copyright Act, 17 U.S.C. § 505, for an award of attorneys' fees and costs in this copyright infringement action. [Docket No. 382.] In a prior order, the court granted Erickson's fee motion in part, finding that Erickson had established that an award of fees and costs was appropriate under the Copyright Act but that the court was unable to determine the amount of such an award on the existing record. [Docket No. 410 (Aug. 31, 2021 Order).] Therefore, the court ordered Erickson to resubmit evidence supporting his request for a fee award. *Id*. Erickson timely submitted the supplemental evidence, to which pro se Defendant Kraig Kast filed a response. [Docket Nos. 413, 414.]

This order sets forth the amount of the attorneys' fees and costs that the court awards Erickson in accordance with the August 31, 2021 Order. This matter is suitable for decision without a hearing. Civ. L.R. 7-1(b).

**I.　BACKGROUND**

The court set forth a detailed procedural history in its previous order on attorneys' fees and summarizes the relevant background here. *Erickson Prods. Inc. v. Kast* ("*Erickson IV*"), No. 13-CV-05472-DMR, 2021 WL 3887797, at *1-2 (N.D. Cal. Aug. 31, 2021).

Erickson filed suit against Kast in September 2013 alleging that Kast infringed Erickson's

copyrights in three photos. In April 2015, a jury found that Kast vicariously and contributorily infringed Erickson's copyrights and did so willfully. It awarded Erickson $450,000, which was the maximum in statutory damages. After the Honorable Howard R. Lloyd entered judgment for that amount against Kast, Erickson moved for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505. Kast appealed the judgment against him to the United States Court of Appeals for the Ninth Circuit (the "first appeal," Ninth Circuit Case No. 15-16801).

Judge Lloyd granted in part and denied in part Erickson's motion for fees and costs and awarded him $182,961.00 in attorneys' fees and $3,225.58 in costs. [Docket Nos. 174, 242.] In October 2017, the court granted in part Erickson's motion to amend the judgment to add judgment debtors. [Docket No. 243.] The court issued an amended judgment on October 18, 2017 that added the following judgment debtors to the judgment: Warren Craig Rudinger; Kraig Kast, Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995); Atherton Trust; Atherton & Associates; Atherton Insurance Services; The Atherton Company; Atherton Investment Advisors; and CB Real Estate Wealth management. [Docket No. 246 (Oct. 18, 2017 Am. Judgment).] The amended judgment was for $636,186.58 plus post-judgment interest from August 19, 2015, which represented $450,000 in damages awarded by the jury, $182,961.00 in attorneys' fees, and $3,225.58 in costs. *Id*.

Kast appealed the court's order granting in part the motion to amend the judgment (the "second appeal," Ninth Circuit Case No. 17-17157).

With respect to the first appeal, the Ninth Circuit affirmed the judgment in part, reversed the judgment in part, and remanded on the issue of willfulness. *Erickson Prods., Inc. v. Kast* ("*Erickson I*"), 921 F.3d 822 (9th Cir. 2019). As to the second appeal, the Ninth Circuit affirmed the court's October 2017 order granting in part Erickson's motion to amend the judgment in a separate memorandum disposition. *Erickson Prods., Inc. v. Kast* ("*Erickson II*"), 769 Fed. Appx. 482 (9th Cir. 2019). The court subsequently awarded attorneys' fees on appeal to Erickson for the second appeal and referred the determination of the amount of fees to the Appellate Commissioner. [Docket No. 384-4 (Kleinman Decl. Feb. 26, 2021) ¶ 10, Ex. 4 (Ninth Circuit Fees Order).] On October 3, 2019, the Appellate Commissioner awarded Erickson $13,955 in

attorneys' fees. *Id*.

Following Judge Lloyd's retirement, the matter was reassigned to the undersigned upon remand. [Docket No. 351.] The parties submitted cross-briefing regarding the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence did not support a finding of willfulness. On February 12, 2021, the court ruled that the evidence supported a finding of willfulness and awarded Erickson $450,000 in statutory damages, representing $150,000 per photo. *Erickson Prods. Inc v. Kast* ("*Erickson III*"), No. 13-CV-05472-DMR, 2021 WL 528769, at *1 (N.D. Cal. Feb. 12, 2021) (Order re: Willfulness and Damages Following Remand). The court entered judgment in Erickson's favor against Kast for that amount the same day. [Docket No. 381.]

