UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al., <br> Plaintiffs, <br> v. <br> KRAIG RUDINGER KAST, et al., <br> Defendants. | Case No. 13-cv-05472-DMR <br><br> **ORDER ON DEFENDANT'S MOTIONS TO STAY** <br> Re: Dkt. Nos. 397, 412 |

Pro se Defendant Kraig Kast filed a motion pursuant to Federal Rule of Civil Procedure 62 to stay the proceedings to enforce the February 12, 2021 judgment, including post-judgment discovery. [Docket No. 397.] Plaintiffs Erickson Productions, Inc. ("Erickson Productions") and Jim Erickson (together, "Erickson") oppose the motion. [Docket No. 400.] After the court denied Kast's motion for a new trial or to amend the judgment and granted in part Erickson's motion for attorneys' fees and costs but before the court ruled on the pending motion to stay, Kast filed another motion to stay the proceedings and enforcement of the judgment. [Docket No. 412.] These matters are suitable for decision without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motions are denied.

**I.    BACKGROUND**

Erickson filed suit against Kast in September 2013 for copyright infringement with respect to three photos. In April 2015, a jury found that Kast vicariously and contributorily infringed Erickson's copyrights and did so willfully and awarded Erickson the maximum in statutory damages, $150,000 per photo, for total damages of $450,000. The Honorable Howard R. Lloyd entered judgment for that amount against Kast. Kast appealed the judgment. The United States Court of Appeals for the Ninth Circuit affirmed the judgment in part, reversed the judgment in part, and remanded on the issue of willfulness. *Erickson Prods., Inc. v. Kast* ("*Erickson I*"), 921

F.3d 822 (9th Cir. 2019).

Following Judge Lloyd's retirement, the matter was reassigned to the undersigned upon remand. [Docket No. 351.] The parties submitted cross-briefing regarding the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence does not support a finding of willfulness. On February 12, 2021, the court ruled that the evidence supports a finding of willfulness and awarded Erickson $450,000 in statutory damages, or $150,000 per photo. *Erickson Prods. Inc v. Kast* ("*Erickson II*"), No. 13-CV-05472-DMR, 2021 WL 528769, at *1 (N.D. Cal. Feb. 12, 2021) (Order re: Willfulness and Damages Following Remand). The court entered judgment in Erickson's favor for that amount the same day. [Docket No. 381 (Feb. 12, 2021 Judgment).]

On March 11, 2021, Kast filed a motion for a new trial under Rule 59(a), or in the alternative, a motion to amend the February 12, 2021 judgment under Rule 59(e). [Docket No. 386.] He also filed a notice of appeal of the February 12, 2021 order and judgment to the Ninth Circuit Court of Appeals. [Docket No. 387.] Kast then moved to stay the proceedings to enforce the February 12, 2021 judgment. [Docket No. 397 (1st Mot. to Stay).] On August 30, 2021, after the motion to stay was fully briefed, the court denied Kast's Rule 59 motion for a new trial or to amend the judgment. [Docket No. 409.] The following day, the court granted in part and denied in part Erickson's motion for an award of attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505, and noted that it would determine the amount of attorneys' fees and costs to which Erickson is entitled following supplemental briefing.[1] [Docket No. 410.] On September 12, 2021, Kast filed a second motion to stay the proceedings and enforcement of the judgment. [Docket No. 412 (2d Mot. to Stay).]

## II.    FIRST MOTION TO STAY

In his first motion to stay, Kast notes that on April 22, 2021 and April 23, 2021, Erickson filed proposed writs of execution for the February 12, 2021 judgment. Kast argues that "the case is not finally decided" because he filed a Rule 59 motion for a new trial or to amend the judgment

---

[1] The court issued an order awarding Erickson $153,231.00 in attorneys' fees and $1,949.16 in costs under the Copyright Act on February 10, 2022. [Docket No. 421.]

1    and appealed the February 2021 judgment. He asks that the court deny Erickson's proposed writs

2    of execution on that ground. 1st Mot. to Stay 2, 4. Kast also notes that Erickson's attorneys

3    propounded judgment debtor discovery in March 2021 and argues that the court should stay such

4    discovery. *Id.* at 1, 2, 4.

        **A.**        **Motion to Stay the Writ of Execution**

As an initial matter, the court notes that the Clerk of the Court issued a writ of execution against Kast for the $450,000 judgment on April 26, 2021.[2] [Docket No. 398.] Therefore, the court construes Kast's motion to deny the writ of execution as a motion to stay the writ of execution.

Kast cites Federal Rule of Civil Procedure 62(b)(3) as authority for his request that the court stay the writ of execution. However, there is no subsection (b)(3) to Rule 62. On reply, Kast clarifies that he seeks relief under the prior version of Rule 62(b) that provided that a court "may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" a Rule 59 motion for a new trial or to amend a judgment. Fed. R. Civ. P. 62(b)(3) (effective until December 1, 2018). That rule is no longer operative, and in any event, the court has already denied Kast's Rule 59 motion. [*See* Docket No. 409.]

