UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al., <br> Plaintiffs, <br> v. <br> KRAIG RUDINGER KAST, et al., <br> Defendants. | Case No. 13-cv-05472-DMR <br><br> **ORDER DENYING DEFENDANT'S THIRD MOTION TO STAY** <br> Re: Dkt. No. 428 |

On March 29, 2022, Plaintiffs Erickson Productions, Inc. and Jim Erickson (together, "Erickson") filed a proposed abstract of judgment. On March 30, 2022, self-represented Defendant Kraig Kast filed a motion to stay. [Docket No. 428.] The motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

I.  **BACKGROUND**

Following remand from the United States Court of Appeals for the Ninth Circuit, the court awarded $450,000 in statutory damages for willful copyright infringement and entered judgment in Erickson's favor on February 12, 2021. [Docket Nos. 380, 381.] Kast moved for a new trial or to amend the judgment under Rule 59. He also filed a notice of appeal to the Ninth Circuit. [Docket Nos. 386, 387.] Kast then moved to stay enforcement proceedings, including staying the issuance of a writ of execution and post-judgment discovery pending resolution of his Rule 59 motion. [Docket No. 397 (1st Mot. to Stay).]

On August 30, 2021, after the motion to stay was fully briefed, the court denied Kast's Rule 59 motion for a new trial or to amend the judgment. [Docket No. 409.] On August 31, 2021, the court granted in part Erickson's motion for attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505, with the amount of fees and costs to be determined following supplemental briefing. [Docket No. 410.] On September 12, 2021, Kast filed a second motion to stay, this time

requesting a stay of Erickson's writ of execution and discovery pending resolution of his appeal to the Ninth Circuit. [Docket No. 412 (2d Mot. to Stay).]

On February 10, 2022, the court awarded $153,231.00 in attorneys' fees and $1,949.16 in costs and entered an amended judgment in Erickson's favor for $788,141.16. [Docket Nos. 421, 423.] The order also denied Kast's first and second motions to stay. [Docket No. 422.] The first motion was denied because Kast had not "objectively demonstrate[d] the reasons for departing from the usual requirement of a full supersedeas bond." *Id*. at 4 (quoting *Cotton ex rel. McClure v. City of Eureka, Cal*., 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quotation marks omitted)).

The second motion to stay was denied because Kast had not satisfied the factors set forth in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (articulating factors that courts may consider when determining whether to waive Rule 62(b)'s bond requirement). *Id*. at 6-7 (citations omitted).

As to both motions, the court also held that Kast had not demonstrated good cause under Rule 26(c)(1) to stay judgment debtor discovery. *Id*. at 5, 7-8.

Erickson's opposition to the second motion to stay included assertions about Kast's compliance with a May 2018 order by the Honorable Howard R. Lloyd (ret.) along with a request for sanctions and an order directing Kast to immediately comply with Judge Lloyd's discovery order. The court held that Erickson's discovery-related requests were not properly before the court. It ordered the parties and Kast's fiancé, Mariellen Baker, to "immediately meet and confer regarding the status of Kast and Baker's responses to the post-judgment discovery ordered by Judge Lloyd in his May 21, 2018 Order," and to submit a two-page joint letter updating the court on the status of that discovery by February 24, 2022. *Id*. The parties and Baker ignored the court's order on this point, and instead filed unilateral letters regarding the status of discovery. [Docket Nos. 424-426.]

On March 29, 2022, Erickson filed a proposed abstract of judgment. On March 30, 2022, Kast filed the current third motion to stay. [Docket Nos. 427, 428 (3d Mot. to Stay).]

## II. DISCUSSION

### A. Motion to Stay

Kast moves to stay issuance of the abstract of judgment. His sole argument is that issuance is premature because he filed a motion to stay before the Ninth Circuit in connection with his appeal. On May 17, 2022, the Ninth Circuit denied Kast's "Motion for a Stay of a Writ of Execution and Discovery Related to Remand, Judgment and Attorney Fees." [*See* Docket No. 432.] Accordingly, Kast's third motion to stay is denied.

### B. Discovery

The court ordered Erickson, Kast, and Baker to meet and confer regarding the status of the post-judgment discovery ordered by Judge Lloyd on May 21, 2018 and to file a single joint letter updating the court. They failed to comply.

**Erickson, Kast, and Baker shall immediately meet and confer regarding the status of the discovery ordered by Judge Lloyd.** Specifically, they shall meet and confer regarding the status of Kast's responses to five requests for documents and Baker's responses to four requests for documents, which were due by June 11, 2018. [*See* Docket No. 297.] By no later than June 7, 2022, the parties shall submit a joint letter that does not exceed two pages that **updates the court on the status of that discovery. Failure to comply with this order may result in sanctions.** The unilateral discovery letters are each denied without prejudice.

## III. CONCLUSION

For the foregoing reasons, Kast's third motion to stay is denied.

**IT IS SO ORDERED.**

Dated: May 24, 2022



Donna M. Ryu
United States Magistrate Judge