UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG RUDINGER KAST, et al.,<br><br>Defendants. | Case No. 13-cv-05472-DMR (RS)<br><br>**ORDER DENYING MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION** |

Pro se Defendant Kraig Kast has filed a motion to withdraw consent to magistrate judge jurisdiction; the motion has been referred to the undersigned as the Duty Judge. By way of procedural background, the parties originally consented to magistrate judge jurisdiction in January 2014. *See* Dkts. 26, 27. A jury trial was held before a magistrate judge in April 2015, and judgment was entered against Defendant. Four years later, a Ninth Circuit panel affirmed in part, reversed in part, and remanded. *See* Dkt. 347. On remand, the case was reassigned to a different magistrate judge,[1] and judgment was again entered against Defendant, though without a jury trial. On April 5, 2023, the Ninth Circuit reversed this decision in a memorandum opinion and remanded for "a new [jury] trial to determine willfulness and statutory damages." Dkt. 447, at 6.

This motion followed. Defendant argues "the Magistrate's [sic] decisions . . . deprived

---

[1] Defendant at this point filed a declination to magistrate judge jurisdiction, *see* Dkt. 352, but did not formally move to withdraw his consent.

[him] of his Constitutional rights," violated various statutes, "allowed the Plaintiffs' attorneys to engage in fundamental procedural abuses in the first trial," and involved "multiple procedural errors in a remand," among other things. Dkt. 448, at 8. These decisions, Defendant argues, "unquestionably" constitute "extraordinary circumstances that provide good cause" to justify his withdrawal of consent. *Id.*

While the motion is timely, *see United States v. Mortensen*, 860 F.2d 948, 950 (9th Cir. 1988), in substance it appears to reflect little more than "mere dissatisfaction with a magistrate judge's decision[s]" (or, more accurately, with the decisions of several magistrate judges). *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019). Under 28 U.S.C. § 636(c)(4), a movant must demonstrate "good cause" and/or "extraordinary circumstances" to justify withdrawal of consent to magistrate judge jurisdiction, a standard the Ninth Circuit has called "a high bar that is difficult to satisfy." *Id.* (quoting *Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016)). On the current record, Defendant fails to meet this bar. The motion is therefore denied.

Defendant further moves to transfer the location of the trial to the San Francisco Division, rather than the Oakland Division, citing the inconvenience and expense of traveling to Oakland. Determination of this motion is reserved for the assigned magistrate judge to decide.

**IT IS SO ORDERED**.

Dated: April 26, 2023

_____
RICHARD SEEBORG
Chief United States District Judge