UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br>Plaintiffs,<br>v.<br>KRAIG RUDINGER KAST, et al.,<br>Defendants. | Case No. 13-cv-05472-DMR<br><br>**ORDER DENYING MOTION FOR INTRADISTRICT TRANSFER**<br>Re: Dkt. No. 448 |

On April 5, 2023, the Ninth Circuit reversed this court's February 12, 2021 judgment awarding Plaintiffs Erickson Productions, Inc. and Jim Erickson $450,000 in statutory damages for Defendant Kraig Kast's willful copyright infringement and remanded the case for a jury trial on the issues of willfulness and statutory damages. *Erickson Prods., Inc. v. Kast*, No. 21-15459, 2023 WL 2783243, at *2 (9th Cir. Apr. 5, 2023). On April 24, 2023, Kast, who is representing himself, filed a motion to withdraw his consent to magistrate judge jurisdiction and to reassign the case to the San Francisco courthouse. [Docket No. 448.] On April 26, 2023, Chief Judge Richard Seeborg denied Kast's motion to withdraw consent and noted that determination of the transfer motion was reserved for the undersigned. [Docket No. 450.] The motion to transfer is suitable for resolution without a hearing. Civ. L.R. 7-1(b).

Kast asks the court to move the trial to the San Francisco courthouse, which the court construes as a motion to transfer the action from the Oakland Division to the San Francisco Division of this district. Under the Local Rules, transfers to a different division are permitted in certain circumstances:

> Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that (1) a civil action has not been assigned to the proper division within this district in accordance with this rule, or (2) that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within

the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

Civ. L.R. 3-2(h).  Subsection (2) of the rule is consistent with 28 U.S.C. § 1404(b), which provides that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."  Intradistrict transfers pursuant to 28 U.S.C. § 1404(b) "are discretionary transfers subject to the same analysis as under 28 U.S.C. [§] 1404(a), which governs interdistrict transfers."  *Stribling v. Picazo*, No. 15-CV-03337-YGR, 2018 WL 620146, at *1 (N.D. Cal. Jan. 30, 2018).  Section 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Kast argues that the San Francisco courthouse is closer to his home and is more accessible to him via public transportation, although he does not state where he lives.[1]  Kast asserts that he does not have access to a car and that a trial in Oakland would be a "hardship" for him.  Mot. 10.  According to Kast, traveling to Oakland from his home "would be time consuming and expensive and make it difficult for [him] to prepare his defense, appear in pre-trial meetings and appear for trial."  *Id*.

Given the existence of numerous public transportation options close to the Oakland courthouse, as well as the close proximity of the courthouses in the two divisions, the court concludes that Kast has failed to show that he or any other party or witness would face any difficulty or hardship if they are required to appear for trial or other proceedings in Oakland.  Accordingly, the motion to transfer is denied.  *See Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1072 (C.D. Cal. 2008) (where there was "only a modest distance" between courthouses at issue, concluding that "the convenience of the parties and witnesses does not strongly favor one Division over the other" and denying motion for intradistrict transfer).

The court will conduct a further case management conference via Zoom webinar on July 5,

---

[1] Kast's mailing address is a post office box in Foster City, California.

2023 at 1:30 p.m.  A joint CMC statement is due by June 28, 2023.

**IT IS SO ORDERED.**

Dated: May 19, 2023



Donna M. Ryu
Chief Magistrate Judge Ryu