UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ERICKSON PRODUCTIONS INC, et al., | Case No. 13-cv-05472-DMR |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| KRAIG RUDINGER KAST, et al., | |
| Defendants. | Re: Dkt. No. 453 |

In April 2023, the Ninth Circuit reversed this court's February 2021 judgment awarding Plaintiffs Erickson Productions, Inc. and Jim Erickson $450,000 in statutory damages for Defendant Kraig Kast's willful copyright infringement and remanded the case for a jury trial on the issues of willfulness and statutory damages. *Erickson Prods., Inc. v. Kast*, No. 21-15459, 2023 WL 2783243, at *2 (9th Cir. Apr. 5, 2023). Following remand, Kast, who is representing himself, filed a motion to reassign the case to the San Francisco courthouse.[1] The court construed Kast's motion as a motion to transfer the action from the Oakland Division to the San Francisco Division of this district pursuant to Civil Local Rule 3-2(h) and 28 U.S.C. § 1404(b) and denied the motion on May 19, 2023. [Docket No. 452 (Order Denying Transfer).]

Kast now moves pursuant to Civil Local Rules 72-2, 7-9, and 3-2 for relief from the undersigned's Order Denying Transfer and/or reconsideration of that order and again requests transfer to the San Francisco Division. [Docket No. 453.] Plaintiffs oppose the motion. [Docket No. 454.] The motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

---

[1] Kast also moved to withdraw his consent to magistrate judge jurisdiction. Chief Judge Richard Seeborg denied that motion on April 26, 2023. [Docket No. 450.]

## I. DISCUSSION

The court construes Kast's filing as a motion for leave to file a motion for reconsideration of the court's Order Denying Transfer under Civil Local Rule 7-9, which provides that a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a).[2] A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). "Once a reconsideration motion is filed, reconsideration is appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1207-08 (N.D. Cal. 2017) (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Kast moved to transfer the action from the Oakland Division to the San Francisco Division of this district, asserting that the San Francisco courthouse is closer to his home and is more accessible to him via public transportation. Kast, who did not state where he lives, argued that a trial in Oakland would be a "hardship" for him because it would be time consuming, expensive, and cause difficulties with his preparation for trial. Noting the existence of "numerous public

---

[2] Local Rule 72-2 does not apply to this motion. That rule provides that "[a]ny objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) must be made as a 'Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.'" Civ. L.R. 72-2(a). Federal Rule of Civil Procedure 72(a) and section 636(b)(1)(A) authorize parties to file objections to orders on nondispositive pretrial matters that have been referred to a magistrate judge to decide. Because the parties consented to the jurisdiction of a magistrate judge, Rule 72(a) and section 636(b)(1)(A) do not apply. Instead, the proper way to seek relief from the court's Order Denying Transfer is through a motion for leave to file a motion for reconsideration under Local Rule 7-9.

2

1  transportation options close to the Oakland courthouse, as well as the close proximity of the
2  courthouses in the two divisions," the court denied the motion on the ground that Kast "failed to
3  show that he or any other party or witness would face any difficulty or hardship if they are
4  required to appear for trial or other proceedings in Oakland." Order Denying Transfer 2; *see* Civ.
5  L.R. 3-2(h) (authorizing transfers to a different division where "the convenience of the parties and
6  witnesses and the interests of justice will be served"); 28 U.S.C. § 1404(b) (authorizing
7  intradistrict transfers).

8      Kast states that the purpose of the instant motion is to provide "new material facts" in
9  support of his motion to transfer. Mot. 2. He states that he "is providing the court with additional
10 information about the distance, time, obstacles and hardships that he and his witnesses will
11 encounter, if they must travel to the Oakland Courthouse verses [sic] the San Francisco
12 Courthouse." *Id*. at 3. He again asserts that the "San Francisco Courthouse is closest to [him] and
13 his witnesses' domiciles and offices in San Mateo County," although he again does not state
14 where he lives and does not identify any particular witnesses. *Id*. 3. Kast contends that he does
15 not own a car and relies on public transportation and estimates that moving the trial to San
16 Francisco would save him over one hour of travel time each way. *Id*. He also contends that he has
17 health issues which prevent him from walking "any substantial distance" and that unspecified
18 witnesses who live in San Mateo, Marin, and Sonoma Counties will find travel to the Oakland
19 courthouse "very difficult." *Id*. at 3-4. Kast also references unspecified "financial hardship"
20 associated with travel to the Oakland courthouse. *Id*. at 4.

21     Notably, Kast did not submit any evidence supporting the factual assertions in his motion.[3]
22 Moreover, none of the facts in Kast's motion constitute "newly discovered evidence" under Local
23 Rule 7-9(b). Kast could have included facts and evidence about the location of his residence,
24 health issues, public transportation estimates, and location(s) of the witnesses with his original
25 motion but did not. The instant motion is simply a re-hash of Kast's original argument, this time

---

[3] With his reply, Kast submitted what he describes as Google maps images showing distances and travel times between San Mateo and San Francisco; San Mateo and Oakland; San Rafael to San Francisco and Oakland; and Petaluma to San Francisco and Oakland. [Docket No. 456-2.]

with additional (unsupported) facts that Kast could have presented with his original motion to transfer but inexplicably did not. Kast cannot use a motion for reconsideration to get a "second bite" at something he could and should have put before the court in the first instance. The narrow grounds for reconsideration promote fair and efficient use of party and court resources. Given his failure to show "[t]he emergence of new material facts . . . occurring after the time of" the Order Denying Transfer, Kast's motion for leave to file a motion for reconsideration is denied. *See* Civ. L.R. 7-9(b)(2).

## II. CONCLUSION

For the foregoing reasons, Kast's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: June 30, 2023



Donna M. Ryu
Chief Magistrate Judge

4