UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRAIG RUDINGER KAST, et al., <br><br> Defendants. | Case No.  13-cv-05472-DMR <br><br> **ORDER ON MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 464 |

Plaintiffs Erickson Productions, Inc. and Jim Erickson (together, "Erickson") move pursuant to Civil Local Rule 7-9(b) for leave to file a motion for reconsideration of the court's July 13, 2023 Order referring Defendant Kraig Kast to the Federal Pro Bono Project and staying the case pending appointment of counsel.  [Docket No. 464.]  The motion is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is denied.

## I.      DISCUSSION

In April 2023, the Ninth Circuit reversed this court's February 12, 2021 judgment awarding Erickson $450,000 in statutory damages for Kast's willful copyright infringement and remanded the case for a jury trial on the issues of willfulness and statutory damages.  *Erickson Prods., Inc. v. Kast*, No. 21-15459, 2023 WL 2783243, at *2 (9th Cir. Apr. 5, 2023).  On July 10, 2023, Kast filed a motion for appointment of pro bono counsel.  [Docket No. 461.]  In support of his motion, he submitted a June 26, 2023 letter from the Federal Pro Bono Project's Supervising Attorney in which they wrote that Kast is eligible for appointment of counsel under General Order 25:

> I assessed Mr. Kast's eligibility for placement with pro bono legal representation pursuant to General Order 25.  I found that he is eligible under the Order and believe that [*Erickson Productions Inc. et al. v. Kraig R. Kast*; 4:23-cv-05472-DMR] could be placed with a volunteer attorney from our panel.

United States District Court
Northern District of California

1    [Docket No. 461 at ECF p. 16 (Pro Bono Project Letter).]  On July 13, 2023, the court referred

2    Kast to the Federal Pro Bono Project and stayed the proceedings until four weeks from the date an

3    attorney is appointed to represent Kast.  [Docket No. 463 (July 13, 2023 Order).]

4         Erickson now moves for reconsideration of the July 13, 2023 Order pursuant to Civil Local

5    Rule 7-9, which provides that a party may seek leave to file a motion for reconsideration of an

6    interlocutory order at any time before judgment.  Civ. L.R. 7-9(a).[1]  A motion for reconsideration

7    may be made on one of three grounds: (1) a material difference in fact or law exists from that

8    which was presented to the court, which, in the exercise of reasonable diligence, the party

9    applying for reconsideration did not know at the time of the order for which reconsideration is

10   sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the

11   court to consider material facts or dispositive legal arguments presented before such order.  Civ.

12   L.R. 7-9(b)(1)-(3).  Reconsideration of a prior ruling is an "extraordinary remedy, to be used

13   sparingly."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The

14   moving party may not reargue any written or oral argument previously asserted to the court.  Civ.

15   L.R. 7-9(c).  "Once a reconsideration motion is filed, reconsideration is appropriate 'if the district

16   court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

17   decision was manifestly unjust, or (3) there is an intervening change in controlling law.'"  *Cnty. of*

18   *Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1207-08 (N.D. Cal. 2017) (quoting *Sch. Dist. No. 1J,*

19   *Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

20        Erickson contends that reconsideration is appropriate under Local Rule 7-9(b)(3) based on

21   "manifest failure to consider relevant facts."  Mot. 4.  According to Erickson, the court entered the

22

23   [1] Erickson also cites Federal Rule of Civil Procedure 60(b) as support for the requested relief.
     That rule does not apply to this motion.  Rule 60(b) provides that a court may relieve a party from
24   a "*final* judgment, order, or proceeding."  Fed. R. Civ. P. 60(b) (emphasis added); *see* Fed. R. Civ.
     P. 60 advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final'
25   emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords
     relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but
26   rather they are left subject to the complete power of the court rendering them to afford such relief
     from them as justice requires.").  "Rule 60(b) does not provide relief from judgments, orders, or
27   proceedings that are not final decisions[.]"  *Meas v. City & Cnty. of San Francisco*, 681 F. Supp.
     2d 1128, 1142 (N.D. Cal. 2010).  Rather, "Civil Local Rule 7-9 provides a procedure whereby a
28   litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration
     in this court."  *Id.*

United States District Court
Northern District of California

July 13, 2023 Order without providing Erickson the opportunity to respond.  Erickson states that they have not been "provided any information regarding the determination by the Federal Pro Bono Project's Supervising Attorney . . . that Kast is eligible for pro bono representation under General Order 25" and that such a determination is contrary to the court's July 2019 Order denying Kast's Motion for Appointment of Counsel.  *Id*. (citing Docket No. 370).  Erickson states that it appears that the court relied "entirely on the determination of the Pro Bono Project's supervising attorney," and asserts that "the Court cannot—or certainly under the circumstances of this case, *should not*—defer the authority to make that determination" to the Pro Bono Project without knowing the basis for the determination or what evidence Kast submitted to the Pro Bono Project.  *Id*. at 5 (emphasis in original).  Erickson asserts that Kast "likely misrepresented his financial status" and disputes any finding that he lacks funds to pay for an attorney to represent him in this matter.  *Id*. at 5-8.

General Order 25 sets forth the criteria for eligibility for appointment of pro bono counsel through the Federal Pro Bono Project.  They are as follows:

> To be eligible for appointment of *pro bono* counsel through the Project, a civil case must meet the following criteria:
>
> **1.** The unrepresented litigant must be *in propria persona*;
>
> **2.** The unrepresented litigant must not have the financial resources to retain counsel;
>
> **3.** The unrepresented litigant must have used reasonable efforts to retain private counsel such as through a California State Bar-approved lawyer referral service or have demonstrated that such efforts would be futile; and
>
> **4.** The referring judge must determine the case merits *pro bono* representation (this does not mean determining that the litigant is likely to prevail on the merits, but that the litigant's claims are cognizable and the factual and legal issues warrant proper presentation to the Court with the assistance of an attorney).

General Order 25(I)(A).

In this case, the court consulted with the Pro Bono Project, which confirmed that they assessed Kast under the first three factors set forth above and believe Kast is eligible for appointment of pro bono counsel.  The court also determined that "the case merits pro bono

United States District Court
Northern District of California

1    representation" under the fourth factor; in particular, the factual and legal issues on remand from

2    the Ninth Circuit "warrant proper presentation to the Court with the assistance of an attorney."

3    The court believes that it would be useful and beneficial for Kast to be represented in these

4    proceedings if suitable counsel can be identified, consistent with the Ninth Circuit's previous

5    determination that "appointment of pro bono counsel [to represent Kast] would benefit the court's

6    review" in the appeal. *Erickson Prods., Inc. v. Kast*, No. 21-15459, Docket Entry 13 (9th Cir. Feb.

7    7, 2022).  A litigant's financial resources to retain counsel is only one of the General Order 25

8    eligibility factors, and Erickson offers no "material facts" that call into question the Pro Bono

9    Project's assessment of Kast's eligibility for appointment of pro bono counsel.  Accordingly, the

10   motion for leave to file a motion for reconsideration is denied.

11   **II.    CONCLUSION**

12          For the foregoing reasons, Erickson's motion for leave to file a motion for reconsideration

13   is denied.

14

15          **IT IS SO ORDERED.**

16   Dated: August 29, 2023

17   

18                                                    Donna M. Ryu
                                                     Judge Donna M. Ryu
                                                     Chief Magistrate Judge

19

20

21

22

23

24

25

26

27

28