UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br>Plaintiffs,<br>v.<br>KRAIG RUDINGER KAST, et al.,<br>Defendants. | Case No. 13-cv-05472-DMR<br><br>**PRETRIAL ORDER** |

Following the pretrial conferences held on March 6, 2024 and April 15, 2024, the court sets forth its pretrial rulings below to summarize its rulings from the bench.[1]

## I. CONDUCT OF TRIAL

**Trial Schedule:** Trial will take place April 18-April 23, 2024. Trial testimony will begin at 8:30 a.m. and will end by 1:30 p.m. Counsel must arrive by 8:00 a.m. There will be two 15-minute breaks. The parties agree to the following protocol regarding unscheduled breaks: if Mr. Kast needs to take a restroom break while testifying, he must answer any pending question before taking a break. If Mr. Kast is not testifying when he needs a break, he may leave the courtroom without interrupting the proceedings.

Trial time is limited to nine hours (4.5 hours for each side). In addition to these limits, each side has 15 minutes for voir dire, 15 minutes for an opening statement, and 30 minutes for closing argument (Plaintiffs may reserve time for rebuttal out of the 30-minute allotment).

**Objections:** Please stand to make an objection. Do not make speaking objections or offer argument. Briefly state the rule or basis for the objection (e.g., "scope"). Do not offer a rebuttal unless requested.

---

[1] The court does not summarize its ruling on the innocent infringer defense from the March 6, 2024 pretrial conference. It is set forth in the transcript from that proceeding. [Docket No. 512.]

**Exhibits:** No exhibit may be used unless it has been identified in the pretrial submissions. Unless the parties agree that exhibits will be presented to the jury in electronic form, the exhibit binders submitted by each side will be used by the court and by witnesses and the parties must bring separate copies for marking and admission at trial. The parties shall meet and confer to decide which party is responsible for uploading admitted exhibits to the docket at the trial's conclusion. *See* Civ. L.R. 5-1(g), 79-4.

By no later than 5:00 p.m. on April 17, 2024, the parties shall file an updated list of exhibits to which no party objects.

The parties shall exchange demonstrative exhibits to be used in closing arguments no later than 1 hour before their use and earlier if possible.

**Settlement:** The parties must promptly notify the court of a settlement by sending an email to **DMRsettlement@cand.uscourts.gov**.

**Compliance with Orders of the Court, including Orders on Motions in Limine:** Failure to comply with the obligations set forth in any court order, either written or oral, will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines, exclusion of evidence, striking of testimony, and terminating sanctions. Counsel are personally responsible for making sure that the court's orders, including rulings on motions in limine, are clearly communicated to clients and witnesses so that the presentation of evidence complies with those rulings in every respect.

## II.     MOTIONS IN LIMINE

### A.     Plaintiffs' Motion to Admit Additional Post-Judgment Evidence (Docket No. 485)

The court previously held that pursuant to the Ninth Circuit's directive, it "will try the case on the existing record, tailored to the issues of willfulness and statutory damages" and that "evidence will be limited to the same witnesses and testimony presented at the first trial and the same documentary evidence that was admitted at the first trial, subject to the limited scope of the second trial." [Docket No. 472.] Plaintiffs filed a motion in limine seeking to admit documents obtained in post-judgment discovery that were not introduced at the first trial. Specifically,

