UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al., <br><br>Plaintiffs, <br><br>v. <br><br>KRAIG RUDINGER KAST, et al., <br><br>Defendants. | Case No. 13-cv-05472-DMR <br><br>**ORDER ON DEFENDANT'S POST-TRIAL MOTIONS** <br><br>Re: Dkt. Nos. 555, 558, 560 |

In April 2024, the court conducted a second jury trial on the issues of willfulness and statutory damages for contributory copyright infringement. The jury returned a verdict in favor of plaintiffs Erickson Productions, Inc. and Jim Erickson (together, "Erickson") and against defendant Kraig R. Kast in the amount of $45,000 in statutory damages under 17 U.S.C. § 504(c)(2) for willful infringement. [Docket No. 537.] The court entered judgment on May 24, 2024. [Docket No. 549.] Kast now renews his motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and moves for a new trial pursuant to Federal Rule of Civil Procedure 59. [Docket Nos. 555, 558.] Kast also moves pursuant to Federal Rule of Civil Procedure 11 for sanctions against Plaintiffs' counsel. [Docket No. 560.] Plaintiffs oppose the motions. [Docket Nos. 567, 566.] These matters are suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motions are denied.

I.  **BACKGROUND**

The factual background is set forth in the court's February 12, 2021 Order re: Willfulness and Damages Following Remand. [Docket No. 380.] In brief, Erickson filed suit against Kast in September 2013 alleging that Kast infringed Erickson's copyrights in three photos. The Honorable Howard R. Lloyd conducted a jury trial in April 2015, at which Kast agreed that a

website for his business, Atherton Trust, "included unauthorized copies of [Erickson's] photos that were copied from" a website for Wells Fargo, which had licensed them from Erickson. *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 827 (9th Cir. 2019). However, Kast asserted that his website developer, Only Websites, "copied the photos without his consent." *Id*. The jury found that Kast vicariously and contributorily infringed Erickson's copyrights and that he did so willfully. It awarded Erickson the maximum in statutory damages, $150,000 per photo, for total damages of $450,000, and Judge Lloyd entered judgment for that amount against Kast.[1]

Kast appealed the judgment without the assistance of counsel. The United States Court of Appeals for the Ninth Circuit appointed pro bono counsel to assist Kast with certain issues raised in his opening brief. The Ninth Circuit subsequently affirmed the judgment in part, reversed the judgment in part, and remanded on the issue of willfulness. *Erickson*, 921 F.3d at 828. In relevant part, the court affirmed the jury's contributory liability verdict, holding that Kast had waived the argument that "insufficient evidence support[ed] the contributory liability verdict" and had not shown that the jury instructions on the contributory liability claim were "plainly erroneous." *Id*. at 832 & 831 n.6. The Ninth Circuit also held that the district court erred in including a negligence standard in the jury's willfulness instruction. It further determined that "[t]he erroneous willfulness instruction was likely prejudicial to Kast" and "remand[ed] the issue of willfulness to the district court on the existing record." *Id*. at 833, 834.

Following Judge Lloyd's retirement, the matter was reassigned to the undersigned upon remand. The parties submitted cross-briefing regarding the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence did not support a finding of willfulness. Kast represented himself during the proceedings. On February 12, 2021, the court ruled that the evidence supported a finding of willfulness and awarded Erickson $450,000 in statutory damages, representing $150,000 per photo. [Docket No. 380.] The court entered judgment in Erickson's favor for that amount the same day.

Kast again appealed without the assistance of counsel. The Ninth Circuit appointed pro

---

[1] Erickson obtained a default judgment against Only Websites, the direct infringer, in 2012. *Erickson*, 921 F.3d at 827 n.2.

