UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al., <br> Plaintiffs, <br> v. <br> KRAIG RUDINGER KAST, et al., <br> Defendants. | Case No. 13-cv-05472-DMR <br><br> **ORDER ON MOTION TO STAY JUDGMENT PENDING APPEAL** <br> Re: Dkt. No. 573 |

A jury returned a verdict in favor of plaintiffs Erickson Productions, Inc. and Jim Erickson (together, "Erickson") and against defendant Kraig R. Kast in the amount of $45,000 in statutory damages under 17 U.S.C. § 504(c)(2) for willful copyright infringement. The court entered judgment on May 24, 2024. [Docket No. 549.] Kast filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit and now moves to stay the judgment pending the appeal. [Docket No. 573.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

I.  **DISCUSSION**

The detailed factual background of this case is set forth in the court's February 12, 2021 Order re: Willfulness and Damages Following Remand and August 26, 2024 Order on Defendant's Post-Trial Motions. [Docket Nos. 380, 572.] In relevant part, Erickson filed suit against Kast in September 2013 alleging that Kast infringed Erickson's copyrights in three photos. A jury found that Kast vicariously and contributorily infringed Erickson's copyrights and that he did so willfully. It awarded Erickson $450,000 in statutory damages. On appeal, the Ninth Circuit upheld the contributory infringement verdict and vacated the damages award. After further proceedings before the undersigned on remand and a second appeal, the court conducted a second

jury trial in April 2024 on the issues of willfulness and statutory damages for contributory copyright infringement. The jury awarded Erickson $45,000 in statutory damages for willful contributory infringement and the court entered judgment on May 24, 2024. Kast, who is representing himself,[1] appealed the judgment and now moves to stay the judgment pending appeal. Erickson opposes the motion. [Docket No. 574.]

Kast does not cite any authority for the relief he seeks but appears to move pursuant to Federal Rule of Civil Procedure 62(b). Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." "A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-EMC, 2019 WL 2389150, at *25 (N.D. Cal. June 5, 2019) (citing *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)) (denying motion to stay execution of judgment pending appeal without posting bond), *aff'd,* 815 F. App'x 547 (Fed. Cir. 2020). Therefore, under Rule 62(b), Kast must post a bond in order to stay enforcement of the February 12, 2021 judgment. He has not done so. In the alternative, Kast must "'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

Courts in the Ninth Circuit regularly use the following five factors set forth in *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988), to guide their determination of whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of

---

[1] The court appointed pro bono counsel to represent Kast at the second trial through entry of judgment. Counsel withdrew shortly after entry of judgment. [Docket Nos. 468, 549, 551.]

money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904-05 (internal citations omitted). *See, e.g., Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *1-2 (N.D. Cal. Dec. 31, 2013) (waiving the bond requirement where the court was "confident that [defendant] Fed Ex has available funds to ultimately pay the judgment" and counsel attested that "once a completed payment request is submitted, it takes less than 30 days . . . to issue payment"); *Opticurrent*, 2019 WL 2389150, at *26 (applying *Dillon* factors and finding that the defendant had not satisfied its burden "to demonstrate that the usual requirement of a full supersedeas bond is not warranted" where its "ability to pay the judgment [was] not beyond question").

Kast is aware of the applicable legal standard and the *Dillon* factors, as he cited Rule 62 and *Dillon* in a previous motion to stay a writ of execution prior to his second appeal. [*See* Docket No. 422 (Feb. 10, 2022 Order on Defendant's Motions to Stay) 5-7.] Kast does not address the *Dillon* factors in the instant motion; instead, he argues that he "has prevailed twice before on appeal and [that] it is likely that he will prevail again" by proving that there was insufficient evidence supporting the jury's verdict that he was willful. Mot. 1-2. This argument is not persuasive. As the court previously held in denying Kast's renewed motion for judgment as a matter of law, "substantial evidence supports the jury's verdict that Kast's contributory infringement with respect to each of the three photos was willful[.]" Aug. 26, 2024 Order on Defendant's Post-Trial Motions 5. Accordingly, the motion to stay is denied.

## II. CONCLUSION

For the foregoing reasons, Kast's motion to stay the judgment pending appeal is denied.

**IT IS SO ORDERED.**

Dated: October 8, 2024



Donna M. Ryu
Chief Magistrate Judge

3