UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al., <br> Plaintiffs, <br> v. <br> KRAIG RUDINGER KAST, et al., <br> Defendants. | Case No. 13-cv-05472-DMR <br><br> **ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br> Re: Dkt. No. 562 |

In April 2024, a jury returned a verdict in favor of plaintiffs Erickson Productions, Inc. and Jim Erickson (together, "Erickson") and against defendant Kraig R. Kast in the amount of $45,000 in statutory damages under 17 U.S.C. § 504(c)(2) for willful copyright infringement. [Docket No. 537.] The court entered judgment on May 24, 2024. [Docket No. 549.] Erickson now moves for an award of attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505. [Docket No. 562.] Kast opposes.[1] [Docket No. 565.] This motion is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted in part and denied in part.

**I.   BACKGROUND**

A detailed factual background is set forth in the February 12, 2021 Order re: Willfulness and Damages Following Remand and the August 26, 2024 Order on Defendant's Post-Trial Motions. [Docket Nos. 380, 572.] In brief, Erickson filed suit against Kast in September 2013 alleging that Kast infringed Erickson's copyrights in three photos that appeared on a website for Kast's business. The Honorable Howard R. Lloyd conducted a jury trial in April 2015. The jury found that Kast vicariously and contributorily infringed Erickson's copyrights and that he did so

---

[1] Erickson did not file a reply brief by the deadline specified in Local Rule 7-3(c). On November 18, 2024, Kast filed a Notice Regarding Submitted Matters pursuant to Local Rule 7-13. [Docket No. 576.] On November 26, 2024, Erickson filed a five-page brief in response to the notice in which he responds to many of the arguments Kast made in his opposition brief. [Docket No. 577.] The court declines to consider Erickson's brief, which is essentially an untimely reply brief.

willfully. It awarded Erickson the maximum in statutory damages, $150,000 per photo, for total damages of $450,000, and Judge Lloyd entered judgment for that amount against Kast.[2] Kast appealed the judgment against him to the United States Court of Appeals for the Ninth Circuit (the "first appeal").

Judge Lloyd issued several orders during the pendency of the first appeal, three of which are relevant to this motion. In July 2016, the court denied Erickson's motion for fees and costs without prejudice, finding that a fee award was "appropriate and will further the goals of the Copyright Act" but denying the motion on the ground that Erickson had not presented sufficient evidence supporting the reasonableness of the claimed hourly rates. [Docket No. 174 at 5-6.] Following supplemental submissions by the parties, the court issued a second order in August 2017 awarding Erickson $182,961.00 in attorneys' fees and $3,225.58 in costs (the "2017 fee award"). [Docket No. 242.] Additionally, the court granted in part Erickson's motion to amend the judgment to add judgment debtors in October 2017. The court issued an amended judgment on October 18, 2017 that added the following judgment debtors to the judgment: Warren Craig Rudinger; Kraig Kast, Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995); Atherton Trust; Atherton & Associates; Atherton Insurance Services; The Atherton Company; Atherton Investment Advisors; and CB Real Estate Wealth management. The amended judgment was for $636,186.58 plus post-judgment interest from August 19, 2015, which represented $450,000 in damages awarded by the jury, $182,961.00 in attorneys' fees, and $3,225.58 in costs. [Docket Nos. 243, 246 (Oct. 18, 2017 Am. Judgment).] Kast appealed the court's order granting in part the motion to amend the judgment but did not appeal the fee award (the "second appeal"). [Docket No. 247.]

