1

2

3

4                                   UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7      ERICKSON PRODUCTIONS INC, et al.,          Case No. 13-cv-05472-DMR

8                    Plaintiffs,

9             v.                                  **ORDER DENYING MOTION TO
                                                  ALTER/AMEND JUDGMENT**

10     KRAIG RUDINGER KAST, et al.,               Re: Dkt. No. 581

11                   Defendants.

12           On December 6, 2024, the court issued an order on Plaintiffs' motion for attorneys' fees

13    and costs following the retrial of the question of willful copyright infringement and determination

14    of statutory damages.  [Docket No. 579 ("Fee Order"); Docket No. 580 (amended judgment)].[1]

15    After weighing the Copyright Act's discretionary factors, the court determined that Plaintiffs are

16    entitled to a supplemental fee award even though the second jury only awarded one-tenth of the

17    amount awarded by the first jury that was subsequently vacated on appeal, and Plaintiffs had

18    already received two significant fee awards for work performed in this case.  [Fee Order at 8-9].

19    After carefully reviewing the time records, the court determined that the number of hours sought

20    by Plaintiffs should be reduced:

21                 Given the history of the case, a significant portion of the work
                   performed for the second trial was duplicative of work performed
22                 in the earlier phases of the case for which Erickson has already
                   been awarded fees.  Moreover, the time records reflect a total of
23                 504.8 hours but are not summarized by timekeeper, making it
                   difficult for the court to discern how many hours were spent by
24                 Kleinman or Ayala.  Kleinman never appeared in court before the
                   undersigned.  As a result, the court is unable to assess the role
25

26

27    ───────────────────────
      [1] Detailed case descriptions are set forth in the February 12, 2021 Order re: Willfulness and
28    Damages Following Remand, the August 26, 2024 Order on Defendant's Post-Trial Motions, and
      the Fee Order.  [Docket Nos. 380, 572, 580].

1
2
3

> Kleinman played in the case.  For these reasons, the court finds it appropriate to reduce the total amount of attorneys' fees sought, $252,401, by 30%.  Accordingly, it awards $176,680.70 in attorneys' fees [for this phase of the case].

4    Fee Order at 13 (citation and footnote omitted).

5           Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs now move to alter or amend

6    the Fee Order and the amended judgment.  [Docket No. 581 ("Mot.")].  Defendant opposes the

7    motion and Plaintiffs filed a reply.  [Docket Nos. 586, 587].  This matter is suitable for

8    determination without oral argument.  Civ. L.R. 7-1(b).  For the following reasons, the motion is

9    denied.

10          "Rule 59(e) permits a district court to reconsider and amend a previous order[.]" *Kona*

11   *Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  However, it is an

12   "extraordinary remedy" which "should not be granted, absent highly unusual circumstances,

13   unless the district court is presented with newly discovered evidence, committed clear error, or if

14   there is an intervening change in the controlling law." *Id.* (citations and internal quotation marks

15   omitted).  "[T]he district court enjoys considerable discretion in granting or denying the motion."

16   *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).

17          On a Rule 59(e) motion, "courts will not address new arguments or evidence that the

18   moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698,

19   1703 (2020) (citations omitted); *accord Kona*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be

20   used to raise arguments or present evidence for the first time when they could reasonably have

21   been raised earlier in the litigation.").  However, "[a] Rule 59(e) amendment may be particularly

22   appropriate where . . . the amendment reflects the purely clerical task of incorporating undisputed

23   facts into the judgment." *Allstate*, 634 F.3d at 1111 (citation omitted).

24          A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

25   Fed. R. Civ. P. 59(e).  A district court "[has] no power to extend the time for filing a Rule 59(e)

26   motion." *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993) (citation omitted).  Here,

27   Plaintiffs filed their motion within the 28-day period.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiffs do not provide newly discovered evidence[2] nor do they point to an intervening

2    change in the controlling law. As such, Plaintiffs must establish that the court "committed clear

3    error." *Kona*, 229 F.3d at 890. Plaintiffs argue that the court's 30% reduction was clearly

4    erroneous because "none of the work performed on remand was duplicative [of work for the first

5    trial]," and because Kleinman's work was "substantial and necessary." [Mot. at 4-8]. These

6    arguments are nothing more than disagreements with the Fee Order. This court has presided over

7    this matter since June 2019 and has had ample opportunity to review the record from the original

8    trial – first, to issue its Order re: Willfulness and Damages Following Remand [Docket No. 380],

9    and then to preside over the second trial after a second remand. As such, the court is in a strong

10   position to assess the overall reasonableness of the requested fees. *See Chalmers v. City of Los*

11   *Angeles*, 796 F.2d 1205, 1211 (9th Cir.1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir.

12   1987) ("The district court is in the best position to determine in the first instance the number of

13   hours reasonably expended in furtherance of the successful aspects of a litigation and the amount

14   which would reasonably compensate the attorney."); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th

15   Cir. 2011) ("The district court is in the best position to discern what work was unnecessary . . . .")

16        Plaintiffs' Rule 59(e) motion is denied.

17

18        **IT IS SO ORDERED.**

19   Dated: April 8, 2025

20   _____
                                       Donna M. Ryu
21                                     Chief Magistrate Judge

22

23

24

25

26   _____
     [2] Plaintiffs submitted a new set of time records that are organized differently than the records they
27   filed with their original fee motion. This is not "new evidence," and amounts to an improper
     attempt at a do-over. Plaintiffs could and should have made their best evidentiary presentation in
28   the original fee motion. For this reason, the court declines to consider Plaintiffs' revamped time
     records.

3