UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRAIG RUDINGER KAST, et al.,<br><br>Defendants. | Case No. 13-cv-05472-DMR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL POST-JUDGMENT DISCOVERY**<br><br>Re: Dkt. No. 596 |

Plaintiffs Erickson Productions, Inc. and Jim Erickson (together, "Erickson") move to compel Defendant Kraig Kast to produce documents in response to Erickson's post-judgment discovery requests. [Docket No. 596 (Mot.).] Kast filed an opposition (Docket No. 601 (Opp'n)), and Erickson filed a reply (Docket No. 603 (Reply)). The court finds this matter suitable for disposition without oral argument. Civ. L.R. 7-1(b). Having considered the parties' arguments, the relevant legal authority, and the record in this matter, the court grants Erickson's motion.

## I.    BACKGROUND

### A.    Procedural History

The court's prior orders set forth a detailed factual background of this copyright infringement matter. [Docket Nos. 380, 572, 579.] As is relevant here, in April 2015, a jury found that Kast vicariously and contributorily infringed Erickson's copyrights, found that such infringement was willful, and awarded Erickson a total of $450,000 in statutory damages. [Docket No. 107.] In August 2017, the presiding judge at the time, the Honorable Howard R. Lloyd, awarded Erickson $182,961.00 in attorneys' fees and $3,225.58 in costs, and amended the judgment to add as judgment debtors Warren Craig Rudinger; Kraig Kast, Trustee of the Black Oak Trust (a/k/a Kraig Kast, Trustee of The Black Oak Trust, dated March 11, 1995); Atherton Trust; Atherton & Associates;

1    Atherton Insurance Services; The Atherton Company; Atherton Investment Advisors; and CB Real
2    Estate Wealth (collectively, the "Judgment Debtors"). [Docket No. 242.] The amended judgment
3    was for $636,186.58 plus post-judgment interest from August 19, 2015, which represented $450,000
4    in damages awarded by the jury, $182,961.00 in attorneys' fees, and $3,225.58 in costs. [Docket
5    Nos. 243, 246.]

Kast filed two appeals. In the first appeal, the Ninth Circuit affirmed the jury's contributory liability verdict, but reversed the finding of willfulness. *Erickson Prods., Inc. v. Kast* ("*Erickson I*"), 921 F.3d 822, 828 (9th Cir. 2019). In the second appeal, the Ninth Circuit affirmed the court's October 2017 order granting in part Erickson's motion to amend the judgment. *Erickson Prods., Inc. v. Kast* ("*Erickson II*"), 769 F. App'x 482 (9th Cir. 2019). The Ninth Circuit also awarded attorneys' fees to Erickson for *Erickson II* and referred the determination of the amount of fees to the Appellate Commissioner, who awarded Erickson $13,955. [Docket No. 384-4.]

In June 2019, the matter was reassigned to the undersigned upon Judge Lloyd's retirement. [Docket No. 351.] The parties briefed the issues of willful infringement and the amount of statutory damages that should be awarded if the evidence did not support a finding of willfulness. [Docket Nos. 372-376.] In February 2021, the court ruled that the evidence supported a finding of willfulness and awarded Erickson $450,000 in statutory damages, representing $150,000 per photo, and entered judgment in Erickson's favor for that amount. [Docket No. 380.] Kast appealed. [Docket No. 387.]

While the appeal was pending, Erickson moved for attorneys' fees and costs. [Docket No. 382.] The court awarded Erickson $153,231.00 in attorneys' fees and $1,949.16 in costs. [Docket Nos. 410, 421.]

The Ninth Circuit reversed the February 12, 2021 judgment awarding Erickson $450,000 in statutory damages for Kast's willful copyright infringement and remanded the case for a jury trial on the issues of willfulness and statutory damages. *Erickson Prods., Inc. v. Kast* ("*Erickson III*"), No. 21-15459, 2023 WL 2783243, at *2 (9th Cir. Apr. 5, 2023).

On April 24, 2024, the jury awarded Erickson $15,000 in statutory damages for willful infringement for each photo under 17 U.S.C. § 504(c)(2), for a total of $45,000 in statutory damages.