Erickson subsequently moved for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 for work performed on: 1) the appeal in *Erickson I*; 2) the proceedings on remand in *Erickson III* regarding the issue of willfulness; and 3) post-judgment collection efforts. [Docket No. 382.] He also asked the court to amend the February 12, 2021 judgment to include the awards of attorneys' fees and costs and to include the judgment debtors listed in the October 18, 2017 Amended Judgment. On August 31, 2021, the court granted the motion in part and denied it in part, holding that Erickson "established that a supplemental award of fees and costs is appropriate and would further the objectives of the Copyright Act by encouraging the enforcement of copyrights." *Erickson IV*, 2021 WL 3887797, at *7. The court granted the motion as to the request for attorneys' fees and costs for work performed on the proceedings on remand in *Erickson III* and post-judgment collection efforts, but denied the motion as to attorneys' fees incurred in connection with the appeal in *Erickson I*. *Id*. at *4-7.

The court found that it was unable to determine the amount of an appropriate supplemental fee award on the existing record as Erickson did not categorize or organize the time records submitted with the motion in a way that enabled the court to distinguish between compensable and non-compensable time. Erickson also requested attorneys' fees for work performed by attorney Lynda Chung without setting forth her hourly rate or evidence supporting the rate. Erickson also requested reimbursement for costs that he did not address in the motion. *Id*. at *7. Therefore, the

3

1  court ordered Erickson to resubmit the evidence supporting his request for attorneys' fees and
2  costs as follows:

> Within 14 days, Erickson shall resubmit the evidence supporting his request for a supplemental award of attorneys' fees (and costs, if requested) in accordance with the rulings set forth in this order. Erickson must eliminate all fees for work performed in the *Erickson I* appeal and may not change any time records or add any new ones. He shall mark the time records (using color coding, symbols, or any other reasonable method) to denote whether the specific record reflects work performed on remand in *Erickson III*, or work performed on post-judgment collection efforts. He shall submit the evidence along with a declaration signed under penalty of perjury setting forth the total amount of fees requested in each of the two allowable categories. If he seeks an award of costs, the declaration shall also categorize the costs and set forth the total amount of costs in each category along with authority that each category is compensable.

*Id.* at *7. The court noted that Kast had not challenged the reasonableness of the hours or the rates requested and thus waived the right to do so, but gave Kast leave to "submit a response to challenge the categorization of specific time records that [would] be reflected in Erickson's new submission." *Id*.

Erickson timely filed the supplemental evidence. [Docket No. 413 (Kleinman Decl. Sept. 14, 2021).] Kast filed a response to Erickson's submissions in which he re-argues the merits of Erickson's motion for attorneys' fees but does not otherwise "challenge the categorization of specific time records" in Erickson's supplemental submission. [Docket No. 414.]

**II.  ATTORNEYS' FEES**

The court determines reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 434; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). The requesting party also has the burden to demonstrate that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks and citation

4

omitted). Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Fee awards calculated under the loadstar method generally are presumed to be reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1208-09 (9th Cir. 2013). At the same time, the court may adjust this figure "if circumstances warrant" in order "to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The court "should . . . exclude from the lodestar fee calculation any hours that were not 'reasonably expended,' such as hours that are excessive, redundant, or otherwise unnecessary." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1281 (N.D. Cal. 2014) (quoting *Hensley*, 461 U.S. at 433-34). In addition, the Ninth Circuit has stated that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Erickson seeks attorneys' fees of $39,204.00 for work performed in connection with the proceedings on remand in *Erickson III* regarding willfulness. Kleinman Decl. ¶ 4, Ex. 1. Erickson also requests $113,662.00 for work on post-judgment collection efforts. Kleinman Decl. ¶ 4.

### A. Reasonable Hourly Rate

Erickson seeks fees for work performed by three timekeepers at McCulloch Kleinman Law: attorneys Nathaniel A. Kleinman and Kevin McCulloch and paralegal Lesly Ayala.