The current version of Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." "A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-EMC, 2019 WL 2389150, at *25 (N.D. Cal. June 5,

---

[2] The Clerk issued the writ of execution in accordance with California Code of Civil Procedure 699.510(a), which provides that "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor . . ." Cal. Civ. Proc. Code § 699.510(a); *see also* Fed. R. Civ. P. 69(a)(1) (explaining that the procedures of the state where the district court is located govern execution of a judgment).

Additionally, even though Erickson filed three proposed writs of execution, the Clerk issued only one. [*See* Docket Nos. 395, 396.] Erickson explains that the Clerk rejected his original filing (Docket No. 395) due to clerical errors and he filed a corrected proposed writ the next day, which the Clerk issued on April 26, 2021. Opp'n 2 n.2.

2019) (citing *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)) (denying motion to stay execution of judgment pending appeal without posting bond), *aff'd,* 815 F. App'x 547 (Fed. Cir. 2020). Therefore, under Rule 62(b), Kast must post a bond in order to stay enforcement of the February 12, 2021 judgment. In the alternative, Kast must "'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Kast makes no attempt to do so in his first motion to stay. Instead, he asks the court to require Erickson to post a bond of at least $1.3 million, which he says is the value of the equity in certain properties held by his fiancé, Mariellen Baker. He contends such a bond is necessary "should [Erickson] force the sale of the properties prior to a final court determination of Kast's constitutionally valid amount of damages[.]" 1st Mot. to Stay 3. Kast offers no authority for the proposition that Erickson should be required to post a bond in these circumstances, where there has been a judgment in Erickson's favor.

Kast also argues that Erickson's request for a writ of execution violated "three court's orders to stay," citing orders by Judges Lucy Koh, Richard Seeborg, and Susan Greenberg. Mot. 2-3. This contention is without merit. On November 9, 2018, the Honorable Lucy H. Koh stayed this case "pending resolution of Ninth Circuit appeal numbers 15-16801 and 17-17157." [Docket No. 341.] Both of those appeals were resolved in 2019. [*See* Docket Nos. 350 (May 31, 2019 Mandate in Case No. 15-16801) and 377 (Jun. 17, 2019 Mandate in Case No. 17-17157).] As to the orders by Chief Judge Seeborg and Judge Greenberg, those orders stayed *other* cases pending resolution of *this* case. Mot. Ex. 3 (Order Staying Action in *Erickson Prods. v. Baker*, No. 17-cv-2427 RS (N.D. Cal. Mar. 29, 2018); Ex. 4 (tentative ruling staying case in *Baker v. Kast, et al.*, No. 17-CIV-4633 (Cal. Superior Court Jun. 21, 2018). Therefore, there is no stay in place in this case. Kast's motion to stay the writ of execution is denied.

### B. Motion to Stay Post-Judgment Discovery

Kast also moves to stay Erickson's judgment debtor discovery under Rule 62(b)(3) while his Rule 59 motions are pending. 1st Mot. to Stay 4. As discussed above, Rule 62(b)(3) is no

4

1  longer in effect, and existing Rule 62(b) provides that after judgment is entered, "a party may
2  obtain a stay by providing a bond or other security." Therefore, the relief Kast seeks is not
3  available under Rule 62.
4      In his reply, Kast states that the requested relief is appropriate under Rule 26(b)(1), which
5  provides that a "court may, for good cause, issue an order to protect a party or person from
6  annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).
7  "For good cause to exist, the party seeking protection bears the burden of showing specific
8  prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v.*
9  *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citations omitted). "Broad
10 allegations of harm, unsubstantiated by specific examples or articulated reasoning" are
11 insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Kast's
12 motion makes no attempt to make the required showing; instead, he asks the court to preclude
13 discovery altogether on the basis that Erickson's discovery is "broad, burdensome, harassing and
14 improper." 1st Mot. to Stay 4. On reply, he makes numerous factual assertions about Erickson's
15 discovery without providing any evidence to support his claims. Reply 9-10. Accordingly, the
16 motion to stay judgment debtor discovery and/or for a protective order barring such discovery is
17 denied.

### III.  SECOND MOTION TO STAY

19     In his second motion to stay, Kast moves pursuant to Federal Rule of Appellate Procedure
20 8(a)(1)(A) and Rule 62 to stay the writ of execution and discovery pending the resolution of his
21 appeal to the Ninth Circuit without requiring him to post a bond. He also asks the court to stay
22 any award of attorneys' fees. 2d Mot. to Stay 3-5. Kast argues that a complete stay is appropriate
23 because he "will raise several arguments with the Ninth Circuit, including constitutional issues
24 under the First, Fifth, Eighth and Fourteenth Amendments regarding [this court's] decision in the
25 remand, Kast's Rule 59 motions and the court's award of attorney fees." *Id.* at 2.