1  Plaintiffs seek to admit documents related to Defendant's post-infringement finances, including
2  trust formation documents, emails between Defendant and his financial advisor, deed documents,
3  bank statements, and copies of checks.  Plaintiffs argue that evidence of Defendant's finances,
4  including evidence of Defendant's alleged post-infringement hiding of assets, is relevant to
5  impeach his testimony about his financial condition.  They also argue that such evidence is
6  relevant to the jury's award of statutory damages.
7        The motion is denied, except that Plaintiffs may seek to admit the proffered exhibits that
8  were not admitted at the first trial—or prior evidence that the court has determined to be irrelevant
9  to willfulness and statutory damages—to impeach Defendant if he opens the door by testifying in
10 a way to suggest he has limited financial resources, a lack of business sophistication, or
11 outstanding business or personal ethics.
12       As to whether evidence of Defendant's finances is relevant to statutory damages, the court
13 granted Plaintiffs leave to file a stand-alone brief citing authority supporting their position that the
14 jury may consider the infringer's wealth in determining statutory damages for willful infringement
15 of a copyright pursuant to 17 U.S.C. § 504(c)(2).  The court also ordered Plaintiffs to specifically
16 identify the testimony and exhibits they seek to admit on this issue.  [*See* Docket No. 508 (Mar. 6,
17 2024 Minute Order).]  The court ordered Defendant to file a stand-alone brief in response.  *Id*.
18 The parties timely filed the requested briefing.  [Docket Nos. 511 (Pls.' Supp. Br.), 513 (Def.'s
19 Supp. Br.).]  As the court stated on the record at the final pretrial conference, it need not rule on
20 the legal question because the issue is moot.  Plaintiffs made the same argument in the original
21 trial and asked Judge Lloyd to impose an adverse inference because "Defendant refused to provide
22 [information about the profit and wealth of Defendant] and refused to respond to a subpoena on
23 the assets of Atherton Trust."  Trial Transcript at 361:3-11.  Judge Lloyd refused to give an
24 adverse inference instruction, stating that "if [Defendant] refused to produce the documents or
25 information in discovery that you were entitled to, you had your mechanism to do it, which you
26 chose not to do."  *Id.* at 364:1-3.  The Ninth Circuit ordered that this second trial take place on the
27 existing record.  There is no evidence of the wealth or assets of Defendant or the Atherton Trust in
28 the existing record.  Plaintiffs had the opportunity to move to compel that evidence before the first

3

1 trial, but as Judge Lloyd pointed out, they chose not to.  It is too late to do so now.  The post-
2 judgment discovery does not help.  Plaintiffs did not "specifically identify the testimony and
3 exhibits they seek to admit" on the issue of Defendant's wealth, as the court ordered.  That is
4 likely because all of the financial-related exhibits Plaintiffs cited in their motion in limine are too
5 remote to be relevant.  They either relate to periods to that significantly pre-date the date of
6 infringement in 2011 (*see, e.g.*, Pls.' Prop. Exs. 1-3, 6, 7) or are too old to have relevance to
7 Defendant's current financial picture (*see, e.g.*, Pls.' Prop. Exs. 8-11.  Accordingly, this portion of
8 Plaintiffs' motion in limine is denied as moot.

9         Additionally, Plaintiffs argued at the first pretrial conference that they should be permitted
10 to introduce new evidence bearing on Defendant's alleged "sophistication in running multiple
11 different websites under various fictitious businesses," including evidence about "business names,
12 the website registrations" and development of other websites, arguing that such evidence is
13 relevant to willfulness.  Hr'g Tr. 23-24, 28.  The court held that Plaintiffs may not introduce
14 evidence to show that Defendant is generally a sophisticated, experienced businessperson because
15 it is irrelevant to the issue of willfulness.  *See id*. at 20-21.  However, Plaintiffs may elicit
16 testimony that "has to do with [Defendant's] knowledge of how websites work prior to . . . what
17 happened with [O]nly [W]ebsites," i.e., the infringement in this case.  *Id*. at 28; *see, e.g., Castle*
18 *Rock Ent. v. Carol Pub. Grp., Inc.*, 955 F. Supp. 260, 267 (S.D.N.Y. 1997) (finding that "the
19 record provides clear evidence, at a minimum, of defendants' reckless disregard for the possibility
20 that their conduct amounted to copyright infringement," including that "all the defendants are
21 sophisticated with respect to such matters"; one defendant was an attorney and the defendant
22 publisher testified "that his company has had experience with the copyright laws, and that he is
23 familiar with the requirements of those laws.").  The court ordered the parties to meet and confer
24 regarding exhibits that bear on the issue of Defendant's experience and knowledge of websites.
25 Hr'g Tr. 28.  The court addresses those exhibits below.

26       **B.**    **Defendant's Motions in Limine**
27           **1.**    **Motion in Limine No. 1 (Docket No. 484)**
28       Defendant moves pursuant to Federal Rules of Evidence 401-403 to exclude questioning

United States District Court
Northern District of California

1   and argument suggesting that Defendant's use of fictitious business names is improper or
2   dishonest.  The motion is granted subject to the court's order on Plaintiffs' motion in limine
3   above: in general, Defendant's past use of fictitious business names is not relevant to the issues of
4   willfulness and statutory damages.  However, Plaintiffs may seek to introduce such evidence if
5   Defendant opens the door by testifying in a way to suggest limited financial resources, outstanding
6   business or personal ethics, or lack of business sophistication.