1   bono counsel to represent Kast in the appeal, and in April 2023, the court reversed the February
2   12, 2021 judgment awarding Erickson $450,000 in statutory damages for Kast's willful copyright
3   infringement, holding that "Kast did not waive his Seventh Amendment jury trial demand" and
4   remanding the case for a jury trial on the issues of willfulness and statutory damages. *Erickson*
5   *Prods., Inc. v. Kast*, No. 21-15459, 2023 WL 2783243, at *2 (9th Cir. Apr. 5, 2023). Following
6   remand, the court appointed pro bono counsel to represent Kast for "all purposes for the duration
7   of the case, through entry of judgment and excluding all post-judgment proceedings." [Docket
8   No. 468.]
9       In April 2024, the case proceeded to a jury trial on the issues of willfulness and statutory
10  damages for contributory copyright infringement. During the trial, Kast moved for judgment as a
11  matter of law, which the court denied. [*See* Docket No. 533.] On April 24, 2024, the jury
12  returned a verdict finding Kast's contributory infringement was willful for all three photos. It
13  awarded Erickson $15,000 in statutory damages for willful infringement for each photo under 17
14  U.S.C. § 504(c)(2), for a total of $45,000 in statutory damages. [Docket No. 537.] The court
15  entered judgment on May 24, 2024 and Kast's appointed counsel withdrew shortly thereafter.
16  [Docket Nos. 549, 551.]
17      Kast, now representing himself, renews his motion for judgment as a matter of law, moves
18  for a new trial, and moves for sanctions against Plaintiffs' counsel.
19  **II.     RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**
20      **A.     Legal Standard**
21      Federal Rule of Civil Procedure 50(b) authorizes a party to renew a motion for judgment as
22  a matter of law submitted under Rule 50(a). "In ruling on the renewed motion, the court may: (1)
23  allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the
24  entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).
25      "The standard for judgment as a matter of law . . . 'mirrors' the summary judgment
26  standard." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Reeves v. Sanderson*
27  *Plumbing Prods.*, 530 U.S. 133, 150 (2000)). A court may "overturn a jury's verdict and grant
28  [the] motion only if 'a party has been fully heard on an issue and there is no legally sufficient basis

3

for a reasonable jury to find for that party on that issue.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003) (quoting *Reeves*, 530 U.S. at 149). "[I]n entertaining a motion for judgment as a matter of law, the court should . . . draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations or weigh the evidence." *Reeves*, 530 U.S. at 150. "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id*. at 151. The court must uphold the jury's verdict if it is supported by "substantial evidence," which is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *S.E.C. v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (citation omitted).

### B.      Discussion[2]

Kast asks the court to "amend the jury's decision" to find that he "was merely negligent, not willful," and reduce the $45,000 statutory damages award to "an amount consistent with simple negligence, which is from $900-$11,250." Mot. 2-3. He argues that "the jury's verdict is contrary to the clear weight of evidence about [the] photos." *Id*. at 3. Kast goes on to argue that "[t]here is insufficient new or old evidence for the jury to have found that [he] was willful," citing the Ninth Circuit's observation in *Erickson* that "[w]hile the evidence [at the first trial] may have established that Kast was negligent, it is much less clear that it established recklessness, willful blindness, or actual knowledge." *See id*. at 4-5 (citing *Erickson*, 921 F.3d at 834). According to Kast, the evidence at the second trial was insufficient to establish that he had actual knowledge of Only Websites' infringement of Erickson's copyrights in the three photos, or that he was reckless or willfully blind to the infringement. *Id*. at 4.

Without citing to the trial transcript or any evidence introduced at trial, Kast argues that "the evidence shows that [he] acted responsibly when he asked Only Websites to immediately remove the offending photos from the development website and apologized" for its use of the photos after receiving Erickson's cease and desist notice, that "he had no reason to believe that

---

[2] The court notes that Kast's renewed motion for judgment as a matter of law also includes arguments in favor of a new trial, some of which are repeated in his separate Rule 59 motion for a new trial. The court addresses the arguments in favor of a new trial below.

4

Only Websites didn't license the photos," and that "it was contrary to Only Websites prior licensing of the photos" it used on a previous website it developed for Kast. Mot. 4. While claiming such evidence supports a finding that he did not act willfully, Kast does not articulate why the evidence before the jury was insufficient to support a finding of willfulness, nor does he address any specific evidence introduced at trial or demonstrate why the evidence was only capable of the interpretation he advances.