The United States Court of Appeals for the Ninth Circuit appointed pro bono counsel to assist Kast in the first appeal. The court subsequently affirmed the judgment in part, reversed the judgment in part, and remanded on the issue of willfulness. *Erickson Prods., Inc. v. Kast* ("*Erickson I*"), 921 F.3d 822, 828 (9th Cir. 2019). In relevant part, the court affirmed the jury's

---

[2] In 2012, Erickson obtained a default judgment against Kast's website developer, Only Websites, which was the direct infringer. *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 827 n.2 (9th Cir. 2019).

contributory liability verdict. *Id*. at 832. It also held that the district court erred in including a negligence standard in the jury's willfulness instruction, determined that "[t]he erroneous willfulness instruction was likely prejudicial to Kast," and "remand[ed] the issue of willfulness to the district court on the existing record." *Id*. at 833, 834. The court observed that "[w]hile the evidence may have established that Kast was negligent, it is much less clear that it established recklessness, willful blindness, or actual knowledge," and that "[i]f the jury had been properly instructed, it might well have refused to find Kast willful on this record." *Id*. at 834-45. However, it "disagree[d] with Kast's claim that 'the record permits only one resolution of the factual issue' of willfulness and decline[d] his invitation to enter judgment in his favor." *Id*. at 835 (internal citation omitted). At the conclusion of its opinion, the court ordered "[e]ach party to bear its own costs." *Id*. at 836. The Ninth Circuit's docket for the first appeal does not reflect a request for, or an award of attorneys' fees to either side by the appellate court.

As to the second appeal, the Ninth Circuit affirmed the court's October 2017 order granting in part Erickson's motion to amend the judgment. *Erickson Prods., Inc. v. Kast* ("*Erickson II*"), 769 Fed. Appx. 482 (9th Cir. 2019). The court subsequently awarded attorneys' fees to Erickson for the second appeal and referred the determination of the amount of fees to the Appellate Commissioner. [Docket No. 384-4 (Kleinman Decl., Feb. 26, 2021) ¶ 10, Ex. 4 (Ninth Circuit Fees Order).] On October 3, 2019, the Appellate Commissioner awarded Erickson $13,955 in attorneys' fees. *Id*.

Following Judge Lloyd's retirement, the matter was reassigned to the undersigned upon remand. The parties submitted cross-briefing regarding the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence did not support a finding of willfulness. Kast represented himself during the proceedings. In February 2021, the court ruled that the evidence supported a finding of willfulness and awarded Erickson $450,000 in statutory damages, representing $150,000 per photo, and entered judgment in Erickson's favor for that amount. [Docket No. 380.] Kast again appealed (the "third appeal").

During the pendency of the third appeal, Erickson moved this court for an award of attorneys' fees and costs pursuant to the Copyright Act for work performed on: 1) the appeal in

3

*Erickson I*; 2) the proceedings on remand in regarding the issue of willfulness; and 3) post-judgment collection efforts. In August 2021, the court granted the motion in part and denied it in part, holding that Erickson "established that a supplemental award of fees and costs is appropriate and would further the objectives of the Copyright Act by encouraging the enforcement of copyrights." *Erickson Prods. Inc. v. Kast* ("*Erickson III*"), No. 13-CV-05472-DMR, 2021 WL 3887797, at *7 (N.D. Cal. Aug. 31, 2021). The court granted the motion as to the request for attorneys' fees and costs for work performed on the proceedings on remand and post-judgment collection efforts, but denied the motion as to attorneys' fees incurred in connection with the appeal in *Erickson I*. *Id*. at *4-7. The court ordered Erickson to resubmit evidence supporting his request for a fee award, and in February 2022, the court awarded Erickson $153,231.00 in attorneys' fees and $1,949.16 in costs (the "2022 fee award"). [Docket No. 421.] The court subsequently entered an amended judgment for $788,141.16, a sum that included both the 2017 and the 2022 fee awards. [Docket Nos. 421, 423.] Kast did not appeal the 2022 fee award.

The Ninth Circuit appointed pro bono counsel to represent Kast in the third appeal. In April 2023, the court reversed the February 12, 2021 judgment awarding Erickson $450,000 in statutory damages for Kast's willful copyright infringement, holding that "Kast did not waive his Seventh Amendment jury trial demand" and remanding the case for a jury trial on the issues of willfulness and statutory damages. *Erickson Prods., Inc. v. Kast* ("*Erickson IV*"), No. 21-15459, 2023 WL 2783243, at *2 (9th Cir. Apr. 5, 2023). Following remand, the court appointed pro bono counsel to represent Kast for all purposes through entry of judgment.