United States District Court
Northern District of California

1  [Docket No. 537.]  The court entered judgment on May 24, 2024.  [Docket No. 549.]  On
2  December 6, 2024, the court awarded Erickson $176,680.70 in attorneys' fees and $1,376.51 in
3  costs, for a total of $178,057.21.  [Docket No. 579.]  The court entered an amended judgment in
4  favor of Erickson and against Kast, and awarding Erickson $45,000 plus post-judgment interest
5  pursuant to 28 U.S.C. § 1961, $512,872.70 in attorneys' fees, and $6,551.25 in costs pursuant to
6  17 U.S.C. § 505.  [Docket No. 580.]  In total, the court awarded Erickson $564,423.95.  *Id.*

### B. Post-Judgment Discovery

On July 22, 2024, Erickson served Kast with requests for production ("RFPs").  [Docket No. 597 (Kleinman Decl.) ¶ 2; Docket No. 597-1 (RFPs).]  Kast served his objections and responses to the RFPs on August 22, 2024.  [Kleinman Decl. ¶ 3; Docket No. 597-2 (RFP Resp.).]  Kast's response begins with argument regarding the allegedly overly burdensome nature of the RFPs, asserts that Erickson did not meet and confer with him prior to serving the RFPs, argues the RFPs violate the court's order limiting discovery, and contends there is a "genuine dispute . . . as to material facts in the $45,000 willfulness judgment."  RFP Resp. at 1-2.  Then, in response to each of the 46 RFPs, Kast responded with the following: "Requested documents were previously provided to plaintiffs' attorneys or plaintiff's attorneys received them from their previous subpoenas and discovery demands.  The request is overly broad, costly, burdensome, excessive, time consuming and irrelevant."  *Id.* at 3-7.

On March 6, 2025, Erickson filed a unilateral discovery letter outlining post-judgment discovery disputes and seeking leave to file a motion to compel post-judgment discovery.  [Docket No. 588.]  After ordering Kast to file a response to Erickson's letter (Docket Nos. 589, 592), the court granted Erickson's request (Docket No. 595).  This motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."  Courts "recognize[] that the scope of post-judgment discovery is broad."  *In re PersonalWeb Techs., LLC*, No. 18-MD-02834-BLF (SVK), 2023 WL 3510391, at *2 (N.D. Cal. May 16, 2023) (citing *JW*

3

*Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 (N.D. Cal. 2021)); *see Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, but a judgment creditor is *entitled* to fish for assets of the judgment debtor.") (cleaned up; emphasis in original); *Warner Bros. Int'l Television Distribution v. Golden Channels & Co.*, No. CV 02 - 09326 MMM (SHSx), 2005 WL 8162980, at *2 (C.D. Cal. Mar. 14, 2005) ("[T]he scope of post-judgment discovery is broad, enabling judgment creditors to seek discovery of both current assets and past financial transactions that could lead to the existence of fraudulently concealed or fraudulently conveyed assets.") (cleaned up). "Even so, there are real limits to this discovery based on proportionality, harassment, and whether the discover is reasonably calculated to lead to relevant information." *JW Gaming Dev.*, 544 F. Supp. 3d at 926.

### III.     DISCUSSION

#### A.     Erickson's Requests for Production

The court finds that Erickson's RFPs are proper. The RFPs seek documents identifying assets, financial accounts, businesses, safe deposit boxes, securities over which the Judgment Debtors have control (RFP Nos. 1-5, 25, 32-33, 44-45); statements for, and documents related to the opening, closing, or transfer or, financial accounts which are in the Judgment Debtors' possession or control (RFP Nos. 6-13, 43); documents related to the Judgment Debtors' sale, purchase, lease, rental, or transfer of real estate or real property (RFP Nos. 14-15, 20-23, 34, 42); the Judgment Debtors' tax returns, filings, and other forms (RFP Nos. 17-19, 27-30, 41); documents relating to any debts owed to or by Kast to third parties (RFP Nos. 24, 38); documents related to the transfer of assets or monies amongst the Judgment Debtors (RFP No. 26); and documents relating to sources of income or revenue earned by the Judgment Debtors (RFP Nos. 35-37, 39-40, 46).

These types of documents are relevant to Erickson's ability to identify sources of income and assets that may be used to satisfy the judgment. *See A&F Bahamas, LLC v. World Venture Grp., Inc.*, No. CV 17-8523 VAP (SS), 2018 WL 5961297, at *2 (C.D. Cal. Oct. 19, 2018) ("The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets.") (citations omitted). The requested

4

discovery is particularly relevant in light of Judge Lloyd's finding that "it appears that Kast has used the purported conveyances to the Baker/Black Oak Trust as a ruse to avoid payment of the judgment as to Erickson." [Docket No. 243 at 18; *see id.* at 7-18 (summarizing amendments to and transfers of property to the Black Oak Trust).] As the record indicates Kast has taken steps in the past to hide his assets, Erickson is entitled to documents to ascertain the assets each Judgment Debtor holds, as well as whether and when any transfers took place.

Erickson also submits evidence that Kast has control over the accounts that are the subject of this discovery. *See also Nugent v. Secretlab US, Inc.*, No. 22-CV-08944-RFL (PHK), 2024 WL 4331812, at *5 (N.D. Cal. Sept. 27, 2024) (citation omitted) ("A party seeking production of documents bears the burden of establishing the opposing party's control over those documents.") (citing *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)). "Under Rule 34, the scope of possession, custody, and control is construed broadly." *Id.* at *4 (citation omitted). "'Control is defined as the legal right to obtain documents upon demand.'" *uSens, Inc. v. Shi*, No. 18-CV-01959-SVK, 2019 WL 13201984, at *2 (N.D. Cal. Apr. 24, 2019) (quoting *Int'l Union*, 870 F.2d at 1452). "Documents not actually possessed by the requested party may be considered within its control if the party has the legal right to obtain the documents on demand." *Nugent*, 2024 WL 4331812, at *4 (cleaned up).