As an associate, Kleinman's hourly rate was $300 in from 2015-2016 and $350 from 2017-2019. In 2020, when he became a partner at the firm, his hourly rate increased to $450. Kleinman Decl. ¶ 6. Kleinman graduated from law school in 2013 and has been practicing intellectual property and copyright law for over seven years. *Id*. at ¶ 7. McCulloch's hourly rate from 2015-2016 was $550. From 2017-2019, his hourly rate was $600, and since 2020 his hourly rate has been $650. *Id*. at ¶ 9. McCulloch, who is a senior partner, has over 15 years of litigation

experience. Ayala is a senior paralegal with over 10 years of experience. From 2015-2016, her hourly rate was $75. Since 2017, her hourly rate has been $120.

Judge Lloyd approved McCulloch's $550 hourly rate and Ayala's $75 hourly rate in 2017. [*See* Docket No. 242 at 2-3.] In 2019, the Ninth Circuit approved hourly rates of $600 for McCulloch, $350 for Kleinman, and $120 for Ayala in connection with its award of fees in *Erickson II*. Ninth Circuit Fees Order at 2-3.

After reviewing the supporting declaration and considering the experience of counsel, the court finds that Kleinman's hourly rates of $300, $350, and $450 are reasonable, as are McCulloch's hourly rates of $550, $600, and $650. As noted above, Kast did not object to any of the rates requested in this motion. Moreover, these rates are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). *See, e.g., Automattic, Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1032-33 (N.D. Cal. 2015) (approving average rate of $418.50 per hour for three attorneys in copyright case and noting that "the average billing rate for intellectual property attorneys in San Francisco is $547 per hour"); *Livingston v. Art.com, Inc*., No. 13-cv-03748-JSC, 2015 WL 4319851 at *12 (N.D. Cal., Apr. 17, 2015) (noting that the average hourly rate for intellectual property attorneys in San Francisco is $547 and awarding $325 hourly rate for attorney with 2.5 years of experience); *Goldberg v. Cameron*, No. C-05-03534 RMW, 2011 WL 3515899, at *7-8 (N.D. Cal. Aug. 11, 2011) (awarding attorneys' fees ranging from $225 to $550 in copyright infringement case while noting that "[s]everal California attorneys charge hourly rates in the $600-$900 dollar range"). Ayala's hourly rates of $75 and $120 are also reasonable. *See In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) (noting that "reasonable hourly rates . . . for paralegals and litigation support staff [range] from $150 to $240" in the Bay Area).

Erickson also seeks fees for work performed by Lynda Chung, Gary Torrell, and Jacqueline Yu, attorneys at the firm Valensi Rose, PLC. According to Kleinman, McCulloch Kleinman Law retained Valensi Rose, PLC in 2016 to assist in enforcing and collecting the initial judgment in this case. Kleinman Decl. ¶ 12. Chung, who is a partner and head of the firm's

6

Litigation Group, has practiced law in California since 1995. Her hourly rate is $380. Torrell is a former partner at Valensi Rose, PLC and was admitted to practice law in California in 1983. His hourly rate is $575. Yu's hourly rate is $325; she was admitted to the California bar in 2007. Kleinman Decl. ¶¶ 8, 12, Ex. 3. Kleinman states that these rates are consistent with the American Intellectual Property Law Association's biennial surveys of average billing rates for intellectual property attorneys, which show that the average hourly rate in 2016 in San Francisco was $476 for an associate attorney and $634 for a partner. The average hourly rate for partners in 2018 in San Francisco was $665. Kleinman Decl. Ex. 3. Data regarding hourly rates for intellectual property attorneys is of little assistance in determining whether the hourly rates at issue for Chung, Torrell, and Yu are reasonable, since the court must rely on the prevailing rate in the community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979 (quotation omitted). The Valensi Rose, PLC attorneys performed work solely related to enforcement and collection of the August 2015 judgment in this case, not work related to the merits of Erickson's copyright claims. However, based on the court's own experience and knowledge, the hourly rates requested for Chung, Torrell, and Yu are within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation doing similar work in the San Francisco Bay Area. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."). Accordingly, the court finds the requested rates are reasonable.