#### A. Motion to Stay All Proceedings Without a Bond

27     Federal Rule of Appellate Procedure 8(a)(1)(A) provides that "[a] party must ordinarily
28 move first in the district court for . . . a stay of the judgment or order of a district court pending

5

1    appeal[.]" As set forth above, Federal Rule of Civil Procedure 62(b) provides that after a
2    judgment has been entered, "a party may obtain a stay [of the proceedings to enforce the
3    judgment] by providing a bond or other security." In his second motion for a stay, Kast asks the
4    court to waive the bond requirement and stay the case, arguing that he satisfies the factors set forth
5    in *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). 2d Mot. to Stay 5. In *Dillon*, the
6    Seventh Circuit articulated five factors courts may consider when determining whether to waive
7    Rule 62(b)'s bond requirement. The *Dillon* factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904-05 (internal citations omitted). "Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement." *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *1-2 (N.D. Cal. Dec. 31, 2013) (citing *Cotton*, 860 F. Supp. 2d at 1028) (waiving the bond requirement where the court was "confident that [defendant] Fed Ex has available funds to ultimately pay the judgment" and counsel attested that "once a completed payment request is submitted, it takes less than 30 days . . . to issue payment"); *see also Opticurrent*, 2019 WL 2389150, at *26 (applying *Dillon* factors and finding that the defendant had not satisfied its burden "to demonstrate that the usual requirement of a full supersedeas bond is not warranted" where its "ability to pay the judgment [was] not beyond question").

Kast contends that this case satisfies the *Dillon* factors, asserting that 1) it is complex, as demonstrated by the fact that the Ninth Circuit appointed pro bono counsel for Kast in connection with *Erickson I*; 2) his appeal "is likely to take two-five years"; 3) "Kast has only his social security income" as this lawsuit "has placed a stigma on his professional licenses preventing him from earning a living," 4) Kast is unable to obtain a bond "because of his precarious financial condition and because [he] cannot earn a living"; and 5) "Kast is a severe financial burden to" his

1  partner, Baker, to whom he owes more than $1 million. 2d Mot. to Stay 5. Kast's arguments do
2  not support waiver of the bond requirement; to the contrary, his assertions that his financial
3  condition is "precarious" and that he is unable to "earn a living" weigh in favor of requiring a
4  bond, since "[t]he purpose of the supersedeas bond is to protect the prevailing party from the risk
5  of a later uncollectible judgment." *Max Sound Corp. v. Google LLC*, No. 5:14-CV-04412-EJD,
6  2019 WL 480544, at *2 (N.D. Cal. Feb. 7, 2019) (finding that party's "financial insecurity weighs
7  in favor of requiring a bond or security" and denying motion to stay judgment without a bond).
8  The third and fourth *Dillon* factors clearly weigh against relieving Kast of the bond requirement.
9  He does not address the first factor, the complexity of the collection process, and his showing on
10 the second factor is speculative. Finally, Kast presents no evidence on the fifth factor, but even if
11 he had, his motion raises questions about his inability to pay any judgment that clearly weigh in
12 favor of requiring a bond. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 561 (9th Cir. 1977)
13 (finding that the trial court abused its discretion in staying execution of a judgment based on the
14 appellees' financial condition and ability to pay). Accordingly, the motion to stay is denied.[3]

### B.     Motion to Stay Post-Judgment Discovery

Kast renews his request to stay all post-judgment discovery, characterizing Erickson's discovery as "abusive, harassing and expensive" and making numerous factual assertions about "evidence of their abusive discovery" that are entirely unsupported by evidence. 2d Mot. to Stay 4. In his opposition, Erickson argues that Kast's objection to his discovery is baseless and unsupported. Opp'n 8-9. Erickson also contends that Kast has "ignored" a May 2018 order by Judge Lloyd granting in part Erickson's motion to compel discovery from Kast and Baker and ordering them to produce certain documents. *Id*. at 415; *see* Docket No. 297 (May 21, 2018 Order). Erickson contends that he is entitled to the discovery at issue in the May 2018 order and to serve new discovery "in aid of the judgment" under Rule 69. He includes a lengthy section about how Kast is "intentionally mislead[ing] and deceiv[ing] the court" about his assets and his

---

[3] Kast also renews his argument that the court should require Erickson and his attorneys to post a $1.35 million bond pending the appeal "to cover the cost of the financial harm their writ is doing to Ms. Baker's retirement savings." 2d Mot. to Stay 6. The request is unsupported by any evidence or authority and is denied on that basis.

alleged concealment of the same, *id*. at 12-16, and asks the court to impose sanctions against Kast under its inherent authority and order Kast to immediately comply with Judge Lloyd's discovery order or be found in contempt of court. *Id*. at 16-17.

For the reasons set forth above, the court finds that Kast has failed to show that a protective order and/or stay of discovery is warranted. This portion of his motion is therefore denied.

As to Erickson's request for sanctions and for an order compelling Kast to comply with Judge Lloyd's discovery order, these requests are not properly before the court at this time. The parties and Baker shall immediately meet and confer regarding the status of Kast and Baker's responses to the post-judgment discovery ordered by Judge Lloyd in his May 21, 2018 Order. By no later than February 24, 2022, the parties shall submit a joint letter updating the court on the status of that discovery. The joint letter may not exceed two pages (one page per side).

### IV. CONCLUSION

For the foregoing reasons, Kast's motions to stay are denied.

**IT IS SO ORDERED.**

Dated: February 10, 2022



Donna M. Ryu
United States Magistrate Judge