### 2. Motion in Limine No. 2 (Docket No. 488)

8   Defendant moves pursuant to Federal Rules of Evidence 401-403 to exclude evidence
9   related to his post-infringement conduct, including his alleged hiding of assets to avoid judgment
10  in this action and an unrelated action in the months and years following his infringement.  The
11  motion is granted subject to the court's order on Plaintiffs' motion in limine above: evidence of
12  Defendant's post-infringement conduct with respect to his finances and assets is not relevant to
13  willfulness and statutory damages.  Plaintiffs may seek to introduce such evidence to impeach
14  Defendant if he opens the door by testifying in a way to suggest he has limited financial resources,
15  a lack of business sophistication, or outstanding business or personal ethics.

### 3. Motion in Limine No. 3 (Docket No. 487)

17  Defendant moves pursuant to Federal Rules of Evidence 401-403 to preclude argument or
18  implication that the jury's damages award should be based on Defendant's alleged delay or
19  "running up the costs" of this lawsuit.  The motion is granted.  Any argument or suggestion that
20  Defendant is responsible for delay in the litigation is misleading and prejudicial.  Moreover, the
21  duration of this litigation and the reasons therefor are not relevant to willfulness or statutory
22  damages.
23  The parties are precluded from making any improper "golden rule" arguments or
24  "suggestion to the jury . . . that the jurors should do unto others . . . as they would have others do
25  unto them."  *Espindola v. Wismettac Asian Foods, Inc.*, No. 2:20-CV-03702-JWH-E, 2023 WL
26  2628698, at *5 (C.D. Cal. Jan. 13, 2023) (quotation and citations omitted).

### 4. Motion in Limine No. 4 (Docket No. 490)

28  Defendant moves pursuant to Federal Rules of Evidence 401-403 and 801 to exclude one

line in Jesse Hughes's testimony in which Hughes testified that an unidentified Wells Fargo employee told Hughes, "Oh no, this is infringement." The motion is denied. The statement is not hearsay because it may be offered to show Hughes's state of mind in investigating the infringement of Plaintiffs' photos. Any prejudice to Defendant can be cured by a limiting instruction. The court ordered the parties to meet and confer and file a proposed limiting instruction. *See* Minute Order. The parties timely filed the following proposed limiting instruction which the court will read to the jury:

> The testimony you have just heard—"And she said, oh, no, this is infringement"—may be considered only for the limited purpose of understanding Mr. Hughes's state of mind of determining that Wells Fargo did not infringe Erickson's copyrights of the photos at issue, and not for any other purpose.

[*See* Docket No. 514.]

## III. EXHIBITS

### A. Objections to Plaintiffs' Exhibits

- Exhibits 7, 14: the objections based on highlighting in the documents are overruled. Exhibits 7 and 14 shall be admitted in the same format as the 2015 trial versions.
- Exhibits 9, 31, 33, 38, 40, 42: the objections that the exhibits are outside the existing record are sustained.
- Exhibit 15: the relevance objection is sustained.
- Exhibit 18: this exhibit may be offered for impeachment only. The court will rule on admissibility at trial.
- Exhibit 19: the parties shall meet and confer to determine whether there is evidence in the existing record that Defendant registered certain domain names so that they could be re-directed to the Atherton Trust website. The relevance objection is overruled as to those portions of Exhibit 19 that pertain to the domain names that Defendant re-directed to the Atherton Trust website because it bears on Defendant's experience with websites; it is sustained as to the remaining portions of Exhibit 19.
- Exhibit 41: this exhibit was admitted at the 2015 trial. Counsel may examine Defendant

on this exhibit but may not introduce a line of questioning that is materially different from the testimony at the 2015 trial.

- Exhibits 46-56: these exhibits may be offered for impeachment only. The court will rule on admissibility at trial.

### B. Objections to Defendant's Exhibits

- Exhibit A: Defendant may not use this exhibit with witnesses other than Hughes.
- Exhibits D-F, H, J, O, P, S, U-Z: the objections to Defendant using/introducing the exhibits at trial are overruled. They are part of the existing record. Defendant may use them even though Plaintiffs moved to admit them at the 2015 trial. Defendant may question witnesses about the exhibits as long as the questioning does not materially exceed the scope of the 2015 trial.

## IV. OBJECTIONS TO HUGHES'S TRIAL TESTIMONY

All objections to Hughes's trial testimony are overruled.

## V. JURY INSTRUCTIONS

The court will formally rule on all substantive jury instructions at the April 19, 2024 charging conference.

**IT IS SO ORDERED.**

Dated: April 15, 2024



Donna M. Ryu
Chief Magistrate Judge