Kast's contentions do not establish that he is entitled to judgment notwithstanding the verdict. Drawing all reasonable inferences in Erickson's favor, *see Reeves*, 530 U.S. at 150, substantial evidence supports the jury's verdict that Kast's contributory infringement with respect to each of the three photos was willful; specifically, that Kast was "actually aware of the infringing activity" or that his actions "were the result of reckless disregard for, or willful blindness to," Erickson's copyrights. *See Erickson*, 921 F.3d at 833. As Erickson describes in the opposition to the motion, such evidence includes emails from Kast to Only Websites directing it to "leverage the content from the competitor's sites" and repeatedly asking Only Websites to emulate the Wells Fargo website in the Atherton Trust website, including specifically referencing the photos on the Wells Fargo website. Tr. Exs. 20, 21, 22, 23. Other evidence supports the inference that Kast intended to publish the photos on his website even though he never took any steps to determine whether Only Websites had obtained licenses to use them. *See* Tr. Exs. 20, 27, 28, 32. Kast does not address this evidence or explain why it was insufficient to support the jury's verdict. The court concludes that a reasonable jury had "a legally sufficient evidentiary basis" to find for Erickson on the issue of willfulness. *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017) (quoting Fed. R. Civ. P. 50(a)(1)). The renewed motion for judgment as a matter of law is denied.

### III. MOTION FOR A NEW TRIAL

#### A. Legal Standard

Federal Rule of Civil Procedure 59(a) provides that, after a jury trial, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a

5

motion for a new trial may be granted," and therefore courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). In reviewing a motion for a new trial, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987). While there is no set formula for ruling on such motions, the Ninth Circuit has held that the court should grant a motion for new trial "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotation omitted). Finally, "the burden of proof on a motion for a new trial is on the moving party, and the court should not lightly disturb a plausible jury verdict." *Anglo-Am. Gen. Agents v. Jackson Nat'l Life Ins. Co.*, 83 F.R.D. 41, 43 (N.D. Cal. 1979).

### B. Discussion

Kast raises numerous arguments in favor of a new trial, which the court groups in three general categories: 1) insufficient evidence supported the verdict; 2) there were errors in the jury instructions; and 3) the damages award was excessive and unsupported.

#### 1. Sufficiency of the Evidence

In his Rule 59 motion, Kast argues that there was "insufficient evidence" supporting the jury's willfulness verdict and that the verdict was "against the clear weight of the evidence." Mot. 7, 18. According to Kast, the Ninth Circuit "previously decided, that Kast was not willful, but likely only negligent," and he argues that at the 2024 trial, there was insufficient evidence of his actual knowledge, willful blindness, or recklessness to support a finding of willfulness. *Id.* at 7, 9. Kast contends that "[t]here is nothing in [his] testimony in 2024 that contradicts or supersedes anything the Ninth Circuit said" in *Erickson*, and as a result, "the verdict is against the clear

6

weight of the evidence that Kast was not willful." *Id*. at 19.

Kast's argument is based on the Ninth Circuit's discussion of willfulness in *Erickson*. At the first trial, the jury was instructed that it could find Kast's infringement willful if he "should have known that [his acts] infringed plaintiffs' copyright." *Erickson*, 921 F.3d at 833 (emphasis removed). The Ninth Circuit noted that "[a] determination of willfulness requires an assessment of a defendant's state of mind" and cited the standards for providing willfulness for copyright infringement: "to prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Erickson*, 921 F.3d at 833 (quotation marks and citation omitted). The court then held that "[a] 'should have known' instruction does not fit within this framework because it is a negligence standard," and "[n]egligence is a less culpable mental state than actual knowledge, willful blindness, or recklessness, the three mental states that properly support a finding of willfulness." *Id*. Therefore, the court concluded that "the judge permitted the jury to find willfulness on the basis of a lesser mental state" than Ninth Circuit authority demands. *Id*. at 833-34.

The Ninth Circuit then held that the instruction "was likely prejudicial to Kast," discussing the evidence regarding Kast's mental state as follows:

> While the evidence may have established that Kast was negligent, it is much less clear that it established recklessness, willful blindness, or actual knowledge. Kast presented evidence that he did not know Only Websites was or might be infringing. Kast's contract with Only Websites suggests that Kast reasonably believed it was Only Websites' responsibility to obtain licenses for Erickson's photos. Several of Kast's other actions also suggest that he was not reckless with respect to Erickson's rights: he obtained licenses for the photos that he supplied to Only Websites, and promptly removed the infringing photos when Erickson asked. If the jury had been properly instructed, it might well have refused to find Kast willful on this record.