In April 2024, the case proceeded to a jury trial on the issues of willfulness and statutory damages for contributory copyright infringement. On April 24, 2024, the jury returned a verdict finding Kast's contributory infringement was willful for all three photos. It awarded Erickson $15,000 in statutory damages for willful infringement for each photo under 17 U.S.C. § 504(c)(2), for a total of $45,000 in statutory damages. [Docket No. 537.] The court entered judgment on May 24, 2024 and Kast's appointed counsel withdrew shortly thereafter. [Docket Nos. 549, 551.]

Erickson now seeks attorneys' fees and costs under the Copyright Act for work performed on remand following *Erickson IV*. He also asks the court to reaffirm the first and second fee

awards and apply "time-delay adjustment" to the hourly rates approved as part of the 2017 fee award, and to amend the May 24, 2024 judgment to include all awards of attorneys' fees and costs. Kast, now representing himself, opposes the motion.[3] [Docket No. 565.]

## II.  LEGAL STANDARD

The Copyright Act provides that in any civil action for infringement, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States," including "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Section 505 "grants courts wide latitude" to award attorneys' fees in a copyright case "based on the totality of the circumstances." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203 (2016). "Courts may consider (but [are] not limited to) five factors in making an attorneys' fees determination . . . (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (quotation marks omitted) (quoting *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)). While these factors "are not exclusive and need not all be met," *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996), the Supreme Court has instructed courts to accord "[s]ubstantial weight" to the fourth factor, the reasonableness of the losing party's legal and factual arguments. *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (quoting *Kirtsaeng*, 579 U.S. at 210). The Court explained that "giving substantial weight to the reasonableness of a losing party's position . . . encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Kirtsaeng*, 579 U.S. at 203, 205. Courts may also consider "the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant]." *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citation and quotation marks

---

[3] Kast filed a notice of appeal of the May 2024 judgment in June 2024. [Docket No. 561.] The court denied Kast's post-trial motions in August 2024. [Docket No. 572.]

omitted).

Ultimately, when assessing requests for attorneys' fees under section 505, "courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals," including "enrich[ing] the general public through access to creative works" by "encouraging and rewarding authors' creations while enabling others to build on that work." *Kirtsaeng*, 579 U.S. at 198, 209 (quotation marks and citations omitted).

### III. DISCUSSION

#### A. Erickson's Entitlement to a Supplemental Award of Attorneys' Fees and Costs

Erickson seeks an award of attorneys' fees and costs for work incurred since April 6, 2023, the day after the Ninth Circuit ruled on Kast's third appeal and remanded the case to this court. Additionally, he asks the court to "reaffirm" the first and second fee awards and include them in an amended judgment.

Kast argues that Erickson's request for fees and costs is foreclosed by *Erickson I*, in which the Ninth Circuit ordered "[e]ach party to bear its own costs." Opp'n 6, 8, 9; *see Erickson I*, 921 F.3d at 836. Kast asserts that the Ninth Circuit's order means that "*Erickson and Kast must pay their own fees and costs*," and argues that it applies "from the filing of this predatory lawsuit in 2012 to the present," thus precluding any award of fees and costs. Opp'n 6, 9 (emphasis in original).

Kast's argument is meritless, and is nearly identical to a rejected argument he made in opposing the 2022 fee award. As the court previously held, the Ninth Circuit ordered "[e]ach party to bear its own costs" in the context of Federal Rule of Appellate Procedure 39, which governs the taxation of costs on appeal. In relevant part, Rule 39 sets forth rules regarding "against whom [costs] are assessed" on appeal, as follows:

> **(a) Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:
>
> **(1)** if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
> **(2)** if a judgment is affirmed, costs are taxed against the appellant;

>> **(3)** if a judgment is reversed, costs are taxed against the appellee;
>>
>> **(4)** if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.
>
> . . .