Specifically, Erickson offers bank statements for the Black Oak Trust that identify Kast as the trustee[1], checks that list Black Oak Trust or "Warren C. Rudinger" as the payor with what appears to be Kast's signature, and account statements for the Black Oak Trust that list Kast as the power of attorney. [Docket No. 597-4.] It thus appears that Kast has control over the accounts at issue and can obtain the requested discovery.

Kast's contentions that "he doesn't have the documents [Erickson] demanded in his possession" and "has never had online access to any of the accounts [Erickson] names in his

---

[1] Kast previously represented to the court that "he resigned as trustee of the Black Oak Trust on December 31, 2015 (several months after judgment was entered here), and that Baker became the successor trustee." [Docket No. 243 at 10 (citing Docket No. 196 (12/16/16 Kast Decl.) ¶ 15 & Exs. 6-7).] This assertion is contradicted by a First National Bank of Northern California account statement dated November 23, 2016 for the "The Black Oak Tr" and which states "Kraig Rudinger Kast Trustee." [Docket No. 597-4.]

discovery" (Opp'n at 3) do not justify his refusal to produce. Even if documents are not currently in his physical possession, Kast has not demonstrated that he cannot obtain them. For instance, even if he "has never had online access to any of the accounts" (*id.*), he could, for instance, call or visit the financial institution to obtain account statements.

None of Kast's remaining arguments are persuasive. Kast cites the fact that "Wells Fargo told Kast eight years ago that he would have to pay $5 for each bank statement they produced." Opp'n at 3. This does not show that the RFPs are unduly burdensome. It is unclear whether Wells Fargo still charges a $5 fee per statement today. Even if there is a fee, nothing in the record supports a finding that the financial burden on Kast is excessive. There is no indication of how many statements might be at issue, so as to allow the court to assess what Kast's total expense for obtaining them would be.

Kast's assertion that Erickson can simply subpoena the banks (*id.* at 3) is also unavailing. It is proper for Erickson to obtain documents from Kast, as a party to this action, before serving subpoenas on non-parties. *See In re Subpoena to Apple Inc.*, No. 14-cv-80139-LHK-PSG, 2014 WL 2798863, at *3 (N.D. Cal. June 19, 2014) ("Without considering whether these communications are sufficiently relevant and necessary, the burden on Apple is unwarranted because the documents requested are also in the possession of SKI, the defendant in the underlying case. There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.") (cleaned up).

Similarly, Kast's contention that Erickson can obtain the requested documents from public sources (Opp'n at 3) is nonsensical. For instance, bank statements, lease and rental agreements, and tax returns and forms are not publicly available, and Erickson is well within its right to request them from Kast.

The fact that this court referred Kast to the Pro Bono Project in 2023 and that Ninth Circuit appointed Kast pro bono counsel in 2021 does not make the RFPs irrelevant, as Kast contends. *See* Opp'n at 4; Docket No. 463; *Erickson III*, Docket No. 8. Erickson did not have access to the information Kast used to obtain pro bono representation. It is also possible that Kast's financial circumstances have changed. In any event, Erickson is entitled to discovery about Kast's finances,

6

1    including his current financial picture.  For this reason, too, the court rejects Kast's contention that
2    the RFPs are cumulative and duplicative.  *See* Opp'n at 6-7.
3         Finally, Kast asserts the same, boilerplate objections to each of the 46 RFPs. [Docket
4    No. 597-2 at 3-7.]  This is improper and not a basis to withhold documents.  *See Maquiz v. BMW of*
5    *N. Am., LLC*, No. 23-CV-00335-JGB-SHK, 2024 WL 3915069, at *5 (C.D. Cal. July 11, 2024)
6    ("After reviewing Defendant's responses to the RFPs Set Two, the Court agrees that the objections
7    appear to be copy-pasted from one response to another. . . . Boilerplate objections are insufficient
8    responses to preclude disclosure of documents, and as such, are overruled.") (cleaned up);
9    *Moneyham v. United States*, No. EDCV 17-329-JVS (KK), 2019 WL 4137612, at *2 (C.D. Cal.
10   June 12, 2019) ("General or boilerplate objections such as 'overly burdensome and harassing' are
11   improper – especially when a party fails to submit any evidentiary declarations supporting such
12   objections.") (cleaned up).
13        In sum, Erickson has demonstrated that the requested discovery is relevant to these post-
14   judgment proceedings, and nothing in the record supports that the discovery is unduly burdensome
15   or harassing.