### B. Reasonable Number of Hours

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 429). The court may reduce the number of hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id*.

As noted, Erickson seeks attorneys' fees of $39,204.00 for work performed in connection with the proceedings on remand in *Erickson III* regarding willfulness. Kleinman Decl. ¶ 4, Ex. 1

at ECF pp. 25-30.  This amount also includes work on the instant motion for attorneys' fees.  *See* Kleinman Decl. Ex. 1 at ECF pp. 29-30.  Erickson submitted detailed time records to support this request.  Kleinman Decl. Ex. 1.  The court has reviewed the time records for this category of work and finds that the number of hours billed is reasonable.  Accordingly, it awards the full amount requested, $39,204.00.

Erickson also seeks $114,662.00 for work on post-judgment enforcement and collection.  Kleinman Decl. ¶¶ 4, Ex. 1.  This sum includes $25,137.00 in fees paid to Valensi Rose, PLC for work performed in 2016 and 2017.  Kleinman Decl. ¶ 13, Ex. 4 (Valensi Rose, PLC invoices).  The remaining balance represents fees for hours worked by attorneys at McCulloch Kleinman Law from September 2015 through November 2018.  Kleinman Decl. Ex. 1 at ECF pp. 3-24.  Based on its review of these time records and invoices, the court finds that the number of hours billed is reasonable, with the exception of 1.2 hours billed by Kleinman at the hourly rate of $300 and .5 hour billed by McCulloch at the hourly rate of $550, all of which pertained to work in October 2015 related to Erickson's judgment against Only Websites, against whom he obtained a default judgment in United States District Court, Southern District of New York.  *See Erickson I*, 921 F.3d at 827 n.2.  As there has been no showing that Kast is liable for the judgment against Only Websites, the court finds that time spent collecting on the Only Websites judgment is not compensable.  Accordingly, the court deducts $635 from the sum requested and awards Erickson $114,027.00 in attorneys' fees related to post-judgment enforcement and collection.

In sum, the court awards Erickson a total of $153,231.00 in attorneys' fees for work performed in connection with the proceedings on remand in *Erickson III* regarding willfulness and work on post-judgment collection efforts.

### III.  COSTS

Finally, Erickson seeks an award of costs.  Judge Lloyd previously awarded Erickson $3,225.58 based on expenses incurred through 2015.  [Docket No. 242 at 8.]  Erickson concedes that certain of the costs that Judge Lloyd awarded are no longer taxable following the Supreme Court's decision in *Rimini Street, Inc. v. Oracle USA, Inc*., 139 S. Ct. 873, 876 (2019).  In *Rimini Street*, the Court held that the Copyright Act's reference to "full costs" in 17 U.S.C. § 505 "covers

only the six categories specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." Those six categories of costs that a court may tax as costs are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. 28 U.S.C. § 1821 sets forth reimbursement rates for witnesses' "[p]er diem and mileage" expenses.

Erickson now seeks only $1,442.16 of the original $3,225.58 in costs awarded by Judge Lloyd, representing costs for court fees, a transcript, and copying/printing charges, all of which are allowable under the Copyright Act. Kleinman Decl. ¶ 16. Erickson also asks for $197.00 for photocopying expenses and $310.00 for a pro hac vice application fee paid to the Clerk of the Court. *Id*. at ¶¶ 15, 17. These costs are taxable pursuant to 28 U.S.C. § 1920(4) and (1). Accordingly, the court awards Erickson a total of $1,949.16 in costs.

## IV. CONCLUSION

For the foregoing reasons, the court awards Erickson a total of $153,231.00 in attorneys' fees and $1,949.16 in costs under the Copyright Act. These amounts are in addition to the $182,961.00 in attorneys' fees Judge Lloyd previously awarded Erickson, for a total of $336,192.00 in attorneys' fees and $1,949.16 in costs. The court will issue an amended judgment in accordance with this order.

**IT IS SO ORDERED.**

Dated: February 10, 2022



Donna M. Ryu
United States Magistrate Judge