*Id*. at 834-35 (internal citations omitted). The court concluded that the erroneous jury instruction required reversal. *Id*. at 835.

Kast describes the foregoing discussion as the Ninth Circuit's "determination" or "decision" on willfulness. *See* Mot. 7, 9. He argues that this decision was "clear and should never

7

have been relitigated by the plaintiffs' attorney" and that "this trial produced no new evidence that contradicted or superseded what the Ninth Circuit had previously decided" on willfulness. *Id*. at 7, 9, 19 (emphasis removed). Kast's argument misapprehends *Erickson*. The Ninth Circuit did not decide the issue of willfulness. Instead, it remanded the issue for a retrial using the proper jury instructions, expressly "disagree[ing] with Kast's claim that 'the record permits only one resolution of the factual issue' of willfulness[.]" *See Erickson*, 921 F.3d at 835. Thus, the foundational premise of Kast's argument is meritless. As discussed above, sufficient evidence supported the jury's verdict on retrial.

Relatedly, Kast argues that Erickson improperly "relitigated" issues already decided by the Ninth Circuit. Mot. 8-10. Specifically, Kast contends that the Ninth Circuit found there was no evidence that the infringement provided a "direct financial benefit" to Kast and "as such Kast could not be willful." *Id.* Kast's argument once again misapprehends *Erickson*, which discussed the issue of whether Kast received a "direct financial benefit" from the infringement in the context of vicarious copyright liability, not willfulness. *Erickson*, 921 F.3d at 828. To prevail on a vicarious liability claim, the plaintiff must prove that the defendant "has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Id*. at 829 (quotation marks and citation omitted). The Ninth Circuit considered the "direct financial benefits" Kast purportedly received from Only Websites' infringement, including the avoidance of licensing fees, and held that "Erickson presented no evidence that could constitute a direct financial benefit as a matter of law." Accordingly, the court vacated the jury's vicarious liability verdict. *Id*. at 829-31. The issue of vicarious liability was not before the jury at the second trial. Moreover, the Ninth Circuit's discussion of "direct financial benefit" was limited to its discussion of vicarious liability. It does not support Kast's claim that the infringement must have conferred a direct financial benefit on Kast in order to establish willfulness. The motion for a new trial is denied on these grounds.

### 2. Jury Instructions

Kast challenges several jury instructions.

#### a. Direct Financial Benefit Instruction

8

Kast argues that he was "prejudiced and deprived of due process under the 14th Amendment" by the court "declin[ing] to instruct the jury they needed to find Kast received a Direct Financial Benefit from Only Websites['] infringement." Mot. 7-8. According to Kast, "[t]he Ninth Circuit has repeatedly held that the plaintiff must prove that a defendant received a direct financial benefit applies [sic] to both a vicarious and a contributory defendant." *Id*. As discussed above, the Ninth Circuit addressed the issue of whether Kast received a direct financial benefit from Only Websites' infringement in the context of vicarious liability, which was not at issue in the second trial. Moreover, Kast did not propose a jury instruction on the issue of whether he received a direct financial benefit. [*See* Docket No. 505 (Jointly Proposed Jury Instructions with Stipulated and Disputed Instructions).] He thus waived the issue.

### b. Contributory Infringement Instruction

Next, Kast argues that he was prejudiced by the following preliminary instruction:

### CONTRIBUTORY INFRINGEMENT

Plaintiffs have already proven the following elements by a preponderance of the evidence:

1. Only Websites did not have permission to copy or publish copies of the photos and thus infringed Mr. Erickson's copyrights by doing so;

2. Mr. Kast knew or had reason to know of the infringing activity of Only Websites; and

3. Mr. Kast intentionally induced or materially contributed to Only Websites' infringing activity.

[*See* Docket No. 528 (Preliminary Jury Instructions) 9-10.] Kast contends that "any jury" would interpret this instruction "as proof that Kast was willful before the trial even started." Mot. 10. Kast's argument lacks merit because he and Erickson jointly proposed the instruction he now challenges. *See* Jointly Proposed Jury Instructions with Stipulated and Disputed Instructions at 19. Accordingly, he waived any challenge to the instruction. In any event, the preliminary instruction accurately states what Erickson proved in the first trial that was affirmed on appeal.