Fed. R. App. P. 39(a). In *Family PAC v. Ferguson*, 745 F.3d 1261, 1269 (9th Cir. 2014), the Ninth Circuit specifically held that "the term 'costs' under Federal Rule of Appellate Procedure 39 does not include attorney's fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes." *See also id*. at 1263-64 (noting that section 1988 "is one of a number of federal fee shifting statutes that allow a prevailing party to recover 'a reasonable attorney's fee as part of the costs.'"). In other words, the Ninth Circuit's determination of the payment of "costs" under Rule 39 does not preclude a prevailing party from obtaining an award of fees under a federal fee shifting statute. As this court previously held in awarding attorneys' fees following the first remand, the Ninth Circuit's order in *Erickson I* that "[e]ach party […] bear its own costs" does not bar Erickson from recovering an attorneys' fees award under the Copyright Act if the court determines that such an award is appropriate.[4] *Erickson III*, 2021 WL 3887797, at *3-4.

Moreover, Kast did not challenge the first or second fee awards in his appeals. As the findings supporting both fee awards were not appealed, they are the law of the case. *See Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) ("[t]he law of the case doctrine precludes a court from reconsidering an issue previously decided by the same court, or a higher court in the identical case." (quotation marks omitted)); *Hoffman v. Construction Protective Servs., Inc.*, 431 Fed. App. 601, 602 (9th Cir. 2011) (where "district court previously ruled that the difficulty of the question, the rights vindicated, and other factors justified" an attorneys' fee award of $42,000, "[the Ninth Circuit] consider[s] those

---

[4] Kast also argues that other district courts "have declined to award [Erickson's counsel] fees," listing 16 cases purportedly filed by Erickson in other district courts. Opp'n 9-10. According to Kast, counsel "was paid through the settlement, not by filing motions for fees with the court." *Id*. at 10. Kast's apparent argument is that the court should not award Erickson fees in this case because he has settled fee claims in other cases. He does not explain how the resolution of other litigation impacts Erickson's entitlement to fees in this case. Kast also makes various arguments about the fairness of the jury's award of statutory damages in this case, including arguing that the $45,000 award "is excessive and unconstitutional under the Eighth and 14th Amendments to [t]he U.S. Constitution." Opp'n 17-22. The court previously denied Kast's motion for a new trial on this ground. Kast offers no reason to revisit this issue. [Docket No. 572 at 13-14.]

7

findings—findings that were not appealed—to be the law of the case.").

Kast further argues that if the court awards Erickson an additional fee award, it should treat Kast "evenhandedly and award him $2.471 million in attorney fees & costs, debts and losses because he prevailed on his two appeals." Opp'n 13. The request is denied. Erickson established Kast's liability for willful contributory copyright infringement and obtained an award of damages. He is the prevailing party for purposes of fees. *See, e.g., Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006) (affirming award of fees under Copyright Act to party that ultimately recovered less than what it originally sought; "[t]he plaintiff will ordinarily be regarded as the prevailing party if he succeeds at trial in establishing the defendant's liability, even if the damages awarded are nominal or nothing." (citation omitted)).

Finally, Kast argues that if the court "decides not to adhere to the Ninth Circuit's order, it should verify [counsel's] fee representations to the court by ordering" Erickson to produce five categories of documents regarding previous settlement agreements, Erickson's financial condition, contracts between Erickson and his counsel, and other documents. Opp'n 23. The request is denied, as Kast has not explained the relevance or significance of such documents to the instant fee motion.

The court will first examine the section 505 discretionary factors with respect to Erickson's request for a third fee award before considering Erickson's request that the court apply a "time-delay adjustment" to the 2017 fee award.