### B.    Kast's Requests

In his opposition, Kast makes a number of requests, including to reconsider prior orders, for a temporary restraining order ("TRO"), for sanctions, and for discovery on Erickson and its counsel. The court denies each of these requests.

#### 1.    Reconsideration of Stay

The court denies Kast's request for reconsideration of the orders on his motion to stay discovery, motion to stay judgment pending appeal, and motion to stay the attorney fee award.[2] Opp'n at 4.  As a preliminary matter, Kast did not file motions to stay imposition of attorneys' fees or post-judgment discovery.  Neither Kast's opposition to Erickson's motion for attorneys' fees nor

---

[2] Kast's request is also procedurally improper, as Civil Local Rule 7-9 requires the moving party to first seek leave to file a motion for reconsideration.  *See also* Civ. L.R. 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

7

1    his response to the Erickson's letter seeking leave to file the instant motion, requested or even
2    mentioned a stay. [*See* Docket Nos. 565, 591.] Accordingly, there is nothing to reconsider.

3          As to the order denying Kast's motion to stay the judgment (Docket No. 575), Kast makes
4    no attempt to show that any of the grounds for reconsideration apply here. *See* Opp'n at 4-5; Civ.
5    L.R. 7-9(b)(1)-(3) ("The moving party must specifically show reasonable diligence in bringing the
6    motion and one of the following: (1) . . . [A] material difference in fact or law exists from that which
7    was presented to the Court before entry of the interlocutory order for which reconsideration is
8    sought . . . (2) The emergence of new material facts or a change of law occurring after the time of
9    such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal
10   arguments which were presented to the Court before such interlocutory order.").

11         Kast also has not been diligent in making his request. "Courts in this District have found
12   reasonable diligence lacking where a party failed to move for leave to file until a month or longer
13   after the order for which reconsideration was sought." *Michelle K. v. Cnty. of Sonoma*, No. 22-CV-
14   01202-AMO, 2025 WL 2323361, at *1 (N.D. Cal. Aug. 11, 2025) (collecting cases). The court
15   denied Kast's motion to stay the judgment on October 8, 2024, more than seven months before Kast
16   made his request (Docket No. 575), and Kast does not explain his delay. Under these circumstances,
17   the court also finds that Kast was not diligent in seeking reconsideration.

18         **2.    TRO**
19         The court denies Kast's request for a TRO. Opp'n at 7.
20         "The standard for issuing a temporary restraining order is identical to the standard for issuing
21   a preliminary injunction." *UnifySCC v. Cody*, No. 22-CV-01019-BLF, 2022 WL 686310, at *1
22   (N.D. Cal. Mar. 8, 2022) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d
23   832, 839 n.7 (9th Cir. 2001); additional citation omitted). To obtain a TRO, the moving party must
24   show "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in
25   the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an
26   injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).
27         Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions for discovery
28   violations, including a party's failure to obey a court order to provide or permit discovery. Fed. R.

8

Civ. P. 37(b)(2)(A). Such sanctions may include ordering a party to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C). A court may also dismiss an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v).

Kast makes no attempt to show that any of these requirements exist here. Moreover, as set forth in this order, the court finds that Erickson's RFPs are proper and nothing in the record supports that they were served for the purpose of harassing Kast. In addition, nothing in the correspondence or other documents submitted to the court indicates that Erickson or its counsel engaged in "threats, lies, [or] insinuations" (Opp'n at 2).

### 3. Sanctions

The court denies Kast's request for sanctions against Erickson's counsel. Opp'n at 7-8. "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. As stated above, nothing in the record shows that Erickson's counsel has engaged in any such conduct to warrant sanctions.

### 4. Discovery on Erickson

The court denies Kast's request to conduct discovery on Erickson and its counsel. Opp'n at 8. "Kast seeks discovery of McCulloch and Erickson's legal and financial relationship for his appeal, because it is Kast's defense [in the Ninth Circuit] against the excessive judgement and attorney fees awarded by the court." *Id.*

Kast repeatedly has raised this argument in prior filings. [*See* Docket Nos. 588, 590, 591.] As the court explained, "Kast does not articulate any legal basis that would allow him to seek the requested fee related discovery at this late juncture." [Docket No. 594 at 1.] Kast again cites no legal basis to compel such discovery, nor does he present any new facts or arguments to justify relitigating the issue or revisiting the court's prior order.

## IV. CONCLUSION

For the reasons stated above, the court grants Erickson's motion. Kast shall serve supplemental, substantive responses to Erickson's RFPs by September 19, 2025 and shall produce

documents by October 17, 2025.

**IT IS SO ORDERED.**

Dated: September 5, 2025

_____
Donna M. Ryu
Chief Magistrate Judge