### c. Willful Infringement Instruction

Kast next argues that the court "declined to instruct the jury that Kast must have

9

knowledge that his own conduct infringed a copyright." Mot. 11, 17-18. Kast requested the following instruction:

**INSTRUCTION NO. 28 – COPYRIGHT—WILLFUL INFRINGEMENT**
**(17 U.S.C. § 504(c)(2))**
**(FROM MODEL INSTRUCTION 17.37 AND COMMENT)**

An infringement is considered willful when the Plaintiffs have proven both of the following elements by a preponderance of the evidence:

1. Mr. Kast engaged in acts that infringed the copyright; and

2. Mr. Kast knew those acts infringed the copyright, or acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. By contrast, a reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing.

As to No. 1 above, as stated earlier, Mr. Kast has been found to have contributed to Only Websites' direct infringement of Mr. Erickson's copyrights in the Photos. This element is therefore met.

Mot. 11; Jointly Proposed Jury Instructions with Stipulated and Disputed Instructions at 23. The court declined to use Kast's proposed instruction and instructed the jury as follows:

**COPYRIGHT—WILLFUL INFRINGEMENT (17 U.S.C. § 504(c)(2))**

Defendant has already been found liable for contributory infringement of the copyrights at issue in this case. You must decide if Defendant's conduct was willful.

An infringement is considered willful when the Plaintiffs have proven any of the following elements by a preponderance of the evidence:

1. Defendant knew that Only Websites' acts infringed the copyrights; or

2. Defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts.

A reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing.

10

[Docket No. 530 (Final Jury Instructions) 5.]

The court stated its reasoning on the record at the charging conference, noting that Erickson's proposed instruction correctly zeroed in on Kast's knowledge of Only Websites' infringing activities because the first jury found Kast liable for contributory infringement, and "the definition of 'contributory infringement'" from the Ninth Circuit's model instructions "focuses on the liability for infringement by *another person*."[3]  [Docket No. 540 (Hr'g Tr. Apr. 19, 2024) 376-77 (emphasis added).]  The court also noted that in *Erickson*, the Ninth Circuit "describe[ed] evidence about Mr. Kast's knowledge or lack of knowledge about the infringing activities of Only Websites" when discussing the actual knowledge prong of willfulness.  *Id*. at 377; *see Erickson*, 921 F.3d at 834 ("Kast presented evidence that he did not know Only Websites was or might be infringing.").

Kast does not address the willfulness instruction that was given to the jury.  He also fails to offer any specific argument in support of his claim of error or address the court's reasoning on this

---

[3] Specifically, Model Instruction 17.21 "Derivative Liability—Contributory Infringement—Elements and Burden of Proof" states:

> A defendant may be liable for copyright infringement engaged in by another if [he] [she] [other pronoun] knew or had reason to know of the infringing activity and intentionally [induced] [materially contributed to] that infringing activity.
> If you find that [name of direct infringer] infringed the plaintiff's copyright in [allegedly infringed work], you must determine whether [name of alleged contributory infringer] contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:
> First, the defendant knew or had reason to know of the infringing activity of [name of direct infringer]; and
> Second, the defendant intentionally [induced] [materially contributed to] [name of direct infringer's] infringing activity.
> [The defendant's intent to induce the infringing activity must be shown by clear expression of that intent or other affirmative steps taken by the defendant to encourage.]
> If you find that [*name of direct infringer*] infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

11

1  point. The motion for a new trial is denied on this ground.[4]