**B.      Attorneys' Fees and Costs for Work Performed After *Erickson IV***

   **1.      Section 505 Discretionary Factors**

As noted, the factors the court may consider in determining whether Erickson should be awarded attorneys' fees and costs include "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresona*, 953 F.3d at 653. The court may also consider "the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant]." *Glacier Films*, 896 F.3d at 1037 (citation and quotation marks omitted).

8

1 Kast discusses two of the discretionary factors: the degree of success obtained and
2 deterrence. Opp'n 16. First, he argues that he prevailed on the issues of direct and vicarious
3 infringement and prevailed in two of his appeals to the Ninth Circuit. According to Kast, Erickson
4 "failed on 2/3 of his complaint and lost two appeals." *Id*. Kast argues that he "should not have to
5 pay attorneys fees for previous charges because he defeated two charges against him[.]" *Id*. This
6 is not an accurate characterization of the degree of success obtained by Erickson in this litigation.
7 Although Erickson did not succeed on the direct or vicarious liability theories of infringement, the
8 Ninth Circuit affirmed the first jury's contributory infringement verdict and remanded the issue of
9 willfulness. *See Erickson I*, 921 F.3d at 829-35. A second jury determined that Kast's
10 contributory infringement was willful and returned a verdict in Erickson's favor on all claims.
11 The Ninth Circuit has recognized that prevailing on the issue of willful infringement "is an
12 important factor favoring an award of fees[.]" *Historical Research v. Cabral*, 80 F.3d 377, 379
13 (9th Cir. 1996). Nevertheless, it is important to acknowledge that the second jury awarded
14 Erickson a total of $45,000 for statutory damages for willful infringement, only one-tenth of the
15 amounts previously awarded and subsequently vacated by the Ninth Circuit. Thus, although
16 Erickson achieved success overall and re-established a finding that Kast acted willfully, the
17 ultimate damage award was limited in comparison to the earlier award. Examining the degree of
18 success obtained, the court finds that this factor tips slightly toward a new fee award.

19 As to whether an award would "advance considerations of compensation and deterrence,"
20 Kast states that "[f]or the court to apply attorney fees as a deterrence is legally and fundamentally
21 unjust and an excessive punitive penalty." Opp'n 16. Not so. The second jury found that Kast
22 engaged in willful infringement. Willful behavior raises a greater concern about future deterrence
23 than mere negligence. An award of attorneys' fees would also further the goal of compensating
24 Erickson for the expenses he incurred in enforcing the copyrights. As Judge Lloyd previously
25 found, "a fee award encourages valid copyright owners, such as Erickson, to protect their works
26 where it might otherwise not be economical to do so." [Docket No. 174 at 4.] The court
27 recognizes that Erickson already received two significant fee awards for work performed in this
28 case. Therefore, considerations of deterrence and compensation weigh somewhat in favor of an

additional fee award.

As to the reasonableness of Kast's factual and legal positions, Erickson notes that the court previously found Kast "ma[de] no attempt to show that his conduct in this litigation, particularly with respect to Erickson's efforts to collect on the judgment, has been reasonable," and that "[t]he record is therefore unrebutted that Kast has taken unreasonable, uncooperative positions on the issue of collection." *See* Mot. 15 (quoting *Erickson III*, 2021 WL 3887797, at *6). Erickson argues that Kast continued to take unreasonable positions on retrial, including filing two unsuccessful motions to change venue and requesting an "innocent infringement" defense at trial even though he had never raised that issue in any of his appeals. *Id*. (citing Docket Nos. 452, 459, 512). Erickson also argues that Kast has never offered credible testimony regarding his awareness of the source of the photos and whether his website was publicly viewable, describing what Erickson characterizes as "blatant inconsistencies" between Kast's testimony and contemporaneous emails. *Id*. at 16-17. Kast does not directly respond to this argument other than generally stating that he "is not extending this litigation; he has the right to defend himself against Erickson['s] . . . spurious allegations." Opp'n 7. While Kast certainly has the right to defend himself in this litigation, a properly-instructed jury has now found him liable for willful copyright infringement, demonstrating that Erickson's allegations are far from "spurious." Kast's appointed counsel in the second trial did not take objectively unreasonable positions. But Kast himself has taken a number of unreasonable positions since the 2023 remand, such as filing motions with little or no legal or factual basis, including motions for intra-district transfer, a motion to withdraw consent to magistrate judge jurisdiction, and multiple motions to stay the judgment pending appeal, all of which were denied, and all of which created the need for Erickson to perform work to oppose them. [*See* Docket Nos. 422, 434, 450, 452, 459, 572.] The court finds that this factor weighs in favor of a third fee award.