### d. Statutory Damages Instruction

Kast argues that the court "incorrectly denied Kast's damages by a preponderance of the evidence defense." Mot. 12. The parties jointly proposed a version of the Ninth Circuit's Model Instruction 17.32 on copyright damages that included the statement, "Plaintiffs must prove damages by a preponderance of the evidence." Jointly Proposed Jury Instructions with Stipulated and Disputed Instructions at 20. At the charging conference, the court discussed whether such a statement accurately reflects the law. While a plaintiff bears the burden of proving willfulness by a preponderance of the evidence, no such evidentiary burden applies to determining the amount of statutory damages; rather, the jury has "wide discretion" regarding the statutory damages award. *See, e.g., Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1336 (9th Cir. 1990) ("[i]f statutory damages are elected, [t]he [jury] has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."). The court asked Kast's attorneys for authority for the position that Erickson must prove the amount of statutory damages by a preponderance of the evidence. Counsel was unable to do so, other than citing the model instruction itself. *See* Hr'g Tr. 373. The court held that the reference to proving damages by a preponderance of the evidence in the model instruction referred to "actual damages and profits," not statutory damages, *id*. at 388, and accordingly struck the statement "Plaintiffs must prove damages by a preponderance of the evidence" from the final jury instructions. *See* Final Jury Instructions 4. Kast contends that this ruling was "incorrect" but does not address the substance of the court's ruling or offer authority for his position that the court erred. Mot. 14. The motion for a new trial is denied on this ground.

### e. Innocent Infringer Defense

Kast next argues that the court "incorrectly denied" him an "innocent infringer" defense.

---

[4] Kast also argues that the court failed to provide the jury with "a State of Mind instruction," citing the Ninth Circuit's statement that "[a] determination of willfulness requires an assessment of a defendant's state of mind." Mot. 14 (citing *Erickson*, 921 F.3d at 833). The basis for this argument is not clear, since the jury received a willfulness instruction that described the three mental states that support a finding of willfulness.

12

1   Mot. 15.  Kast moved for an order confirming that he could present an innocent infringer defense
2   at the second trial.  [Docket No. 476.]  The court denied the motion on the record at the March 6,
3   2024 pretrial conference, reasoning that 1) Kast never raised the innocent infringer defense in any
4   of his appeals and thus waived the issue; and 2) the Ninth Circuit remanded the case solely for a
5   retrial on willfulness.  The court also noted that the first jury was instructed on innocent
6   infringement and concluded that Kast's infringement was willful.  The court observed that the
7   willfulness finding "would be inconsistent with the finding that [Kast] was [an] innocent
8   [infringer]," because "an innocent infringer is someone who's not aware and had no reason to
9   believe that his acts constituted infringement."  [Docket No. 512 (Hr'g Tr. Mar. 6, 2024) 16-17.]
10  Kast's argument on this point simply repeats the arguments he made in his innocent infringer
11  motion.  *See* Mot. 16-17.  He does not address any portion of the court's reasoning in denying that
12  motion and does not explain how the court erred.  The motion for a new trial is denied on this
13  ground.[5]

### 3.   Damages Award

Kast's third argument in favor of a new trial challenges the jury's damages award.  Kast argues that the $45,000 statutory damages award is "constitutionally excessive and disproportionate to the verdict" since the license fees Erickson charged Wells Fargo for the three photos was $700 each and Kast received no direct financial benefit from Only Websites' infringement.  Mot. 20.  Kast also argues that the $45,000 award should be offset by the amount Erickson previously received from Only Websites, which was $11,250, and that he did not damage Erickson.  *Id*. at 24-26.

A plaintiff may elect to recover either actual or statutory damages for copyright

---

[5] Kast makes two other arguments for a new trial, neither of which is persuasive.  First, he challenges the court's response to a jury note.  Mot. 11.  He does not identify the specific note or response at issue, instead citing to an exhibit to his motion that consists of all seven jury notes.  *Id*.  The basis for this argument is not clear.  Next, Kast notes that *Erickson*'s discussion of the contributory liability verdict noted "[i]nconsistency in [the Ninth Circuit's] case law on the 'knowledge' element of contributory liability."  *Erickson*, 921 F.3d at 832.  Kast contends that he "should not be punished" for the inconsistency.  Mot. 19.  In other words, Kast challenges the contributory liability verdict even though it has already been upheld on appeal and was not before the jury in the second trial.  *See Erickson*, 921 F.3d at 832.

infringement. *See* 17 U.S.C. § 504(c)(1). "If statutory damages are elected, [t]he [jury] has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Peer Int'l Corp.,* 909 F.2d at 1336 (first alteration in original) (internal quotation marks omitted). If the plaintiff proves that infringement was willful, the jury may award up to $150,000 for each work willfully infringed. 17 U.S.C. § 504(c)(2). "The jury is guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like . . . .'" *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quoting *Peer Int'l Corp.*, 909 F.2d at 1336 (quotation marks and citation omitted). A court must "allow substantial deference to a jury's finding of the appropriate amount of damages" and "must uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996) (citations omitted).