The remaining factors do not weigh against a third fee award. Erickson's lawsuit was not frivolous. The first jury found that Kast infringed Erickson's copyrights and the second jury concluded that his infringement was willful, even if it awarded him less than the first jury did in statutory damages. Finally, Erickson's motivations in bringing this lawsuit were to enforce the

10

1  copyrights and recover an award for Kast's infringement, both of which are entirely proper.
2  Kast's description of this lawsuit as "predatory, bad faith litigation" is unsupported and inaccurate.
3  *See* Opp'n 5.

4  Having examined the Section 505 discretionary factors in totality, the court finds that
5  Erickson has established that an additional award of attorneys' fees and costs is appropriate and
6  would further the objectives of the Copyright Act by encouraging the enforcement of copyrights.

### 2. Attorneys' Fees and Costs

The court determines reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 434; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). The requesting party also has the burden to demonstrate that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks and citation omitted). Generally, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citations omitted). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Fee awards calculated under the lodestar method generally are presumed to be reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1208-09 (9th Cir. 2013). At the same time, the court may adjust this figure "if circumstances warrant" in order "to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The court "should . . . exclude from the lodestar fee calculation any hours that were not 'reasonably expended,' such as hours that are excessive, redundant, or otherwise unnecessary."

*Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1281 (N.D. Cal. 2014) (quoting *Hensley*, 461 U.S. at 433-34). In addition, the Ninth Circuit has stated that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Erickson seeks attorneys' fees of $252,401 for work performed since the April 2023 remand following *Erickson IV*. [Docket No. 563 (McCulloch Decl. June 21, 2024) ¶ 11.] Kast does not challenge the reasonableness of the hours billed or the hourly rates requested.

### a. Reasonable Hourly Rate

Erickson seeks fees for work performed by three timekeepers at McCulloch Kleinman Law: attorneys Nathaniel Kleinman and Kevin McCulloch and paralegal Lesly Ayala.

As an associate, Kleinman's hourly rate was $300 in from 2015-2016 and $350 from 2017-2019. In 2020, when he became a partner at the firm, his hourly rate increased to $450. McCulloch Decl. ¶ 6. Kleinman graduated from law school in 2013 and has been practicing intellectual property and copyright law for over seven years. [Docket No. 413 (Kleinman Decl. Sept. 14, 2021) ¶ 7.] McCulloch's hourly rate from 2015-2016 was $550. From 2017-2019, his hourly rate was $600, and since 2020 his hourly rate has been $650. McCulloch Decl. ¶ 5. McCulloch, who is a senior partner, has over 17 years of litigation experience. *Id*. at ¶¶ 1, 3. Ayala is a senior paralegal with over 10 years of experience. From 2015-2016, her hourly rate was $75. Since 2017, her hourly rate has been $120. *Id*. at ¶ 7.

The court approved each timekeeper's current rate in February 2022 as part of the second fee award and again concludes that they are reasonable. [Docket No. 421 at 6.]

### b. Reasonable Number of Hours

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 429). The court may reduce the number of hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id*.

As noted, Erickson seeks attorneys' fees of $252,401 for work performed in connection

with the proceedings on remand following *Erickson IV*. McCulloch Decl. ¶ 11. Erickson submitted detailed time records to support this request. *Id*. at ¶ 10, Ex. 1.