In this case, the court instructed the jury that "[t]he purpose of statutory damages is not only to compensate the Plaintiffs for their losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws." Final Jury Instructions 4. The instructions also specified the range of statutory damages the jury could award. *Id*. The jury's damages award of $15,000 per photo was well within the range of permissible awards for willful infringement. The award was not "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." The motion for a new trial is denied on this ground.

\* \* \*

In sum, the jury's verdict was not "contrary to the clear weight of evidence" or "based upon false or perjurious evidence," and there was no "miscarriage of justice." *Molski*, 481 F.3d at 729. The motion for a new trial is denied.

### IV. MOTION FOR SANCTIONS

Kast moves pursuant to Federal Rule of Civil Procedure 11 for sanctions against Erickson's counsel Kevin P. McCulloch. He cites the American Bar Association's Ethics Rule

14

3.3, Candor Toward the Tribunal, which provides in relevant part that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]" Mot. 1.

Rule 11 provides in relevant part:

> (a) **Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record . . .
>
> (b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .
>
> (c) **Sanctions**.
>
>> (1) **In General**. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

A party moving for sanctions must do so separately from any other motion and may not present a motion for sanctions to the court until 21 days after service of the motion on the opposing party. Fed. R. Civ. P. 11(c)(2). This 21-day "safe harbor" provision allows the non-moving party the opportunity to withdraw or correct any challenged contention before sanctions are imposed. Fed. R. Civ. P. 11(c)(2); Fed. R. Civ. P. 11, Advisory Committee's notes to 1993 amendments ("Explicit provision is made for litigants to be provided notice of the alleged violation and an opportunity to respond before sanctions are imposed.").

A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Rule 11 therefore 'calls for an intensely fact-bound inquiry.'"

15

1    *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) (en banc).  The party
2    moving for sanctions bears the burden to establish that sanctions are justified.  *See Tom Growney*
3    *Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987).

4          Kast argues that sanctions are warranted due to McCulloch's purported intentional and
5    knowing "misrepresentation" at the charging conference about a model jury instruction.  Mot. 2-3.
6    Specifically, the parties discussed the Ninth Circuit's Model Jury Instruction 17.32, "Copyright—
7    Damages (17 U.S.C. § 504), and whether to include the statement, "Plaintiffs must prove damages
8    by a preponderance of the evidence" in the instruction on statutory damages.  Apr. 19, 2024 Hr'g
9    Tr. 372-73.  During the discussion, McCulloch stated "[t]he model instruction by the Ninth Circuit
10   doesn't pertain to copyright damages."  *Id*. at 373.  According to Kast, this statement
11   "intentionally and knowingly misrepresented 17.32 to the court as not pertaining to copyright
12   damages, when *he knew or should have known*, as a copyright trial attorney with over 20 years of
13   experience, that the title of instruction says 17.32 Copyright—Damages."  Mot. 2 (emphasis in
14   original).

15         Kast's motion is entirely without merit.[6]  The court understood from the context of the
16   discussion that counsel's statement "[t]he model instruction . . . doesn't pertain to copyright
17   damages" was an unintentional misstatement and that he was referring to statutory damages, not
18   copyright damages.  *See* Apr. 19, 2024 Hr'g Tr. 375 ("Your Honor, it's not – [the preponderance
19   of the evidence standard is] not in the instruction on statutory damages.").  Counsel's statement
20   obviously was a slip of the tongue, and at any rate was not material to the court's ruling on the
21   damages instruction.

22         The court finds no sanctionable conduct by McCulloch.  Kast's Rule 11 motion is denied.
23   //
24   //
25   //
26   //
27
28   ---
     [6] Kast did not comply with Rule 11(c)(2)'s safe harbor provision, which alone is enough reason to deny the motion.

## V. CONCLUSION

For the foregoing reasons, Kast's renewed motion for judgment as a matter of law, motion for a new trial, and motion for Rule 11 sanctions are denied.

**IT IS SO ORDERED.**

Dated: August 26, 2024



Donna M. Ryu
Chief Magistrate Judge