The court has carefully reviewed the time records for this category of work. Given the history of the case, a significant portion of the work performed for the second trial was duplicative of work performed in the earlier phases of the case for which Erickson has already been awarded fees. Moreover, the time records reflect a total of 504.8 hours but are not summarized by timekeeper, making it difficult for the court to discern how many hours were spent by Kleinman or Ayala. *See id.* Kleinman never appeared in court before the undersigned. As a result, the court is unable to assess the role Kleinman played in the case. For these reasons, the court finds it appropriate to reduce the total amount of attorneys' fees sought, $252,401, by 30%. Accordingly, it awards $176,680.70 in attorneys' fees.[5]

### c. Costs

Erickson also seeks an award of $1,376.51 for costs. McCulloch Decl. ¶ 11, Ex. 1. Kast does not dispute the reasonableness of this sum.

The Copyright Act provides that in any civil action for infringement, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. The Copyright Act's reference to "full costs" "covers only the six categories specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 336-37 (2019). The six categories of costs that a court may tax as costs under 17 U.S.C. § 505 are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

[5] The requested amount does not include work on the instant motion for fees and costs. Erickson requests permission to "submit additional records relating to time spent briefing this fee application and any subsequent reply or arguing this Motion . . . or any other work done in this action up to that time[.]" Mot. 18. The request is denied. Erickson did not file a timely reply brief and the court did not conduct a hearing, and Erickson does not explain why counsel did not request fees for work preparing this motion with the motion.

13

>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.[6]

Erickson requests $1,376.51 in costs for photocopying and printing charges for trial materials. McCulloch Decl. Ex. 1 at ECF pp. 25-26. These costs are taxable under 28 U.S.C. § 1920(3) and (4). Accordingly, the court awards Erickson a total of $1,376.51 in costs.

### C. Request for a Time-Delay Adjustment to 2017 Fee Award

Finally, Erickson asks that the court apply a "time-delay adjustment" to the hourly rates approved by Judge Lloyd in 2017. Mot. 8. Specifically, he asks the court to compensate him for the significant delay in the receipt of fees by increasing the amount of the 2017 fee award by 30%, the same percentage increase in McCulloch's hourly rates from 2017 to the present ($500/hour to $650/hour).

"[C]ompensation received several years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283 (1989). "Full compensation requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994). *See Christensen v. Stevedoring Servs. of Am.,* 557 F.3d 1049, 1055-56 (9th Cir. 2009) (noting that a district court may use attorney's current rather than historic hourly rate to compensate for delay in payment); *Anderson v. Director, OWCP*, 91 F.3d 1322, 1324 (9th Cir. 1996) (same). "The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement." *In re Washington*, 19 F.3d at 1305.

---

[6] 28 U.S.C. § 1821 sets forth reimbursement rates for witnesses' "[p]er diem and mileage" expenses.

14

1  Here, Erickson seeks an adjustment of the fees Judge Lloyd awarded in 2017 for work
2  performed from 2011 through 2015. [*See* Docket No. 109-5.] None of the cases he cites support
3  the relief he seeks here, that is, an adjustment to a previous award of fees. Instead, they govern
4  whether the court may apply current attorney fees rates rather than historical rates when evaluating
5  a request for fees in the first instance. *See, e.g., Newton v. Equilon Enters., LLC*, 411 F. Supp. 3d
6  856, 882 (N.D. Cal. 2019) ("it is appropriate for counsel to use their current hourly rates at the
7  time of the fee motion[.]"). In the absence of support for the relief Erickson seeks, the request for
8  an upward adjustment of the 2017 fee award is denied.

## IV. CONCLUSION

For the foregoing reasons, Erickson's motion for an award of attorneys' fees and costs under the Copyright Act is granted in part and denied in part. Erickson is granted $176,680.70 in attorneys' fees and $1,376.51 in costs, for a total of $178,057.21. The court will issue an amended judgment.

**IT IS SO ORDERED.**

Dated: December 6, 2024



Donna M. Ryu
Chief Magistrate Judge